**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

MAR 2 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Brian L. Brown SR. )
Fed No. 05937-010 USP-Allenwood )
P.O. Box 3000 )
White Deer, PA 17887 )
(Enter your full name, prison number
and address)

v.

Federal Bureau of Prisons ) et al
National Directors office of, )
Harvy Lappin )
_____ )
(Enter the full name and address(es),
if know, of the defendant(s) in this
action)

Case: 1:08-cv-00501
Assigned To : Leon, Richard J.
Assign. Date : 3/24/2008
Description: FOIA/Privacy Act

*FILED ACTION*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
Privacy Act 5 USC 552a (g) Claim

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $350.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court <u>must</u> access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

    (1)    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

**RECEIVED**

FEB 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

I.     SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.    PREVIOUS LAWSUITS

A.     Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?     Yes (  )     No (X)  Privacy Act Claim - No

B.     Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes (X)     No (  )

C.     If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.     Parties to this previous lawsuit.

Plaintiffs: Arney vs. Southwestern Bell Telephone Co. et,al

Defendants: _____

_____

2.     Court (If federal court, please name the district; if state court name the county.)
U.S. District Court, District of KS

3.     Docket number: 3:95 CV 3036

4.     Name of judge to whom case was assigned: Sr. Judge Dale E. Staffels

# I (B) Previous Lawsuits Continued

1. Approximate Date Of Filing Law Suit : Jan 8, 2002
2. Parties to previous lawsuits

   Plaintiff - Brian L. Brown                                    42 USC 1983

   Defendant - Warden Larry Cauley et, al
3. Court - W.D. Ark        4. Docket No: 4:02 CV 4008
5. Name of Judge - Harry F. Barns, district Judge
6. Disposition - Dismissed     7. Date of Disposition: May 23, 2003

1. Approximate Date of Filing : March 6, 2002
2. Parties to previous lawsuit :

   Plaintiff : Brian L. Brown                          Civil

   Defendant : Sheriff Danny Russel et, al
3. Court - W.D. Ark          4. Docket No. 4:02 CV 4036
6. Disposition - Dismissed        5. Judge : Harry F. Barns, district Judge
7. Date of disposition - March 25, 2002.

1. Approximate Date of filing : 2004
2. Parties to lawsuit

   Plaintiff - Brian L. Brown                       Habeas Corpus

   Defendant - N.L. Conner, Warden
3. Court : US D. KS          4. Docket No: 5:04 CV 3359
5. Name of Judge : Richard D. Rodgers, district Judge
6. Disposition - Dismissed - Wrong Court  7. Date of Disposition  2004

# I. (B) Previous Law Suits - Continued

1. Approximate date of filing law suit  March 6, 2006

2. Parties to previous law suit

      Plaintiff - Brian L. Brown               Prisoner Complaint 1331

      Defendant - Don Narvais

3. Court - US WD OLK          4. Docket No: 5:06 CV 00 228

5. Name of Judge: Stephen P. Friot, district Judge

6. Disposition: Appealing    Date of Disposition: Active

---

1. Approximate date of filing law suit  Jan 12, 2006

2. Parties to Previous lawsuit

      Plaintiff - Brian L. Brown               Prisoner Complaint

      Defendant - Michael K. Nalley et, al

3. Court - US D. Co          4. Docket No: 1:06 CV 0047

5. Name of Judge: Ms Marcia S. Krieger, US. Dist. Judge

6. Disposition: Active    Date of Disposition: Active

---

1. Approximate date of filing law suit - July 13, 2004

2. Parties to previous lawsuits

      Plaintiff - Brian L. Brown             Habeas Corpus / Prisoner Complaint

      Defendant - Michael Eardley et, al

5. Name of Judge: John L. Lunstrum, Chief Judge

3. Court: US. D. KS          4. Docket No. 5:04 CV 3216

2-2

I. (B) Previous Law Suits - Continued

1. Approximate date of filing law suit - Jan 3, 06

2. Parties to previous law suits

    Plaintiff - Brian L Brown          Prisoner Complaint/

    Defendant - Michael Grey et al

3. Court - U.S. D KS    4. Docket No - 5:06 CV 03003

5. Name of Judge : J. Thomas Marten , US. Dist-Judge

6. Disposition : Active    Date of Disposition : Active

1. Approximate date of filing law suit - 8-18-2005

2. Parties to Previous Suit

    Plaintiff - Brian L. Brown        Habeas Corpus

    Defendant - A.A. Rios , Warden

3. Court - US. Dis Co    4. Docket No. 1:05 CV 01603

5. Name of Judge - Boyd N. Boyland, U.S. Magistrate

6. Disposition - Denied/Dismissed    7. Date of Dismissal - 4-4-06

1. Approximate date of filing law suit - ~~10-10-2000~~ 3-06-2006

2. Parties to Previous Suits

    Plaintiff - Brian L. Brown        Habeas Corpus

    Defendant - Warden , USP-H FLP

3. Court - U.S. D. KS    4. Docket No. 1:05 CV 3069

5. Name Of Judge - Richard D. Rogers, Sen. US. Dist-Judge

6. Disposition - Denied/Dismissed    7. Date of Dismissal - 3-28-2006

2 - 3

I. (B) Previous Lawsuits -Continued

1. Approximate of filing law suit - 1-5-06
2. Parties to previous law suit                    Tort Claim Action

    Plaintiff - Brian L. Brown
    Defendant - USA

3. Court - U.S. Fed. Claims      4. Docket No. 06-460-C
5. Name of Judge - Christine Miller
6. Disposition - Transfer      7. Date of Dismissal - Transfer

1. Approximate date of filing law suit - 4-6-2007
2. Parties to previous law suit                    Tort Claim Action

    Plaintiff - Brian L. Brown
    Defendant - USA

3. Court - U.S.D.Co.      4. Docket No. 5:07 CV 0717
5. Name of Judge - Hon Ms Marcia S. Krieger
6. Date of Disposition: Active Case      7. Disposition: Active

1. Approximate date of filing law suit - May 2007
2. Parties to previous lawsuit

    Plaintiff - Brian L. Brown                    Prisoner Complaint
    Defendant - Federal Bureau of Prisons, et-al.

3. Court - U.S. ND Tex      4. Docket No. 3:07 CV 00543
5. Name of Judge : David C Godby, U.S. Dist Judge.
6. Disposition : Appeal Active      7. Disposition - Active

2-4

<u>I. (B) Previous Lawsuits - Cont</u>

1. Approximate date of filing lawsuit - <u>July 11, 2007</u>

2. Parties to previous law suits

    Plaintiff - <u>Brian L. Brown</u>        Prisoner - Complaint

    Defendant - <u>Michael W. Goarett, et. al</u>

3. Court - <u>US M.D. FL.</u>    4. Docket No. <u>5:07 CV 00281</u>

5. Name of Judge - <u>Sn William Terrell Hodges</u>, US.S Dist. Judge

6. Disposition - <u>Active - Appeal</u>    7. Date of Disposition - <u>Active</u>

1. Approximate date of filing lawsuit - <u>January 7, 2008</u>

2. Parties to lawsuite

    Plaintiff - <u>Brian L. Brown</u>        Prisoner Complaint

    Defendant - <u>Romulo Armendariz</u> et al

3. Court - <u>US. NO Tex</u>    4. Docket No. <u>3:07 - CU - 2154</u>

5. Name of Judge - <u>Not Yet assigned</u>

6. Deposition - <u>Active</u>    7. Date of Disposition - <u>Active</u>

5.   Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _My request to Interveanor was denied._

6.   Approximate date of filing lawsuit: _January 26, 1996_

7.   Approximate date of disposition: _July 30, 1996_

## III.   PLACE OF CONFINEMENT

_The Federal Bureau of Prisons, USP-High Allenwood Penitentiary, White Deer PA, 17887-3000_

A.   Is there a prisoner grievance procedure in this institution? Yes (X)     No ( )
If your answer is Yes, go to Question III B. If your answer is No, skip Questions III, B, C and D and go to Question III E.

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes (X)     No ( )

C.   If your answer is Yes to Question III B:

1.   To whom and when did you complain? _Ms. Alexandra - assigned Counsler 9-1-06 (earlier)._

2.   Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)     Yes (X)     No ( )

3.   What, if any, response did you receive? (Furnish copy of response, if in writing.) _See attached Informal Resolution_

4.   What happened as a result of your complaint? _denied._

D.   If your answer is No to Question III B, explain why not. _N/A_

E.   If there is no prison grievance procedure in the institution, did you complain to prison authorities?     Yes (X)     No ( )   _N/A_

F.   If your answer is Yes to Question III E;

1.   To whom and when did you complain? _____

Page 3

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes (X)    No (  )

3. What, if any response did you receive? (Furnish copy of response, if in writing.)
Denied

4. What happened as a result of your complaint?    Denied    Nothing

## IV. PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of Plaintiff: Brian L. Brown, 08937-060, P.O. Box 3000,
Address: US Allenwood Penitentiary, White Deer PA 17887-3000

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B. Defendant: Federal Bureau of Prisons, National Director, Agency, Harry
Lappis, at 320 First Street NW, Washington DC 20534
Address: "Office of National Director"

*Suit is For "Agencys" only - names are only for addresses. Agncy Suit only In Agency Capacity no individual Capacity*

Defendant: G. Maldonado JR, Regional Director For Agency of -
South Central Regional Office, Federal Bureau of Prisons

Address: 4211 Cedar Springs Road, Suite 300, Dallas Tx
75219.

Defendant: T.C. Outlaw, Warden For Agency of
United States Penitentiary High Security, Beaumont
Federal Bureau of Prisons
Address: P.O. Box 1000 C/o Legal Agency,
Beaumont, Texas

Defendant: "John Doe, Director For Agency of Federal Bureau of Prisons
Designation And Computation Center"

Address: U.S. Arm Forces Reserve Complex, 346 Marine Forces Dr.
Grand Prarie, Tx 75051

## V. STATEMENT OF CLAIM

Page 4

IV   Parties-Cont.

    B.  Michael K. Nalley  Regional Director  For Agency
      The North Central Regional Office., Federal Bureau of Prisons
      Gateway Tower Complex, Tower II 8th floor
      400 State Ave
      Kansas City, Ks  66101

4-1

State here briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets, if necessary.

This is a Claim pursuant to the "Privacy Act" of 5 USC 552a (g),
Whereas, the Agency, The Federal Bureau of Prisons, failed to maintain accurate records, and that the Federal Bureau of Prisons, did so intentionally and willfully, and consequently, that an adverse determination was made, respecting the plaintiff, and personal serious injury was a result.                              (See Attached)

**VI.    RELIEF**

State briefly exactly what you want the Court to do for you.

" See Attached Pages.

Signed this _22nd_ day of _Jan_ , _2008_ .

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_Jan 22, 2008_
(Date)

_____
(Signature of Plaintiff)

Page 5

V. Statement Of Claim- Cont

## Factual Allegations

### Chronological History

1. On December 19, 2003, Brian L. Brown, ("Brown"), was almost killed in a attack, while incarcerated at the United States Penitentiary of Leavenworth, Kansas ("USP Leavenworth"), "Brown" was attacked by a group of "Gang tied prisoners", although only 5 prisoners were invclued they all were members of white gangs, allowed to maintain there club by the Federal Bureau Of Prisons ("Fed BOP."). While in "Leavenworth USP", Newly discovered information, that was formally believed, those "white gang" members acted at the discression of stuff members. See [ US. D. KS. 06-CU-3003 for details]. In the nearly deadly attack, "Brown" was knocked unconscious, by "White Gangs" using a heavy iron paper/towl rack, and stabbed multiple times through-out, his head, neck, and chest area. "Brown" was hospitalized because of his injuries.

5-2

*V. Statement Of Claims - Cont*

Subsequently, the Executive Staff (warden), deemed "USP Leavenworth", as unsafe, and that "Brown's" presents at "USP Leavenworth", or around its "prisoners" and as a result, "Brown" was transferred to United States Penitentiary- High Security of Florence Colorado, ("USP-H Florence"), upon an intraregional transfer · <u>See</u> [Exibit <u>A</u> at "A"].

2. <u>Claim</u> - Upon information and belief, due to "Brown's", safety he was transferred from "USP Leavenworth", as Staff Claims, they Could (or would) not verrify who did the attack [and] the issue of "Brown's" Conviction, was suspected as reason why Brown was attacked. They had documented proff of reason why transfer had taken place, including what specific gang members would due, if discovery of "Brown's" Conviction, would do, ~~Operating~~ Operating gangs were, "DWB" (Dirty White Boys), "ARM" (Arian Resistance Movement) "Odumus", Tex, Oak, Cal, "AB" (arian brotherhood), "88" (Eighty - Eights), Hells Angels

V. Statement Of Claims - Cont

3. Then on 12-20-04, "Brown was transfered from "USP Leavenworth" to "USP-H Florence", arriving on January 6, 2005. See [Exibit A, at "B"]. a lawsuit is Currently active over staff assult. See [Brown v. Nalley 06 CV 47, of US.D.Col]. On or about June 8, 2006, the "Fed BOP" determined that "Browns" safety is being threatened, and he needed transfered as his safety was threatened, from Specific and Unknown, prisoners housed at "USP-H Florence".

4. Claim - Upon information and belief, due to "Browns" safety, he was transfered from "USP-H Florence Co", While there on February 8, 2005, "Brown" was attacked, at the directive of a "active Califorina Arian Brotherhood (Self-Claimed) gang member, who also was at "USP-Leavenworth", at the time he was attacked in 2003. Gangs that operated at USP-H Florence "DWB", "Tex-AB", "ARM", "Skin Heads", "Cal-AB's", NLR. "Natzi Lows Riders".

5 - 4

· V. Statement of Claims - Cont

5. Then on June 8, 2006, Brown arrived at United States Penitentiary Pollock, Louisiana ("USP Pollock"). See [Exibit A at C]. Upon arrival, and due to quick action by SIS (Security Investigation Specilest), Brown was placed in Special Housing Unit ("SHU") awaiting a Captains review. Then on June 12, 2006, Brown was told he would be safe and could go to Compound. On June 13, 2006, Brown was arrested and placed back in Special Housing Unit, as his life was deemed threatened.

6. Upon information and belief, due to "Browns" safety, by a direct threat by former non gang "USP Leavenworth" prisoners, and from "Current" gang members, a request was placed into South (SCRO) Central Regional Office, and The Designation And Computation Center of Texas. that the non gang members, were former Leavenworth prisoners, previously seperated from, and the current gangs were

5-5

V. Statement of Claims- Cont

6- Cont - Arian Circle (AC) , and "Tex- AB", and "Skin Head",

and Hell's Angels, that with assistance by a list from staff and

Contacts by gangs thru prison channels, "Brown" life was deemed extremely

unsafe , and a request for transfer was made.

7. Then on or about August 23, 2006 ,"Brown" just 60+ days,

Was transfered to a "Higher" Security facility , and the "most" dangerous

a inter-regional transfer , to (USP- H Beaumont) United States Penitentiary

High Security , Beaumont , Texas.

Current Claims

8. Claim - Upon information and belief , On August 24, 2006 , The

Federal Bureau of Prisons , "Staff", by and thru Federal Officer Swine (SIS),

Federal Officer Skinner , Federal Officer Ranusso SIS , refused to

Maintain "gang" Separations , from previous facilities.

5-6

V Statement of Claims - Cont

11. Upon information and belief, The Federal Bureau of Prisons, intentionally falsified evidence, or intentionally falsified Seperations, and the truth, of such information can be easily found, by simple information found in transfer Memorandums, that are public information.

12. Upon information and belief, The Federal Bureau of Prisons, is publically aware of "Browns", Convictions, see [U.S. v. Brown 330 F.3d 1070 (8th 2003).]

13. Upon information and belief, The Federal Bureau of Prisons, is aware this places "Brown", in a class of Prisoners that is subjectly assulted and killed, by most populations, especially the gang populations.

14. Upon information and belief, The Federal Bureau of Prisons, is subjectly aware, that most if not all the Prisons, have gang elements, that are allowed to control race based populations.

5-7

V. Statement of Claims - Cont

15. That Upon information and belief, The Federal Bureau , by and

through its Agency's , of the following but not limited to , Central Office

(washington DC National Director), North Central Regional Office , South

Central Regional Office , "USP-Leavenworth" , "USP-H" Florence, "USP

Pollock", "USP-H Beaumont" , (herinafter Collectively as "Fed BOP")

are duly aware of the truth underlying the challenged statements

and information , and each and every agency , is clearly able

to verrify and have proven the relatively easy assertainable

information , which can be found and crossed referenced with

"Public ,and Accessable Private" documents such as, institutional historys,

Sentencing information , program participations , medical information ,

administrative remedies history , seperation needs and more, Prior

to any placement in any Cells, or institutions,

5-8

V. Statement of Claims - Cont

16. Upon information and belief, The "Fed BOP", has also that is Clearly assertainable, a data base, that identifies thru Security, who assults, and what for, as well as the institutional data bases of "lists" that identify "Classes of offenders" (ie: Sex offenders and "informants"

17. Upon information and belief, The "Fed BOP", the Seperation of "Class of Prisoners", is necessary and feasable as it goes toward the "proper" Security and safety, of both prisoners, and those staff members who will be charged in response to any act of Violence.

18. Upon information and belief, On August 24, 2006 "On about", falisifred by "Fed-BOP" Staff, the Agency falisifred and in doing so failed to maintain accurate, Seperation —

5-9

## V. Statement of Claims - Cont.

By gangs and prisoners housed at "USP Leavenworth, KS",

on or about following, the near deadly attack on "Brown"

from Dec 19, 2003, which a year later, "Brown" was forced

to transfer as those prisoners, could not be identified (by person

or gangs), and because of further threat to harm, "Brown"

was transfered, to be "Seperated" from both Gangs and

individuals of Leavenworth, to whom have [not yet] been

identified. See [Exibit 3-2 and 43]. Brown should be

Seperated from all Leavenworth, as clearly feasable.


19. Upon information and belief -, "Fed-BOP" had indicated

that the population (which included gangs), had identified "Brown"

as a "Class of Prisoners" they would assult., thus makes

sinse Seperations would have Continued, from anyone from

Leavenworth.

## V. Statement of Claims - Cont

20. Upon information and belief, "Fed-BoP", has since then obtained "positive identification", thru witnesses and document evidence, that Witnessed who did attack, and further "Brown" had Coperated thru numerous Administrative Remedies, to whom they have access to. See [ Brown vs. Grey 06 CV 3003, U.S. Dist of KS].

21. Upon information and belief, "Fed-BoP", had became aware of Seperation needs while in transfer on Dec 20, 2004 thru the Oklahoma Federal Transfer Center, regarding a gang member of "DWB", to which Seperation was clear and noted.

22. Upon information and Belief, "Fed-BoP", had become aware of Seperation needs on June 2, 2006 (on or about) due to "Gang Members" becomming aware of "Browns" Case,

<u>V. Statement of Claims - Cont</u>

23. Security, and Safety were required, and Brown was transferred from "USP-Florence Co", because of "Gangs" and population threats.

23. Upon information and belief, "Fed BOP", became aware of Security threat to safety, in USP Pollock, LA by former "USP Leavenworth" prisoners ability to identify, Brown and his Convictions, and due to the unsafety reasons and threat to harm, "Brown" was transferred, to "USP-Beaumont on "August 23, 2006", there is sufficient document history concerning gangs, and population threats.

5-12

V. Statement of Claim - Cont

24. Upon information and belief, upon arrival at "USP. Beaumont, Tx", upon intake, being duly aware that Brown faced "former" USP Leavenworth prisoners, and the same gangs that, threatened his safety, and the fact that "USP Beaumont" is the most violent prison in U.S. Soil, "Brown", stated to "Fed-BOP" staff that he was to be seperated from "Gangs", for various reasons. Yet the "Fed BOP", individuals claimed that "They had no seperations" see [Exibit 3.2 and 4.3] (despite at a minimum multiple memos for transfers, and other documents), And those staff members, falsified documents, to deny seperations and/or intentionally failed to maintain the gang seperations.

5 - 13

V. Statement of Claims - Cont

25. Upon information and belief, "The Fed BOP's", reason for fabrication or/and disregard to Seperations, was in retaliation for both, reporting BOP Staff for 2003 assult in USP Leavenworth, and USP Florence Co assult, and finally the Oklahoma Transfer Center, incident by staff, were mentioned, as well as filing of multiple administrative remedies.

26. Upon information and belief, becase the feds made an "adverse determination", of Seperation issues, that was later verified, "Brown" was forced, in cell with an (former Leavenworth), and Oklahoma Arron Brotherhood "gang member s" (Celling 3 to a 2 man Cell). As a result, "Brown" was assulted, and seriously injured, whos injures are effecting still his way of life.

5 -14

V. Statement of Claims - Cont

27. That prisoner retains the rights to redress, and pursuit the

Court, if available grievances are not resolved, thru Administrative Remedies

and Court filings, is a Constitution Violation, and Well established law.

28. That alledged transfer, to "Known" unsafe facilities as

a result of falsified Seperations evidence, for reasons in retaliation for

use of Administrative Remedies, and Court action, is also a Violation

of a Well established laws.

29. That placement of a prisoner, in a Cell, when Seperation

documents, clearly demonstrate, Seperation needs, further deny

his Constitutional rights to be protected, as another well established

Law.

5-15

"VI" Request For Relief - First Claim - Against "Fed-BOP" For Failure To Maintain Records that Caused, Transfer, for retaliatory reasons.

30. Brown incorporates paragraph 1 thru 29, as if fully set forth herein.

31. The Privacy Act, requires prison officals, to accurately Maintain records, of those who they are in charge of.

32. That The Federal Bureau Of Prisons, Agency failed to Maintain, records that Contained Seperation from Specific gangs and individuals, of Various prisons.

33. That Because the "Fed BOP" was unhappy with "Brown" over his identification of Staff, and inmates, and gangs associated with previous events in previous prisons, they choose to deny his needs for Seperations.

5·16

## VI Request for Relief - Claim - One

34. As a result of the denial of Seperations, that can be easly

atainable thru "Public Sentry Records", and "Transfer Memorandums",

"Browns" was denied, his safety, and ability to leve population

in Special Housing Unit. (Safely).

35. Further the "Fed-BOP" was unhappy with "Browns" use

of Administrative Remedies and Court actions, against officers, who

Violated Constitutional Rights, and as a result caused a

retaliation action agenst "Browns"

36. And as a proximate result to the retaliation, and adverse

determinatsoi, "Browns" was placed in a Cell, to whom he was

Seperated from, by gang Seperation, and was assulted, and

Sustained injures.

5-17

## VI  Request for Relief

37.  Pursuant To 42 USC 1988 , This Court is allowed , to authorize prevailing party , ability to recover costs , in this action, included but not limited to attorney fees.

38.  "Brown" requests , (demands) a trial by Jury in this matter with aid of Counsel.

39,  Wherefor Brown prays for judgement against The Federal Bureau of Prisons , following the Declaration that the Defendant (did) violate , "Brown's rights against the privacy Act, and allow monitary damages, against defendant , including punitive damages if allowed , and costs , awarded perhapps by a Jury, and any other relief , this Court deems Just.

5-18

# APPENDIX

Exhibit A

```
   OKLDH  531.01 *            INMATE HISTORY          *    02-12-2007
   PAGE 002       *             QUARTERS              *    14:25:20

   REG NO..: 05937-010 NAME....: BROWN, BRIAN
   CATEGORY: QTR      FUNCTION: PRT       FORMAT:

FCL    ASSIGNMENT  DESCRIPTION                      START DATE/TIME STOP DATE/TIME
FLP    Z01-102L    HOUSE Z/RANGE 01/BED 102L        02-02-2006 1952 02-23-2006 1453
FLP    Z01-112L    HOUSE Z/RANGE 01/BED 112L        01-20-2006 1850 02-02-2006 1952
FLP    Z01-116L    HOUSE Z/RANGE 01/BED 116L        01-01-2006 1024 01-20-2006 1850
FLP    Z07-166L    HOUSE Z/RANGE 07/BED 166L        12-29-2005 1036 01-01-2006 1024
FLP    Z05-158L    HOUSE Z/RANGE 05/BED 158L        12-18-2005 1510 12-29-2005 1036
FLP    Z05-145L    HOUSE Z/RANGE 05/BED 145L        12-04-2005 1512 12-18-2005 1510
FLP    Z01-105L    HOUSE Z/RANGE 01/BED 105L        11-18-2005 1959 12-04-2005 1512
FLP    Z06-259L    HOUSE Z/RANGE 06/BED 259L        10-29-2005 1322 11-18-2005 1959
FLP    Z06-260L    HOUSE Z/RANGE 06/BED 260L        10-19-2005 1400 10-29-2005 1322
FLP    Z13-001LAD  HOUSE Z/RANGE 13/BED 001L AD     10-06-2005 1534 10-19-2005 1400
FLP    R01-001L    HOUSE R/RANGE 01/BED 001L        10-06-2005 1008 10-06-2005 1534
OKL    Z02-710U    HOUSE                            
OKL    R01-001L    HOUSE                            
TEX    Z01-008LAD  HOUSE                            
TEX    Z01-017LAD  HOUSE                            
TEX    Z01-047LAD  HOUSE                            
TEX    Z01-016LAD  HOUSE                            
TEX    Z01-005LAD  HOUSE                            
OKL    Z01-702U AD HOUSE                            
OKL    R01-001L    HOUSE                            
FLP    Z01-109L    HOUSE                            
FLP    Z13-001LAD  HOUSE                            06-16-2005         06-24-2005 0509
FLP    B08-213L    HOUSE Z/RANGE 08/BED 213L        06-09-2005 1243 06-16-2005 1432
FLP    Z01-103UAD  HOUSE Z/RANGE 01/BED 103U AD     05-23-2005 0556 06-09-2005 1243
FLP    Z01-102UAD  HOUSE Z/RANGE 01/BED 102U AD     04-02-2005       05-23-2005 0505
FLP    Z01-103UAD  HOUSE Z/RANGE 01/BED 103U AD     02-28-2005 0308 04-02-2005     
FLP    Z03-125L    HOUSE Z/RANGE 03/BED 125L AD                     02-28-2005 0302
FLP    Z07-215UAD  HOUSE Z/RANGE 07/BED 215U AD                     02-03-2005 0409
FLP    Z07-214UAD  HOUSE Z/RANGE 07/BED 214U AD     02-01-2005 0831 02-03-2005 0339
FLP    Z07-214LAD  HOUSE Z/RANGE 07/BED 214L AD     01-12-2005 0122 02-01-2005 0331
FLP    Z13-001LAD  HOUSE Z/RANGE 13/BED 001L AD     01-08-2005 1550 01-12-2005 0122
FLP    R01-001L    HOUSE R/RANGE 01/BED 001L        01-08-2005 1232 01-08-2005 1550  < C
OKL    Z02-728LAD  HOUSE Z/RANGE 02/BED 728L AD     01-01-2005 2120 01-08-2005 0800
OKL    Z02-723LAD  HOUSE Z/RANGE 02/BED 723L AD     12-31-2004 1223 01-01-2005 2120
OKL    Z01-729LAD  HOUSE Z/RANGE 01/BED 729L AD     12-30-2004 1827 12-31-2004 1223
OKL    Z02-728LAD  HOUSE Z/RANGE 02/BED 728L AD     12-20-2004 2120 12-30-2004 1827
OKL    R01-001L    HOUSE R/RANGE 01/BED 001L        12-20-2004 1810 12-20-2004 2120  < B
LVN    Z13-001LAD  HOUSE Z/RANGE 13/BED 001L AD     08-10-2004 0938 12-20-2004 1350
LVN    ADM DET     ADMINISTRATIVE DETENTION         08-03-2004 1440 08-10-2004 0938
LVN    Z13-001LAD  HOUSE Z/RANGE 13/BED 001L AD     07-16-2004 1109 08-03-2004 1440
LVN    Z13-001LAD  HOUSE Z/RANGE 13/BED 001L AD     12-26-2003 1643 07-16-2004 0923



    G0002      MORE PAGES TO FOLLOW . . .
```

```
OKLDH   531.01 *                    INMATE HISTORY              *        02-12-2007
PAGE 003 OF 003 *                     QUARTERS                  *        14:25:20

REG NO..: 05937-010 NAME...: BROWN, BRIAN
CATEGORY: QTR        FUNCTION: PRT        FORMAT:

FCL   ASSIGNMENT  DESCRIPTION                       START DATE/TIME STOP  DATE/TIME
LVN   B01-135L    HOUSE B/RANGE 01/BED 135L         12-26-2003 1640 12-26-2003 1643
LVN   B01-135L    HOUSE B/RANGE 01/BED 135L         12-19-2003 1533 12-19-2003 1534
LVN   B01-135L    HOUSE B/RANGE 01/BED 135L         12-03-2003 0900 12-19-2003 1535
LVN   A02-124L    HOUSE A/RANGE 02/BED 124L         08-28-2003 1009 12-03-2003 0900
LVN   A01-113U    HOUSE A/RANGE 01/BED 113U         08-27-2003 1409 08-28-2003 1039
LVN   ADM DET     ADMINISTRATIVE DETENTION          08-05-2003 1302 08-27-2003 1403
LVN   A04-244U    HOUSE A/RANGE 04/BED 244U         08-05-2003 1000 08-05-2003 1300
LVN   B03-245U    HOUSE B/RANGE 03/BED 245U         07-31-2003 1500 08-05-2003 1000
LVN   B04-236U    HOUSE B/RANGE 04/BED 236U         07-30-2003 1035 07-31-2003 1312
LVN   ADM DET     ADMINISTRATIVE DETENTION          07-25-2003 1515 07-30-2003 1416
LVN   A02-130L    HOUSE A/RANGE 02/BED 130L         07-24-2003 1331 07-24-2003 1818
LVN   ADM DET     ADMINISTRATIVE DETENTION          07-23-2003 1416 07-24-2003 1521
LVN   B04-208U    HOUSE                             06-25-2003
LVN   B04-214U    HOUSE                             05-22-2003
LVN   A01-125U    HOUSE                             05-22-2003
LVN   ADM DET     ADMINISTRATIVE DETENTION          05-22-2003
LVN   A01-125U    HOUSE A/RANGE 01/BED 125U         02-22-2003
LVN   ADM DET     ADMINISTRATIVE DETENTION          02-21-2003
LVN   B09-523U    HOUSE                             01-30-2003
LVN   ADM DET     ADMINISTRATIVE DETENTION          01-16-2003
LVN   B09-                                          12-16-2002
LVN   B00-140U    HOUSE                             12-05-2002
LVN   B01-231U    HOUSE                             11-21-2002
LVN   ADM DET     ADVERTISE                         11-19-2002
LVN   B01-241U    HOUSE                             11-20-2002
LVN                                                 08-24-2002
LVN   B01-165U    HOUSE                             08-24-2002
LVN   ADM DET     ADMINISTRATIVE DETENTION          07-
LVN   R04-001L    HOUSE                             07-31-2002
OKL   C10-402L    HOUSE C/RANGE 10/BED 402L         07-19-2002 0732 07-31-2002 0810
OKL   C07-312L    HOUSE C/RANGE 07/BED 312L         07-12-2002 0732 07-12-2002 0732
TEX   Z01-002LAD  HOUSE Z/RANGE 01/BED 002L AD      06-25-2002 0009 07-12-2002 0809
TEX   Z01-003LAD  HOUSE Z/RANGE 01/BED 003L AD      06-24-2002 1624 06-25-2002 0609
TEX   Z01-017LAD  HOUSE Z/RANGE 01/BED 017L AD      03-21-2002 2203 03-22-2002 0857
TEX   Z01-001LAD  HOUSE Z/RANGE 01/BED 001L AD      03-21-2002 1932 03-21-2002 2203
TEX   Z03-026LAD  HOUSE Z/RANGE 03/BED 026L AD      03-20-2002 1710 03-21-2002 0731
TEX   Z03-026LAD  HOUSE Z/RANGE 03/BED 026L AD      03-19-2002 1735 03-20-2002 0827
TEX   Z03-026LAD  HOUSE Z/RANGE 03/BED 026L AD      03-18-2002 1814 03-19-2002 0723
TEX   Z03-026LAD  HOUSE Z/RANGE 03/BED 026L AD      03-18-2002 1359 03-18-2002 0750
TEX   Z01-003LAD  HOUSE Z/RANGE 01/BED 003L AD      03-11-2002 1255 03-11-2002 1359


G0000     TRANSACTION SUCCESSFULLY COMPLETED
```

Exhibit 3

U.S. DEPARTMENT OF JUSTICE     REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

G04280102   28 CFR §542.18  Emergency 3 day

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Brown, Brian L _____ 05937-010   SHU A 20   USP BMT
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**   Issue (save BP8) on 24 Aug 06 SIS staff Susie, Skinner, Russo who's Brown requested to maintain gang seperations, from previous facility, they refused to do so; they threatend if Brown did not go he will be punished and put into 18 months program. Causing Injury. Note BP8 more facts inside, also attached. ___ into Tsporn Grievance, Reliefs, same (all) Save); See BP8 all Issues, Facts, Save on BP8

To Ms Coaty →

4 Sept 06    28 USC 1746
DATE                        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____          _____
DATE                               WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE      CASE NUMBER: _____

                                   CASE NUMBER: _____

**Part C– RECEIPT**
Return to: Brown, Brian L _____ 05937-010   SHU A 20   USP BMT
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: Staff Misconduct. _____

4 Sept 06
DATE                        RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                   BP–229(13)
                                             APRIL 1982

**FEDERAL CORRECTIONAL COMPLEX (FCC) BEAUMONT, TEXAS**
**UNITED STATES FEDERAL PENITENTIARY (USP)**
**PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY 427718-F1**

This is in response to your Request for Administrative Remedy wherein you claim staff at USP Beaumont refused to maintain separation issues identified at a previous institution and threatened punishment if you refused to go to general population. You request that you be separated from the staff involved and the Bureau of Prisons allow them to be sued. You also request that you be transferred to an institution where you will not have separation concerns.

Our investigation into this matter revealed you arrived at USP Beaumont on August 23, 2006. During in take screening, you expressed concern for your safety if placed in general population due to your being seriously assaulted on December 19, 2003, at USP Leavenworth. You were escorted by staff from Receiving and Discharge and placed in a single cell in F-A Unit. On August 24, 2006, after a more in depth interview was conducted, you were placed in the Special Housing Unit pending completion of an investigation of your expressed protective custody concerns. This investigation has further revealed the inmate(s) involved in assaulting you were never positively identified due in part to your inability or unwillingness to provide accurate information during investigation of the incident. The inmates you have been housed within the Special Housing Unit were never identified by you or suspected by USP Leavenworth staff of being involved in the assault. There has not been any evidence discovered which would support your claim that staff have acted with indifference toward your protective custody needs or that you are being intentionally set up to be assaulted.

It is the Bureau of Prison's desire that all inmates have the opportunity to participate in the programs available to them. If the on-going investigation indicates a legitimate and verified need for placement in protective custody status, the appropriate action will be taken.

Based on the above information, your request that you be separated from specified staff members at USP Beaumont and transferred to another facility is denied at this time.

If you are not satisfied with this response, you may submit an appeal to the Regional Director within twenty (20) calendar days from the date of this response. Your appeal should be submitted to the Regional Director of the South Central Regional Office at 4211 Cedar Springs Road, Suite 300, Dallas, Texas 75219.

_____
T. C. Outlaw, Warden

_1013/06_
Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

CR

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _____Brown Brown L_____   _____05937-010_____   _____SHU A 19_____   _____USP BMT_____
           LAST NAME, FIRST, MIDDLE INITIAL              REG. NO.                    UNIT                 INSTITUTION

**Part A - REASON FOR APPEAL**   Reply to BP-9, Staff is playing games with the health and welfare of Brown they have computers that tell them who will attack his prisons, also they allow gangs to run compound they know threat exists, but refuse to transfer

So   Issues - Grounds + Relief - Same as BP-9 + 8

Gojs to Counslr to mail
or above date

_____5 Oct 04_____                    _____
DATE                                       SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____          _____
DATE                                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE          CASE NUMBER: _422718 - R_

**Part C - RECEIPT**

                                                    CASE NUMBER: _422718_

Return to: _____Brown Brown L_____   _____05937-010_____   _____SHU A 19_____   _____USP BMT_____
               LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.              UNIT              INSTITUTION

SUBJECT:_____

_____          _____
DATE                                       SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN                                                                  BP-230(13)
                                                                          JUNE 2002

BROWN, Brian            Reg. No. 05937-010    RECEIPTED: 10-18-06

427718-R1              PART B-RESPONSE

You are appealing the Warden's response to your allegation staff
attempted to place you in general population knowing you would be
assaulted.  As relief, you request to be transferred to a gang
free institution, all staff that attempted to place you in
general population be held liable in court, separation from all
gangs, and separation from all staff which you allege pressured
you to be placed in general population.

We have thoroughly reviewed your appeal.  An investigation of
this matter revealed you were placed in Administrative Detention
on August 23, 2006, at your own request, for protective custody
reasons.  Institution staff have concluded there is a perceived
threat that exists toward you from certain individuals causing
your need for separation.  Based on this information, your case
will be submitted for transfer to another institution.
Institution staff will keep you apprized of the progress of the
transfer request and final disposition.

Based on the above information, your appeal is denied.

In the event you are dissatisfied with this response, you may
appeal to the Bureau of Prisons, Administrative Remedy Section,
320 First Street, N.W., Washington, D.C. 20534.  Your appeal must
be received in that office within 30 days from the date of this
response.

_____10/25/06_____          _____
Date                          G. Maldonado, Jr.
                              Regional Director

**SENSITIVE - LIMITED OFFICIAL USE**

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Brown Brian L__ ____05937-010____ ____SHU D 11____ ____USP BMP____
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL** Reply to BP-10, Staff admitt to Claims, but deny Brown Simple request for relief, so I must proceed, I will need to resote this to proceed to texas Couts!

Issues - Grounds - Relief -

Same as BP-9+10

Placed in hands of Counsel
28 usc 1746

__10-31-06__                                    _[signature]_
    DATE                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

# RECEIVED

NOV 2 7 2006

Administrative Remedy Section
Federal Bureau of Prisons

---

_____                    _____
    DATE                                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: __427718-A1__

**Part C—RECEIPT**
                                      CASE NUMBER: __427718__

Return to: __Brown Brian L__ ____05937-010____ ____SHU D 11____ ____USP BMP____
        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION
SUBJECT: __Staff Misconduct__

__10-31-06__
    DATE                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN            PRINTED ON RECYCLED PAPER                    BP-231(13)
                                                APRIL 1982

**Administrative Remedy No. 427718-A1**
**Part B - Response**


This is in response to your Central Office Administrative Remedy
Appeal in which you request a transfer to a gang free
institution.  You claim staff attempted to place you in general
population knowing you would be assaulted.

Our review reveals the Warden and Regional Director adequately
responded to the issues you raised in your appeal.  As noted by
the Regional Director, your case will be submitted for transfer
to another institution.  The Designation and Sentence Computation
Center staff determine the institution to which an inmate will be
transferred.  These staff use professional judgement within
specific guidelines to determine the most appropriate institution
assignment for an inmate and all characteristics of an inmate's
case are considered.

Once a decision is made, staff will notify you as to the status
of your  transfer.  This response is provided for informational
purposes only.


_____
January 25, 2007
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

**Exhibit 4**

Request 5 Copies  Front & Back

— Sensitive — Imment Danger of threat of Health + Welfare
— 604280101 —  .'28 CFR 542.18'!

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, Administrative Remedy Program,
(December 22, 1995), requires, in most cases, that inmates attempt informal resolution of
grievances prior to filing a formal written complaint.  This form shall be used to
document your efforts towards informally resolving your grievance.      (SHU A 20)

Inmate Name: Brown, Brian      Reg. No.: 05937-010   Unit: CB

Remedy # _____      Date Issued: 24 August 06

Specific Complaint and Requested Relief: That South Central Regional Director
and Staff, USP Pollack, Grand Prairie Texas, Conspired with each other
and USP Florence, and North Central Regional office, and others,
endangered Browns life by failing to maintain Seperations from verified
gang Violence, then intentionally sending Brown to higher and more
dangerous facility, knowing danger existed, but Sent anyway, Causing
injury, and attempting to assult and Kill prisoner, Refusing to follow Regulations.
Relief - Transfer to non Gang facility, and Total Gang and Prisoner Seperations,
and Suit in Court.

Efforts Made By Inmate To Informally Resolve Grievance (be specific): Warden, Capt
(former USP FLP Cowboy), Counselor, Case Managers, SIS officers,
Psychology, all informed.

Counselor's Comments: An investigation into your request for protective custody
will be conducted by the Special Investigative supervisor's office (SIS)
You have a security total of 19 points and are therefore appropriate
for a high security institution.

_____      _____
C. Alvtal        9-1-06        Asevry        9/3/06
Correctional Counselor's Review / Date    Unit Manager's Review / Date

Turned into Counselor on
5 — 30 — 06

U.S. DEPARTMENT OF JUSTICE    Case 1:08-cv-00501-RJL    Document REQUEST FOR ADMINISTRATIVE REMEDY Filed 03/24/2010    Page 1 of 1

Federal Bureau of Prisons

604280101    28 CFR 542.18    Entry in 3 days from.

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Brown Brian L     05937-010     SHU A 20     USP BMT
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST**

Issue - That South Central Regional Director, and staff, USP Pollock, Grand Prairie Texas, and USP Beaumont, North Central Regional Office and others are endangering Browns life by failing to maintain good Verified Separations then intentionally sending to a higher and more dangerous facility, knowing danger exists, but sending anyway when other safer + secure facility exist, thus causing Injury and attempting to assault/assault ~~(striking out)~~ ~~following~~ ~~regulations~~

Grounds - The laws are clear, Regulations + Constitution placement of prisoner in class of prisoners subjected to serious bodily harm, knowing unsafe, but do anyway (See BP-8 for full same and Continued statement. Causing Injury. Help- See BP-8 Transfer to a non gang facility, no deny and other for suit.'

Sent to Ms. Gentry

4 Sq 06     20 USC 1746     [signature]
DATE                                SIGNATURE OF REQUESTER

**Part B– RESPONSE**




_____           _____
DATE                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE        CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: Brown Brian L     05937-010     SHU A 20     USP BMT
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: Still Seeds

4 Sq 06
DATE                           RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                             BP-229(13)
                                                      APRIL 1982

**FEDERAL CORRECTIONAL COMPLEX, BEAUMONT, TEXAS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #427721-F1**

This is in response to your Request for Administrative Remedy in which you request placement in a safe and secure institution.

An investigation into your concerns reveals the following. You arrived at USP Beaumont on August 23, 2006, from USP Pollock and requested Protective Custody during the intake screening interview. Based on your statement, you were placed in Administrative Detention for your safety, and an investigation was initiated. Upon completion of the investigation, a transfer was submitted and you are currently waiting redesignation to an appropriate facility. According to Program Statement 5100.08, Security Designations and Custody Classification Manual, dated September 12, 2006, a High security individual must have a minimum Security Total of 24 points. You have a Security Total of 27 points. Therefore, you are appropriately housed.

Based on the above findings, this response is for informational purposes only.

If you are not satisfied with this decision, you may appeal to the Regional Director at the Bureau of Prisons, South Central Region, 4211 Cedar Springs Road, Suite 300, Dallas, Texas 75219. Your appeal must be received in the South Central Regional Office within 20 days of the date of this response.

_____                    11/13/06
T. C. Outlaw, Warden                         _____
                                             Date

• U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

CP

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Brown Brian L _____ 05937-010 _____ SHU D 10 _____ USP BMP
　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

**Part A—REASON FOR APPEAL** Reply to the denial for protection, or denial to be sent to a prison where no gangs exist, and denial of request to Not be sent to a prison where staff set up assults! BOP States anyone with points above 24 are sent to be assulted by staff, And failure to place Prisoner in a prison, where he is not seperated from gangs, staff denies this request for Protection, thus Constitutional Violation !

Issues - Grounds - Relf - all same as BP-8+9

_____ To Staff (gived) on
11 / 24 / 06　　　this date.
　　DATE

_____
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____ _____
　　DATE　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE　　　　CASE NUMBER: 427721

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

　　　　　　　　　　　　　　　　CASE NUMBER: 427721

Return to: Brown Brian L _____ 05937-010 _____ SHU D 12 _____ USP BMP
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　　INSTITUTION

SUBJECT: Staff refusing to seperate.

11 / 24 / 06
USP LVN　　DATE　　　Previous editions not usable ✲ _____
　　　　　　　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

BROWN, Brian            Reg. No. 05937-010    RECEIPTED: 12-07-06

427721-R1              PART B-RESPONSE

You are appealing the Warden's response to your request to be
transferred to a gang free institution.  You allege staff are
intentionally transferring you to institutions that are not safe.

We have thoroughly reviewed your appeal.  An investigation of
this matter revealed you were placed in Administrative Detention
on August 23, 2006, at your own request, for protective custody
reasons.  Institution staff have concluded there is a perceived
threat that exists toward you from certain individuals causing
your need for separation.  Based on this information, your case
was submitted for transfer to another institution.  Institution
staff will keep you apprised of the progress of the transfer
request and final disposition.

Based on the above information, your appeal is denied.

In the event you are dissatisfied with this response, you may
appeal to the Bureau of Prisons, Administrative Remedy Section,
320 First Street, N.W., Washington, D.C. 20534.  Your appeal must
be received in that office within 30 days from the date of this
response.


_____12-28-06_____          _____B. A. Rhodes_____
Date                        G. Maldonado, Jr.
                            Regional Director


**SENSITIVE - LIMITED OFFICIAL USE**

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

05937-010

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Brown Brian L    05937-010    SHU A 101    USP COP-1
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

That all staff previously mentioned, have endangered Brown's life and continued to do so, and denied requests to proper maintain and seperate issues, I will appeal further.

Issues, Grounds, Relief - Same as BP-9-10

3-5-07    B z B
DATE    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

**RECEIVED**

MAR 1 4 2007

Administrative Remedy Section
Federal Bureau of Prisons

_____    _____
DATE    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 427721-A1

**Part C - RECEIPT**

CASE NUMBER: 427721

Return to: Brown Brian L    05937-010    SHU A 101    USP COP-1
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: Staff Misconduct

3-5-07
DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN    PRINTED ON RECYCLED PAPER    BP-231(13)
JUNE 2002

**Administrative Remedy Number 427721-A1**
**Part B - Response**

You contend staff have placed you in danger by transferring you
to prisons where you cannot safely remain in the general inmate
population.

Our review of this matter reveals both the Warden and Regional
Director have adequately addressed your concerns.  There is no
evidence staff have placed your safety in danger.  Due to the
nature of your offense, sentence length, security requirements
and poor prison conduct, the number of prisons to which you are
eligible to be transferred is not large.  Nevertheless, the
Bureau of Prisons works diligently to transfer you to prisons
where there is no known threat to your safety, and reacts
appropriately when you assert your safety is threatened.  Staff
are committed to do everything in their power to ensure you
remain safe, even if that means frequent transfer and perpetual
separation from the general population.

This response is for informational purposes only.

May 11, 2007
Date

Harrell Watts, Administrator
National Inmate Appeals

# EXHIBIT 5



IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| BRIAN BROWN, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | CIVIL ACTON NO. 06-00047-MSK-MJW |
| v. | § | |
| | § | |
| | § | |
| MICHAEL K. NALLEY, et al., | § | |
| | § | |
| **Defendants.** | § | |

## DECLARATION OF ROMULO ARMENDARIZ

In accordance with the provisions of 28 U.S.C. § 1746, I, Romulo Armendariz, make the

following unsworn declaration, under penalty of perjury, pertinent to the above-styled and numbered

cause:

1.      I am presently employed with the U.S. Department of Justice as a Senior Designator for

the Federal Bureau of Prisons (BOP). I am assigned to the Designation and Sentence Computation

Center (DSCC), located in the Grand Prairie Office Complex in Grand Prairie, Texas. I have been

employed with the BOP for nine (9) years, and have been a Senior Designator since January of 2006.

As part of the normal course of my duties, I have access to inmate records as well as centralized inmate

data information maintained by the BOP in the ordinary course of business.

2.      The statements I make hereinafter are made on the basis of my own personal

knowledge, or on the basis of information acquired by me through the performance of my official

duties, including my review of BOP files and records.

3.      Brian Brown, federal register number 05937-010, is a federal inmate currently confined

at USP Pollock. On June 8, 2006, inmate Brown was transferred from the United States Penitentiary at

Florence, Colorado to USP Pollock. Since inmate Brown's transfer to USP Pollock, it has come to my

Exhibit A

Attachment D  (3)

attention that he has alleged that he is being housed at USP Pollock with inmates he claims that he should not be housed with, and that Brown's transfer is another attempt by the BOP to murder Brown.

4.    As stated earlier, inmate Brown was transferred from the United States Penitentiary at Florence, Colorado to USP Pollock, on June 8, 2006. I was the designator assigned to his case, and as such, I was the only individual who approved Brown's transfer. At no time in making the decision to transfer inmate Brown, did I ever talk to Assistant United States Attorney (AUSA) Terry Fox or to AUSA Amanda Rocque. In fact, I have never spoken to AUSA Fox or to AUSA Rocque. Additionally, I did not consult with staff at USP Florence regarding inmate Brown's transfer.

5.    All requests for inmate transfers are sent to the DSCC from the requesting institution. All requests for transfer are assigned on a random basis to one of the designators. I was assigned the request for transfer regarding inmate Brown on or about May 23, 2006, from USP Florence. Brown's request for transfer was prepared by case manager Midock and unit manager Derr, who I understand are not Defendants in the current lawsuit. The transfer request was signed, but not initiated, by Warden Rios. The rational for the institution's request for transfer was that the inmates in general population had discovered what inmate Brown's offense conviction was, and that as a result of this, inmate Brown was no longer safe in general population at USP Florence.

6.    When I receive a request for transfer, I typically review the transfer packet and pull the following reports from SENTRY: PP44 (Assignment History); PR15 (Administrative Remedy General Retrieval); PPGO (Security Designation Data); PPG (Classification Score) and a PP10 (Separtees List). I followed the same process in regards to inmate Brown's request for transfer as I do in all other designation requests that I receive.

7.    In reviewing all of the available information, I designate the inmate to a particular

Page 2 of 3                    Exhibit A

inmate based upon the following factors:

  a.   The level of security and supervision the inmate requires;

  b.   The level of security and staff supervision the institution is able to provide;

  c.   The inmate's program needs, *i.e.*, substance abuse, educational/vocational training, individual and/or group counseling, medical/mental health treatment; and

  d.   Various administrative factors such as, but not limited to, the level of over-crowding, the inmate's release residence, judicial recommendations, separation needs, and increased security measures to ensure the protection of victims/witnesses and the public in general.

As in all cases, I followed this same procedure in determining where to designate inmate Brown.

8.   At the time that USP Pollock, Louisiana was designated as inmate Brown's transfer location, no inmate from whom he is required to be separated was identified as being located at USP Pollock.

9.   Inmate Brown's transfer to USP Pollock has no connection to this lawsuit or to his various administrative remedy filings. Instead, inmate Brown was transferred to USP Pollock based upon the safety and security needs of inmate Brown, and was part of the BOP's ongoing classification process to continue to protect all inmates.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 18th day of July 2006.

                          *s/ Romulo Armendariz*
                          Romulo Armendariz, Senior Designator

Page 3 of 3





## CERTIFICATE OF SERVICE

The following was placed in the United States Postal

Service Postage Prepaid on this ___4th___ date of ___Feb___ 200~~8~~,

by useing Prison Special Legal Mail, and Indgent Postal Service,

by placeing in hands of Counsler on this ___4th___ date of ___Feb___ .

200~~8~~.


PURSUANT TO HUSTON V. LACK 487 US. 266 (1988)


TO: The United States District Court

District of Columbia

333 Constitution Ave, NW

Washington, DC 20001


Respectfully Mailed/ Submitted;

/s/ ~~BRIAN L. BROWN~~

Brian L. Brown
#05937-010
ALLENWOOD
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
WHITE DEER, PA 17887

*I*
*08-501*
*RJL*

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Brian L. Brown, Sr. 88884

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88884
**(EXCEPT IN U.S. PLAINTIFF CASES)**

Pro Se (P)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 05937-010

## DEFENDANTS

Federal Bureau of Prisons

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-00501
Assigned To : Leon, Richard J.
Assign. Date : 3/24/2008
Description: FOIA/Privacy Act

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
  Plaintiff

☐ 3 Federal Question
  (U.S. Government Not a Party)

☒ 2 U.S. Government
  Defendant

☐ 4 Diversity
  (Indicate Citizenship of Parties
  in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☒ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

8 3