## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIAN L. BROWN,** ) | |
| ) | |
| **Plaintiff** ) | **Civil Action No. 08-501 (RJL)** |
| ) | |
| **v.** ) | |
| ) | |
| **FEDERAL BUREAU OF PRISONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS

Defendants respectfully move this Court to revoke Plaintiff's *in forma pauperis* status because Plaintiff *pro se* has filed at least three prior suits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Accordingly, Plaintiff is not entitled to *in forma pauperis* status under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, and should be required to pay the filing fee before being permitted to prosecute this case further.[1]

## STATEMENT OF FACTS

Plaintiff, Brian L. Brown, Federal No. 05937-010, has brought this action pursuant to the Privacy Act, 5 U.S.C. § 552(g) claiming that Defendants intentionally and willfully "failed to maintain accurate records . . . and consequently, . . . an adverse determination was made respecting [him which resulted in] . . . personal serious injury . . . ." See Complaint (Cmplt. at p.

---

[1]Nothing contained in this Motion is intended as a waiver of any defense or defenses available under Fed. R. Civ. P. 12 or otherwise, and all such defenses are hereby expressly preserved.

5).  Plaintiff commenced this action on March 24, 2008.  See Docket Entry No. 1.  On that same

day, Plaintiff filed a motion for leave to proceed *in forma pauperis*.  See Docket Entry No. 3.

However, Plaintiff has been a frequent litigator as an inmate, having filed at least twenty-three

(23) federal cases listed in the U.S. Party/Case Index database since 1995.  See Cmplt. at p. 2–2

through 2-5.[2]  More than three of those cases have been dismissed as frivolous or for failure to

state a claim upon which relief can be granted.  This exceeds the three dismissals required to

invoke the Prison Litigation Reform Act's ban on further use of the privilege of proceeding *in

forma pauperis*.  See 28 U.S.C. § 1915(g).  Therefore, Plaintiff's *in forma pauperis* status should

be revoked and this action should be dismissed if Plaintiff does not pay his filing fee.

## ARGUMENT

In order to help reduce the number of meritless claims filed by inmates, Congress enacted

the Prison Litigation Reform Act.  28 U.S.C. § 1915.  See Blair-Bey v. Quick, 151 F.3d 1036,

1040 (D.C. Cir. 1998).  Section 1915(g) of the act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Essentially, this section of the Act forbids a prisoner from bringing a new

civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated,

brought a civil action or appeal in federal court that was dismissed because it was frivolous,

---

[2]Plaintiff's most recent filing in this Court, Brown v. BOP, et al., appears to be identical
to the matter at hand, and was dismissed.  See Brown v. Fed. Bureau of Prisons, Civil Action No.
08-0368-RCL.

2

malicious, or failed to state a claim upon which relief may be granted.  The only exception to this

is if the prisoner is in "imminent danger of serious physical injury."[3]  See 28 U.S.C. § 1915(g).

Butler v. Dep't of Justice, 492 F.3d 440, 442 (D.C. Cir. 2007); Ibrahim v. District of Columbia,

208 F.3d 1032, 1033 (D.C. Cir. 2000).  A prisoner who is not proceeding *in forma pauperis* may

file a new civil action or appeal even if that prisoner has three or more dismissals described in

Section 1915(g).  However, regardless of whether a prisoner proceeds *in forma pauperis* in a

civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure

to state a claim, the dismissal will count against the prisoner for purposes of the three-dismissal

or "three strikes" rule of 28 U.S.C. § 1915(g).

        In addition, if a "court dismisses a claim for failure to exhaust administrative remedies on

a Rule 12(b)(6) motion, or . . . dismisses the complaint *sua sponte* and expressly declares that the

complaint fails to state a claim, the dismissal counts as a strike [under the statute]."  Thompson

v. Drug Enforcement Admin., 492 F.3d 428, 438 (D.C. Cir. 2007).  Dismissals for lack of

jurisdiction also count as strikes if "the court expressly states that the action or appeal was

frivolous."  Id. at 440.  Appellate affirmances count as strikes if "the court expressly states that

the appeal itself was frivolous, malicious or failed to state a claim [upon which relief can be

granted]."  Id.  Moreover, whether or not the action was dismissed because it was frivolous,

malicious or failed to state a claim, a court can "examine the number, content, frequency, and

---

        [3] An inmate faces "imminent danger" when a "threat or prison condition is real and
proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  Imminent danger is measured
at the time the complaint or appeal is filed or when the motion to proceed *in forma pauperis* is
made.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler,
185 F.3d 1189, 1193 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998);
Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir. 1998).

disposition of [the prisoner's] previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history[,]" and exercise its discretion to deny a prisoner *in forma pauperis* privileges.  Id. at 439 (citing Butler, 492 F.3d at 446).  See In re Demos, 500 U.S. 16, 16-17 (1991)(petitioner denied *in forma pauperis* status when seeking extraordinary writ because thirty-two filings over three years were an abuse of the privilege).[4]

While incarcerated, Plaintiff has, on three or more prior occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief can be granted.  On March 25, 2002, in Brown v. Russell, et al., No. 4:02-cv-04036 (W.D. Ark April 23, 2002), plaintiff accumulated a strike pursuant to 28 U.S.C. §1915(e)(2)(B).  See Exhibit A (Civil Docket, Case No. 4:02-cv-04036-HFB, Docket Entry Nos. 4, 6).  On May 16, 2007, in Brown v. Armendariz, No. 3-07-cv-0543-N (N.D. Tex, May 16, 2007), Plaintiff accumulated another strike pursuant to 28 U.S.C. §1915(e)(2).  See Exhibit B (Civil Docket, Case No. 3:07-cv-0543-N, Docket Entry Nos. 8, 11, 12); Exhibit C (Brown v. Armendariz, Findings and Recommendations of the United States Magistrate Judge ("Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. §

---

[4]Moreover, Section 1915(e)(2) of the Prison Litigation Reform Act states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determined that - -
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal - -
        (i)  is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from
        such relief.

28 U.S.C. § 1915(e)(2)(emphasis added).

4

1915(e)(2)); Exhibit D (<u>Brown v. Armendariz</u>, Order ("Findings and Recommendations of the Magistrate Judge are correct, and they are hereby accepted as the Findings of the Court."). Finally, on October 4, 2007, in <u>Brown v. Garett, et al.</u>, No. 5:07-cv-281-Oc-10GRJ (M.D. Fla., October 1,  2007), Plaintiff accumulated a third strike.  <u>See</u> Exhibit E (Civil Docket, Case No. 5:07-cv-00281-WTH-GRJ, Docket Entry Nos. 7, 8, 17); Exhibit F (<u>Brown v. Garett, et al,</u> Order Dismissing Case)("Plaintiff's failure to disclose . . . previous dismissals, under penalty of perjury, constituted an abuse of process . . .  the dismissal of this cases counts as a strike for purposes of 1915(g)").  Because Plaintiff has accumulated three strikes, Plaintiff is precluded from bringing the instant *in forma pauperis* action.[5]  <u>See</u> <u>Judd v. Ashcroft</u>, No. 03-5124, 2003 WL 22304424, at *1 (D.C. Cir. Sept. 30, 2003) (per curiam) (ordering payment of filing fee because plaintiff had accumulated at least three strikes for purposes of § 1915(g)).

It is clear that Plaintiff has on at least three occasions, while incarcerated, brought civil actions which were dismissed as frivolous or for failure to state a claim upon which relief can be granted.  Plaintiff has not alleged and cannot plausibly claim that he is in imminent danger of serious physical injury as his complaint concerns the maintenance of records pursuant to the Privacy Act.  <u>See</u> <u>Ibrahim</u>, 463 F.3d 3, 6 (D.C. Cir. 2006)("In determining whether [a plaintiff] qualifies [under the imminent danger exception], we look to the complaint. . . .").  Therefore, Plaintiff is forbidden from bringing this *in forma pauperis* action, and it must be dismissed if he does not pay the filing fee.  <u>See</u> e.g. <u>Johnson</u>, 2007 U.S. Dist. LEXIS 63423 at *1-2;  <u>Judd v. Fed.</u>

---

[5] A plaintiff who is barred by the three-strikes provision of 28 U.S.C. § 1915(g) may pay the required filing fee and prosecute the case further.  <u>See</u> <u>Ibrahim</u>, 208 F.3d at 1037.  If he fails to pay the filing fee his suit should be dismissed.  <u>See</u> <u>Smith v. District of Columbia</u>, 182 F.3d 25, 30 (D.C. Cir. 1999).

Election Comm'n, No. 07-637, 2007 WL 2900514, at *1 (E.D.Tex. Oct. 2, 2007) (barring

plaintiff from proceeding in forma pauperis under § 1915(g) because he had accrued three

strikes).

## CONCLUSION

Because Plaintiff has filed three or more suits that were dismissed as frivolous or for

failure to state a claim, the Court should revoke his *in forma pauperis* status, and dismiss this

action if Plaintiff does not pay the filing fee.

Respectfully submitted,


 /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


 /s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.- Civil Division
Washington, D.C. 20530
(202) 514-6531

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 2nd day of June, 2008, I caused service of the

foregoing to be made by mailing a copy thereof to:

Brian L. Brown
No. 05937
P.O. Box 879
FMC Devens
Federal Medical Facility
Ayer, MA 01432-0879

/s/
MARIAN L. BORUM
Assistant United States Attorney

7

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BRIAN L. BROWN,** | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action No. 08-501 (RJL)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FEDERAL BUREAU OF PRISONS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status. Upon consideration of this Motion and the entire record of this case, it is this

_____ day of _____, 2008,

**ORDERED** that Defendants' Motion should be and hereby is GRANTED, and it is

**FURTHER ORDERED** that Plaintiff's *In Forma Pauperis* Status is revoked and he must pay the filing fee by _____ or this matter will be dismissed.

_____
United States District Judge

Copies to:

Marian L. Borum
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, DC  20530

Brian L. Brown
No. 05937
P.O. Box 879
FMC Devens
Federal Medical Facility
Ayer, MA 01432-0879

# BRIAN L. BROWN

## v.

# FEDERAL BUREAU OF PRISONS, et al.

## Civil Action No. 08-501 (RJL)

## EXHIBIT A

CLOSED, R/R

# U. S. District Court
# Western District of Arkansas (Texarkana)
# CIVIL DOCKET FOR CASE #: 4:02-cv-04036-HFB

Brown v. Russell, et al
Assigned to: Honorable Harry F. Barnes
Demand: $0
Case in other court: 02-04035
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 03/06/2002
Date Terminated: 04/23/2002
Jury Demand: None
Nature of Suit: 555 Habeas Corpus
(Prison Condition)
Jurisdiction: Federal Question

## Plaintiff

**Brian L Brown, Sr.**

represented by **Brian L Brown, Sr.**
#05937-010
Beaumont - USP
P. O. Box 26030
Beaumont, TX 77720-6030
PRO SE

V.

## Defendant

**Danny Russell**
*Sheriff, Individually*

## Defendant

**Hays McWhirter**
*SSA, Investigator, Individually*

## Defendant

**Bennett Wrecker Service**

## Defendant

**Jennifer Rogers**
*a minor, by and through next friend and
parent, Carolyn Sanders*
*Next friend*
Carolyn Sanders

## Defendant

**John/Jane Does**
*Investigators*

## Defendant

**Ken Sutton**
*Chief Deputy, Little River County*
*Sheriff's Office*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/06/2002 | 1 | COMPLAINT ( 0 summons(es) issued) (referred to Magistrate Bobby E. Shepherd ) (cap) (Entered: 03/06/2002) |
| 03/06/2002 | 2 | APPLICATION by plaintiff Brian L Brown Sr. to proceed in forma pauperis (cap) (Entered: 03/06/2002) |
| 03/06/2002 | 3 | ORDER by Magistrate Bobby E. Shepherd directing the clerk to file the complaint and in forma pauperis application [2-1], subject to a later determination of whether service of process should issue on defendants; further directing the clerk to collect the filing fee of $150.00 (cc: all counsel, FD) (cap) (Entered: 03/06/2002) |
| 03/06/2002 |  | Magistrate Notice/Consent Form furnished to plaintiff (cap) (Entered: 03/06/2002) |
| 03/25/2002 | 4 | REPORT AND RECOMMENDATIONS by Magistrate Bobby E. Shepherd recommending that Brown's complaint be dismissed on the grounds that iti s barred by Heck, seeks relief against individuals not subject to suit under sec. 1983, and because the injunctive relief he seeks is improper; 28 U.S.C. 1915(e)(2)(B)(i)-(iii) (cc: all counsel) (bak) (Entered: 03/25/2002) |
| 04/02/2002 | 5 | OBJECTIONS by plaintiff Brian L Brown Sr.to Report and Recommendation [4-1] (cap) (Entered: 04/02/2002) |
| 04/23/2002 | 6 | ORDER by Honorable Harry F. Barnes adopting in toto REPORT AND RECOMMENDATIONS [4-1] and dismissing case as Complaint is defective for reasons discussed more fully in Report and Recommendations dismissing case (cc: all counsel) WD 27 sent to Pltf (cap) (Entered: 04/23/2002) |
| 05/01/2002 | 7 | CLERK'S ORDER directing Warden, ADC Texarkana Regional Correction Center, to collect from petitioner's prison account an initial partial filing fee of $8.00; thereafter, to collect monthly payments from petitioner's prison account an amount equal to 20% of the preceding month's income credited to account until $150.00 filing fee is paid in full (cc: all counsel, MAG, FD, Jail, AR Board of Corr & Comm Punishment; Sheila Sharp, Mary Roach) (cap) (Entered: 05/01/2002) |
| 05/15/2002 | 8 | MOTION by plaintiff Brian L Brown Sr. for appointment of counsel (cn) (Entered: 05/15/2002) |
| 06/13/2002 | 9 | MOTION by plaintiff Brian L Brown Sr. to direct USMS for emergency transfer to federal or secure facility , and for appointment of standby counsel (cap) (Entered: 06/13/2002) |
| 07/15/2002 | 10 | ORDER by Honorable Harry F. Barnes denying motion to direct USMS |

| | | for emergency transfer to federal or secure facility [9-1] denying motion for appointment of standby counsel [9-2] denying motion for appointment of counsel [8-1] as this action was dismissed on 4/23/02 (cc: all counsel) (cap) (Entered: 07/15/2002) |
|---|---|---|
| 10/09/2002 | 11 | NOTICE OF APPEAL by plaintiff Brian L Brown Sr. from District Court decision re: Scheduling order dismissing case [6-1] dated 4/23/02 (CLERK'S NOTE: Complaint was not served on Defendants) (cap) (Entered: 10/10/2002) |
| 10/09/2002 | 11 | MOTION by plaintiff Brian L Brown Sr. to extend time to appeal (cap) (Entered: 10/10/2002) |
| 10/23/2002 | 12 | ORDER by Honorable Harry F. Barnes granting motion to extend time to appeal [11-1], finding Pltf mistakenly directed his appeal to El Dorado Division; therefore, Court sua sponte finds Pltf's Notice of Appeal shall be treated has having been filed on 8/22/02 (cc: all counsel) (cap) (Entered: 10/23/2002) |
| 10/28/2002 | 13 | APPLICATION by plaintiff Brian L Brown Sr. to proceed in forma pauperis on appeal (cap) (Entered: 10/28/2002) |
| 10/31/2002 | 14 | OBJECTIONS (combined with motion to include documents, etc.) by plaintiff Brian L Brown Sr. to filing date of appeal (cap) (Entered: 10/31/2002) |
| 10/31/2002 | 14 | MOTION by plaintiff Brian L Brown Sr. to include documents and misfiled exhibits in record of appeal (cap) (Entered: 10/31/2002) |
| 10/31/2002 | 15 | MOTION by plaintiff Brian L Brown Sr. to correct mailings to Plaintiff (cap) (Entered: 10/31/2002) |
| 11/14/2002 | 16 | ORDER by Honorable Harry F. Barnes granting motion to correct mailings to Plaintiff [15-1] and directing that Pltf's mail be labeled "special mail" in lower left-hand corner, denying motion to include documents and misfiled exhibits in record of appeal [14-1]; Pltf also contends that he should have been permitted to file an appeal in this case in April 2001 (sic)(the "notice of Appeal" was filed by Pltf in April, 2002); appeal was untimely as this case was pending when the appeal was filed and objection is overruled (cc: all counsel) (cap) (Entered: 11/14/2002) |
| 12/06/2002 | 17 | ORDER by Honorable Harry F. Barnes denying application to proceed informa pauperis [13-1]; Pltf must pay in full filing fee of $105.00 no later than 12/30/02 or renew his application to proceed in forma pauperis with the USCA for 8th Circuit (cc: Brian L. Brown, Sr.) (cap) (Entered: 12/06/2002) |
| 12/06/2002 | | 2 CERTIFIED COPIES OF NOTICE OF APPEAL, and clerk's docket entries, together with Report & Recommendation filed 3/25/02, Objections filed 4/2/02, Order filed 4/23/02; Order filed 10/23/02; Order filed 12/56/02 mailed to Clerk, USCA, St. Louis, MO (cap) (Entered: 12/06/2002) |

| 12/06/2002 | 18 | TRANSMITTAL LETTER to 8USCA; cc: Brian L. Brown, Sr. (cap) (Entered: 12/06/2002) |
| 12/06/2002 | | 1 Volume of original case file mailed to Clerk, USCA, St. Louis, MO (cap) (Entered: 12/06/2002) |
| 12/13/2002 | 19 | SCHEDULING ORDER from USCA; Appellate Docket Number 02-4035 with copy of order attached directing Pltf to comply with district court's order re payment of filing fee by 12/30/02 or appeal will be dismissed for failure to prosecute (cap) (Entered: 12/16/2002) |
| 03/17/2003 | | 1 vol. of original file returned from U.S. Court of Appeals re appeal [11-1] (cap) (Entered: 03/17/2003) |
| 04/01/2003 | 20 | MOTION by plaintiff Brian L Brown Sr. for order to participate in a prison industry captains program (cap) (Entered: 04/02/2003) |
| 04/09/2003 | 21 | JUDGMENT (USCA, 8th Circuit) affirming the decision of the District Court [11-1]; granting in forma pauperis status and assessing the $105.00 appellate filing and docketing fee against appellant; court remands assessment and collection of those fees to USDC (cc: all counsel, FD) (cap) (Entered: 04/09/2003) |
| 04/17/2003 | 22 | CLERK'S ORDER directing Warden, USP - Leavenworth to collect from petitioner's prison account an initial partial filing fee of $1.06; thereafter to collect monthly payments from petitioner's prison account in amount equal to 20% of preceding month's income credited to account until $105.00 appeal and docketing fee is paid in full (cc: all counsel, FD, USP-Leavenworth) (cap) (Entered: 04/17/2003) |
| 06/03/2003 | 23 | ORDER by Honorable Harry F. Barnes denying motion for order to participate in a prison industry captains program [20-1] (cc: all counsel) (cap) (Entered: 06/03/2003) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/08/2008 18:11:40 | | |
| **PACER Login:** | us0786 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:02-cv-04036-HFB |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# BRIAN L. BROWN

## v.

# FEDERAL BUREAU OF PRISONS, et al.

## Civil Action No. 08-501 (RJL)

## EXHIBIT B

APPEAL, CLOSED, ECF, KAPLAN, M/IFP, PROSE

## U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:07-cv-00543

Brown v. Federal Bureau of Prisons et al
Assigned to: Judge David C Godbey
Case in other court: USCA, 07-10610
                USCA, 07-10610
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 03/26/2007
Date Terminated: 05/16/2007
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Brian L Brown**

represented by **Brian L Brown**
BOP No 05937-010
FMC Devens
PO Box 879
Ayer, MA 01432
PRO SE

V.

**Defendant**

**Federal Bureau of Prisons**

**Defendant**

**Romulo Armendariz**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/26/2007 | | ***Magistrate Judge Kaplan chosen by random selection to handle matters that may be referred in this case., CASE REFERRED to Magistrate Judge Jeff Kaplan for Screening pursuant to Special Order 3-251. (axm) (Entered: 03/27/2007) |
| 03/26/2007 | 1 | Prisoner Civil Rights Complaint filed by Brian L Brown. (Attachments: # 1 Exhibits# 2 Envelope) (axm) (Entered: 03/27/2007) |
| 03/26/2007 | 2 | MOTION for Leave to Proceed in forma pauperis with Certificate of Trust Account by Brian L Brown. (axm) (Entered: 03/27/2007) |
| 03/27/2007 | 3 | Standing Order for Electronic Filings Related to Matters Referred to the United States Magistrate Judge - see order for specifics. (Signed by Judge Jeff Kaplan on 3/27/2007) (axm) (Entered: 03/27/2007) |
| | | |

| 03/27/2007 | 4 | Standing Order Designating Case for ECF - see order for specifics. (Signed by Judge David C Godbey on 3/27/2007) (axm) (Entered: 03/27/2007) |
| --- | --- | --- |
| 03/30/2007 | 5 | FILING FEE ORDER: Plaintiff is granted 2 Motion for Leave to Proceed in forma pauperis pursuant to 28 U.S.C. 1915. Plaintiff shall pay $350.00, the balance of the filing fee in monthly installments as provided in 28 U.S.C. 1915 (b)(1). After payment of the initial partial filing fee, if any, the agency having custody of plaintiff shall deduct 20% of each deposit made to plaintiff's inmate trust account and forward payments to the Court on a regular basis provided the account exceeds $10.00. (see order for specifics) (Signed by Judge Jeff Kaplan on 03/30/07) (bss) (Entered: 03/30/2007) |
| 03/30/2007 | 6 | Magistrate Judge's Questionnaire to Mr Brian L Brown. (Signed by Judge Jeff Kaplan on 03/30/07) (bss) (Entered: 03/30/2007) |
| 04/23/2007 | 7 | RESPONSE filed by Brian L Brown re 6 Magistrate Judge's Questionnaire (mfw) (Entered: 04/24/2007) |
| 05/01/2007 | 8 | FINDINGS AND RECOMMENDATION of the United States Magistrate Judge: Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. 1915(e)(2). Judge Jeff Kaplan no longer assigned to case. (Signed by Judge Jeff Kaplan on 05/01/07) (bss) (Entered: 05/01/2007) |
| 05/07/2007 | 9 | MOTION to Extend Time to respond and or appeal any dismissals by Brian L Brown. (bss) (Entered: 05/07/2007) |
| 05/14/2007 | 10 | OBJECTION to 8 Findings and Recommendation of the United States Magistrate Judge by Brian L Brown. (Attachments: # 1 p16-30# 2 p31-50# 3 p51-70# 4 p71-86) (bss) (Entered: 05/14/2007) |
| 05/16/2007 | 11 | ORDER ACCEPTING 8 Findings and Recommendation of the United States Magistrate Judge. (Signed by Judge David C Godbey on 05/16/07) (bss) (Entered: 05/17/2007) |
| 05/16/2007 | 12 | JUDGMENT: It is ORDERED, ADJUDGED and DECREED that Plaintiff's complaint is summarily dismissed pursuant to 28 U.S.C. 1915(e)(2). (Signed by Judge David C Godbey on 05/16/07) (Attachments: # 1 closure form) (bss) (Entered: 05/17/2007) |
| 05/25/2007 | 13 | NOTICE OF APPEAL as to 12 Judgment by Brian L Brown. NO FEE PAID. (jmr) (Entered: 05/25/2007) |
| 05/25/2007 | 14 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 13 Notice of Appeal. (jmr) (Entered: 05/25/2007) |
| 06/01/2007 | 15 | Order and Notice of Deficiency that plaintiff has 30 days to cure the following deficiency: The $455 appellate filing fee has not been paid nor has a request to proceed in forma pauperis on appeal been submitted. Appellant must submit a request to proceed in forma pauperis on appeal or pay the $455 appellate filing fee. (Signed by Judge Jeff Kaplan on 06/01/07) Copy of order and ifp forms mailed to appellant. (bss) (Entered: 06/01/2007) |
| 06/05/2007 | 16 | MOTION for Leave to Proceed in forma pauperis on appeal with inmate account inquiry printout by Brian L Brown. (bss) Modified on 11/5/2007 (twd). |

| | | |
|---|---|---|
| | | (Entered: 06/05/2007) |
| 06/14/2007 | <u>17</u> | Magistrate Judge's RECOMMENDATIONS re <u>16</u> MOTION for Leave to Proceed in forma pauperis on appeal filed by Brian L Brown should be DENIED for the reasons stated in the Findings and Recommendations filed May 1, 2007 by the Magistrate Judge. (Signed by Judge Jeff Kaplan on 6/14/07) (jmr) (Entered: 06/14/2007) |
| 06/21/2007 | | USCA Case Number 07-10610 for <u>13</u> Notice of Appeal filed by Brian L Brown. (jmr) (Entered: 06/21/2007) |
| 06/22/2007 | <u>18</u> | MOTION for Leave to Proceed in forma pauperis with certificate of trust account and memorandum in support by Brian L Brown. (bss) (Entered: 06/22/2007) |
| 06/25/2007 | <u>19</u> | MOTION for Reproduction of Documents and Forms and Leave for Extension of Time in which to comply by Brian L Brown (mfw) (Entered: 06/25/2007) |
| 06/29/2007 | <u>20</u> | ORDER denying as unnecessary <u>18</u> Motion for Leave to Proceed in forma pauperis; denying as unnecessary <u>19</u> Motion for Reproduction of Documents and Forms and Leave for Extension of Time in which to comply. (Signed by Judge Jeff Kaplan on June 29, 2007) (mfw) Modified on 7/3/2007 (bss). (Entered: 07/02/2007) |
| 07/09/2007 | <u>21</u> | Correspondence filed by Brian L Brown. (mfw) (Entered: 07/09/2007) |
| 08/06/2007 | <u>22</u> | NOTICE OF APPEAL as to <u>20</u> Order on Motion for Leave to Proceed in forma pauperis,, Order on Motion to Produce, by Brian L Brown. T.O. form to appellant electronically at <u>Transcript Order Form</u> or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. (Attachments: # <u>1</u>) with Motion for IFP and Certificate of Inmate Trust Account and Memorandum attached. (jmr) Modified on 8/22/2007 (jmr). (Entered: 08/20/2007) |
| 08/24/2007 | <u>23</u> | NOTICE of Change of Address by Brian L Brown. New address is: #05937-010, U.S.P. Allenwood, P.O. Box 3000, White Deer, PA 17887. (mfw) (Entered: 08/24/2007) |
| 08/31/2007 | | USCA Case Number 07-10610 in USCA for <u>22</u> Notice of Appeal,, filed by Brian L Brown. (jmr) (Entered: 08/31/2007) |
| 09/13/2007 | <u>24</u> | NOTICE of Change of Address by Brian L Brown #05937-010. New address is:P.O. Box 3000, U.S. Allenwood Penitentiary, White Deer, PA 17887-3000. (twd) (Entered: 09/14/2007) |
| 10/09/2007 | <u>25</u> | Received letter from USCA re action pending in case. (jmr) (Entered: 10/09/2007) |
| 10/29/2007 | <u>26</u> | Declaration of Plaintiff filed by Brian L Brown. (mfw) (Entered: 10/29/2007) |
| 10/29/2007 | | MOTION for an order directing the clerk to take certain action by Brian L Brown. (see <u>26</u> for document) (twd) (Entered: 11/08/2007) |
| 11/02/2007 | <u>27</u> | ORDER denying <u>16</u> Motion for Leave to Proceed in forma pauperis on appeal. (See order for further specifics). (Signed by Judge David C Godbey on |

| | | 11/02/2007) (twd) Modified on 11/6/2007 (mfw). (Entered: 11/05/2007) |
|---|---|---|
| 11/07/2007 | 28 | Received letter from 5th Circuit Court of Appeals. (klm) (Entered: 11/07/2007) |
| 11/08/2007 | 29 | ORDER: Plaintiff's motion for an order directing the clerk to take certain action (Doc 26 ) is denied. (Signed by Judge Jeff Kaplan on 11/08/2007) (twd) (Entered: 11/08/2007) |
| 11/15/2007 | 30 | MOTION for Alternative Appeal Payment by Brian L Brown. (twd) (Entered: 11/16/2007) |
| 11/26/2007 | 31 | Copy of correspondence forwarded to the Fifth Circuit filed by Brian L Brown. (mfw) (Entered: 11/30/2007) |
| 11/30/2007 | 32 | ORDER OF REFERENCE: Under the authority of 28 U.S.C § 636(b), Plaintiff's Motion for Alternative Appeal Payment 30 filed November 15, 2007, is hereby referred to United States Magistrate Jeff Kaplan for findings and recommendation. Motions referred to Jeff Kaplan. (Signed by Judge David C Godbey on 11/30/2007) (twd) (Entered: 11/30/2007) |
| 12/06/2007 | 33 | FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE: Plaintiff's 30 Motion for Alternative Appeal Payment should be denied. (Signed by Judge Jeff Kaplan on 12/06/2007) (twd) (Entered: 12/06/2007) |
| 12/13/2007 | 34 | Received letter from USCA5. (lmp) (Entered: 12/14/2007) |
| 12/26/2007 | 35 | Record on Appeal Transmitted to USCA5 re 22 Notice of Appeal,, 13 Notice of Appeal - USCA5 Number: 07-10610. 1 vol. electronic record. (jmr) (Entered: 12/26/2007) |
| 01/31/2008 | | Received letter from USCA5 re acknowledgment of record. (skt) (Entered: 02/01/2008) |
| 05/02/2008 | 36 | Correspondence re Warden's Response filed by Brian L Brown. (twd) (Entered: 05/05/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/08/2008 18:23:08 | | |
| PACER Login: | us0786 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:07-cv-00543 |
| Billable Pages: | 3 | Cost: | 0.24 |

# BRIAN L. BROWN

## v.

# FEDERAL BUREAU OF PRISONS, et al.

### Civil Action No. 08-501 (RJL)


## EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIAN L. BROWN                          §
                                        §
              Plaintiff,                §
                                        §
VS.                                     §          NO. 3-07-CV-0543-N
                                        §
ROMULO ARMENDARIZ                       §
                                        §
              Defendant.                §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Brian K. Brown, a federal prisoner, against Romulo Armendariz, an employee of the U.S. Bureau of Prisons ("BOP").[1]  On March 19, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual and legal basis of this suit. Plaintiff answered the interrogatories on April 23, 2007. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

---

[1]  Although plaintiff's complaint names the "Federal Bureau of Prisons" as an additional defendant, his interrogatory answers make clear that Armendariz is the sole defendant. (*See* Interrog. #5).

## II.

In late 2003, plaintiff was seriously injured in an attack by other inmates while incarcerated at a federal prison in Leavenworth, Kansas.[2] Unable to identify the assailants, BOP officials transferred plaintiff to another prison for his own safety. After several interim placements, plaintiff was transferred to USP Pollock, Louisiana on or about June 8, 2006. Plaintiff alleges that Armendariz, the BOP employee responsible for this placement, knew that other inmates from Leavenworth who had threatened to harm plaintiff also were housed at the Pollock facility. After spending less than three months at Pollock without incident, plaintiff was transferred to USP Beaumont, Texas and then to USP Coleman, Florida, where he remains today. By this suit, plaintiff seeks $35,000 in damages against Armendariz and an injunction separating him from all USP Leavenworth prisoners.

## A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

      (1)     is frivolous or malicious;

      (2)     fails to state a claim upon which relief can be granted; or

      (3)     seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

---

[2] That assault is the subject of another civil rights action brought by plaintiff in Colorado federal court. *Brown v. Nalley*, No. 1-06-CV-00047.

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

### B.

Assuming that plaintiff has sufficiently alleged a deliberate indifference claim against Armendariz,[3] his claim still fails as a matter of law. Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander v. Tippah County*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004). Here, plaintiff admits that he was not assaulted and suffered no physical injury while incarcerated at USP Pollock (*See* Interrog. # 2, 3). Consequently, plaintiff cannot bring a civil action for money damages against Armendariz.

### C.

Nor is plaintiff entitled to an injunction separating him from "all USP Leavenworth Prisoners, USP Pollock, all relevant Gangs, Current, Former, Retired." (Plf. Compl. Mem. Br. at 16, ¶ VI). Even if plaintiff could prevail on his deliberate indifference claim, the only injunctive relief to which

---

[3]     In an unsworn declaration attached as an exhibit to plaintiff's complaint, Armendariz states that "[a]t the time that USP Pollock, Louisiana was designated as inmate Brown's transfer location, no inmate from whom he is required to be separated was identified as being located at USP Pollock." (Plf. Compl., Attch. D at 3, ¶ 8). This evidence would make it difficult for plaintiff to establish that Armendariz was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

he would be entitled is a transfer to another prison. However, plaintiff is no longer incarcerated at USP Pollock. This moots his claim for injunctive relief. *See Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078, 1084 (5th Cir. 1991) (transfer or release from confinement renders claim for injunctive relief moot); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (same).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  May 1, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

# BRIAN L. BROWN

## v.

# FEDERAL BUREAU OF PRISONS, et al.

## Civil Action No. 08-501 (RJL)

## EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIAN L. BROWN                          §
                                        §
            Plaintiff,                  §
                                        §
VS.                                     §          NO. 3-07-CV-0543-N
                                        §
ROMULO ARMENDARIZ                       §
                                        §
            Defendant.                  §

## ORDER

After conducting a review of the pleadings, files and records in this case, and the Findings

and Recommendation of the United States Magistrate Judge in accordance with 28 U.S.C. §

636(b)(1), I am of the opinion that the Findings and Recommendation of the Magistrate Judge are

correct, and they are hereby accepted as the Findings of the Court.

SIGNED May 16, 2007.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIAN L. BROWN                          §
                                        §
            Plaintiff,                  §
                                        §
VS.                                     §          NO. 3-07-CV-0543-N
                                        §
ROMULO ARMENDARIZ                       §
                                        §
            Defendant.                  §

## JUDGMENT

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is ORDERED, ADJUDGED and DECREED that:

1.    Plaintiff's complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

2.    The Clerk shall transmit a true copy of this Judgment and the Order adopting the Findings and Recommendation of the United States Magistrate Judge to Plaintiff.

SIGNED May 16, 2007.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

# BRIAN L. BROWN

## v.

# FEDERAL BUREAU OF PRISONS, et al.

## Civil Action No. 08-501 (RJL)


## EXHIBIT E

APPEAL

# U.S. District Court
## Middle District of Florida (Ocala)
### CIVIL DOCKET FOR CASE #: 5:07-cv-00281-WTH-GRJ

Brown v. Garett et al
Assigned to: Senior Judge Wm. Terrell Hodges
Referred to: Magistrate Judge Gary R. Jones
Demand: $800,000
Case in other court: 11th Circuit, 07-15318-A
Cause: 28:1331 Federal Question: Bivens Act

Date Filed: 07/11/2007
Date Terminated: 10/05/2007
Jury Demand: None
Nature of Suit: 555 Prisoner Civil
Rights (Prison Condition)
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Brian L. Brown**

represented by **Brian L. Brown**
# 05937010
ALLENWOOD
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
WHITE DEER, PA 17887
PRO SE

V.

**Defendant**

**Michael W. Garett**
*Complex Warden*

**Defendant**

**Warden, FCC Coleman - USP-I**

**Defendant**

**FNU C. Sweet**
*Associate Warden*

**Defendant**

**FNU Bouland**
*Unit Manager of Special Housing Unit*

**Defendant**

**FNU Santos**
*Unit/Case Manager of E/F Unit*

**Defendant**

**FNU Ford**
*CMC Manager/Inmate Systems Management*

<u>**Defendant**</u>

**FNU Dole**
*Special Housing Unit Counselor*

<u>**Defendant**</u>

**FNU Collins**
*Unit E/F Counselor Assigned*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/11/2007 | 1 | COMPLAINT for prisoner civil rights against all defendants with jury demand filed by Brian L. Brown. (no service copies provided)(LMF) (Entered: 07/11/2007) |
| 07/11/2007 | 2 | MOTION for leave to proceed in forma pauperis/affidavit of indigency by Brian L. Brown. (LMF) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 07/11/2007) |
| 07/11/2007 | 3 | MOTION for preliminary injunction titled "Motion for Emergency Preliminary Injunction relief blocking access to this court with actual injury complaint" by Brian L. Brown. (LMF) (Entered: 07/11/2007) |
| 08/01/2007 | 4 | NOTICE of Designation under Local Rule 3.05-Track One. Copy mailed to Plaintiff. (MAM) (Entered: 08/01/2007) |
| 09/10/2007 | 5 | MOTION to appoint counsel and MOTION for delivery of documents by special legal mail by Brian L. Brown. (LMF) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 09/10/2007) |
| 09/17/2007 | 6 | MOTION to extend time titled "Motion for extention of time uncontrollable delay" by Brian L. Brown. (LMF) Modified on 9/17/2007 (LMF). (Entered: 09/17/2007) |
| 10/04/2007 | 7 | ORDER dismissing case for abuse of the judicial process. Signed by Judge Wm. Terrell Hodges on 10/1/2007. (ECB) (Entered: 10/04/2007) |
| 10/05/2007 | 8 | JUDGMENT dismissing the complaint. (Signed by Deputy Clerk) (AIQ) (Entered: 10/05/2007) |
| 11/05/2007 | 9 | MOTION for reconsideration re 7 Order dismissing case by Brian L. Brown. (LMF) Modified on 11/6/2007 (LMF). (Entered: 11/06/2007) |
| 11/05/2007 | 10 | NOTICE OF APPEAL as to 7 Order dismissing case by Brian L. Brown. Filing fee not paid. (LMF) (Entered: 11/06/2007) |
| 11/07/2007 | | TRANSMITTAL of initial appeal package to USCA consisting of certified copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 10 Notice of appeal. |

| | | (LMF) (Entered: 11/07/2007) |
|---|---|---|
| 11/19/2007 | | ACKNOWLEDGMENT by USCA of receiving Notice of Appeal on 11/13/07 re 10 Notice of appeal. USCA number: 07-15318-A. (LMF) (Entered: 11/20/2007) |
| 12/06/2007 | 11 | MOTION for leave to appeal in forma pauperis/affidavit of indigency by Brian L. Brown. (LMF) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 12/06/2007) |
| 12/10/2007 | 12 | AMENDED MOTION for leave to appeal in forma pauperis/affidavit of indigency by Brian L. Brown. (LMF) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 12/11/2007) |
| 12/14/2007 | 13 | SUPPLEMENT - Certificate of Inmate Trust Account re 12 Amended MOTION for leave to appeal in forma pauperis/affidavit of indigency by Brian L. Brown. (AIQ) Modified on 12/17/2007 (LMF). (Entered: 12/14/2007) |
| 12/17/2007 | 14 | MOTION to extend time to obtain documentation in support of Motion to Appeal in forma pauperis by Brian L. Brown. (LMF) (Entered: 12/18/2007) |
| 12/28/2007 | 15 | ORDER denying 9 Motion for reconsideration ; ruling deferred 12 Motion for leave to appeal in forma pauperis/affidavit of indigency; granting 14 Motion to extend time. Signed by Senior Judge Wm. Terrell Hodges on 12/28/2007. (ECB) (Entered: 12/28/2007) |
| 02/04/2008 | 16 | PRISONER consent form and financial certificate by Brian L. Brown. (LMF) (Entered: 02/04/2008) |
| 02/07/2008 | 17 | ORDER denying 12 Motion for leave to appeal in forma pauperis/affidavit of indigency. Signed by Senior Judge Wm. Terrell Hodges on 2/7/2008. (ECB) (Entered: 02/07/2008) |
| 02/08/2008 | | TRANSMITTAL to USCA forwarding Certified Copy of Court's Order Doc. No. 17 re 10 Notice of appeal. USCA number: 07-15318-A. (AIQ) *** Copy mailed to Unrepresented Parties: Brian L. Brown. (Entered: 02/08/2008) |
| 02/11/2008 | 18 | Amended NOTICE OF APPEAL as to 15 Order denying motion for reconsideration and 17 Order denying Motion to proceed on appeal in forma pauperis by Brian L. Brown. Filing fee not paid. (LMF) Modified on 2/12/2008 (LMF). (Entered: 02/11/2008) |
| 02/12/2008 | | TRANSMITTAL to USCA forwarding Amended Notice of Appeal re 18 Amended Notice of Appeal. USCA number: 07-15318-A. (LMF) (Entered: 02/12/2008) |
| 02/28/2008 | | ACKNOWLEDGMENT by USCA of receiving Amended Notice of Appeal on 2/14/08 re 18 Notice of appeal. USCA number: 07-15318-A. (LMF) (Entered: 02/28/2008) |
| 02/28/2008 | | ACKNOWLEDGMENT by USCA of receiving Order re Motion for |

| | | leave to appeal in forma pauperis on 2/13/08 re <u>10</u> Notice of appeal. USCA number: 07-15318-A. (LMF) (Entered: 02/28/2008) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/01/2008 13:34:12 | | | |
| **PACER Login:** | ux0212 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:07-cv-00281-WTH-GRJ |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# BRIAN L. BROWN

## v.

# FEDERAL BUREAU OF PRISONS, et al.

## Civil Action No. 08-501 (RJL)

## EXHIBIT F

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRIAN L. BROWN,

       Plaintiff,

v.                                                    Case No. 5:07-cv-281-Oc-10GRJ

MICHAEL W. GARETT, et al.,

       Defendants.

_____

## ORDER DISMISSING CASE

     Plaintiff initiated this prisoner *pro se* civil rights case by filing a Complaint, a motion for leave to proceed as a pauper, and Motion for preliminary injunction (Docs. 1, 2, and 3). In the Complaint, Plaintiff asserts that corrections officials at FCC Coleman denied Plaintiff his right of access to court and impeded Plaintiff's access to the BOP's administrative remedy process. See Doc. 1.[1]

     Plaintiff executed the Complaint in this case under penalty of perjury. See Doc. 1 at 9. The Complaint form requires Plaintiff to disclose all previous civil actions pertaining to his imprisonment or the conditions of his imprisonment. See id. Section IV.C. Further, the form requires Plaintiff to respond as to whether he has had "any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service[,]" and if so to identify "each and every case so dismissed." See id. Section IV.D.; 28 U.S.C. § 1915(e)(2). In response to this

---

[1] Although Plaintiff wrote in the case caption that the case was filed "under immediate danger of imminent health & safety, life issues," there are no factual allegations suggesting that Plaintiff was under any threat of physical harm in connection with his claims.

query, Plaintiff checked "No" and added the notation "cases still pending." Id.

A review of the Pacer Service Center's U.S. Party/Case Index reflects that in fact Plaintiff has had at least three prior federal civil actions dismissed as frivolous or for failure to state a claim upon which relief may be granted or prior to service. See Brown v. Russell, case number 4:02-cv-04036-HFB, W.D. Ark., dkt. entry 6 (dismissing case on 4/23/02 prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)), and dkt. entry 21 (4/9/03 judgment of U.S. Court of Appeals for the Eighth Circuit affirming dismissal). Plaintiff did not identify Brown v. Russell anywhere in his Complaint. See also Brown v. Narvais, case number 5:06-cv-228-F, W.D. Okla., dkt entry 64 (dismissing case on 4/25/07 pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and issuing three-strikes notice), Brown v. BOP, case number 3:07-cv-543, N.D. Tex., dkt entries 8, 11, 12 (summarily dismissing case before service on 5/16/07 pursuant to 28 U.S.C. § 1915(e)(2)). Although Plaintiff has filed appeals from the dismissals of these latter two cases, they plainly fall within the requirement to identify "any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service[.]"

A purpose for requiring prisoner plaintiffs to provide prior case information is so that the Court may accurately assess whether a plaintiff is entitled to proceed as a pauper under 28 U.S.C. § 1915, which affords prisoner plaintiffs the benefit of making fee payments in installments. That purpose is thwarted when plaintiffs do not disclose the existence of prior cases which may count as strikes for purposes of § 1915(g). "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals

2

and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (abrogated on other grounds, Jones v. Bock, ___ U.S. ___, 127 S.Ct. 910, 921 (2007)).   Plaintiff's failure to identify these dismissals as required in Section IV.D. of the Complaint form unnecessarily put the Court to the burden of researching Plaintiff's filing history and reviewing the dockets in his prior cases to determine whether Plaintiff was entitled to take advantage of the installment-fee provision of the IFP statute.

The Court finds that Plaintiff's failure to disclose his previous dismissals, under penalty of perjury, constitutes an abuse of the judicial process.  See Rivera, 144 F.3d at 731.  An appropriate sanction for such abuse of the judicial process is the dismissal of the Complaint.  Id.  Further, the dismissal of this case counts as a strike for purposes of 1915(g).  See id.  If Plaintiff accumulates or has now accumulated at least three strikes, he may not proceed as a pauper while he is incarcerated absent a showing that he is in imminent danger of serious physical harm.  See 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 1st day of October 2007.

_(signature)_

UNITED STATES DISTRICT JUDGE

c: Brian L. Brown

3

4

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**BRIAN L. BROWN,**

                           **Plaintiff,**

-vs-                                           **Case No.  5:07-cv-281-Oc-10GRJ**

**MICHAEL W. GARETT, Complex Warden, WARDEN, FCC COLEMAN – USP-I, FNU C. SWEET, Associate Warden, FNU BOULAND, Unit Manager of Special Housing Unit, FNU SANTOS, Unit/Case Manager of E/F Unit, FNU FORD, CMC Manager/Inmate Systems Management, FNU DOLE, Special Housing Unit Counselor, FNU COLLINS, Unit E/F Counselor Assigned,**

                           **Defendants.**

---

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that pursuant to the Court's Order entered October 4, 2007, the Complaint is dismissed.

Date:  October 5, 2007

                                SHERYL L. LOESCH, CLERK

                                *Ana J. Quinones*

                             By:    Deputy Clerk

Copies furnished to:

Counsel of Record
Unrepresented Parties

## CIVIL APPEALS JURISDICTION CHECKLIST

I.   **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a)   **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

   (b)   **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c)   **Appeals pursuant to 28 U.S.C. Section 1292(a)**:  Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d)   **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e)   **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.   **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

   (a)   **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b)   **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c)   **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d)   **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e)   **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.   **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant

4.   **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).