IN THE UNITED STATES DISTRICT COURT
___The___ DISTRICT OF __Columbia__

Civil Action No. 08-_0501_- RJL

BRIAN L. BROWN ,

    Plaintiff-Movent

Vs.

Federal Bureau of Prisons, et al

    Defendant-Respondent() ,

---

Motion For A Temporary Restraining Order
Fed. R. Civ. P. 65 (b)
Order Requesting Temporary Injunction

---

COMES NOW Plaintiff, Brian L. Brown, In Re Pro Se Move this Court to, "Temporary Injunct and -or- Restrain", the Defendants, of the Federal Bureau of Prisons, from blocking access to this Court, by way of denying Sufficient Legal Postage, to access this Court and others, to properly Comply with Federal and Local rules, restraining from announced plan to stop, as follows,

RECEIVED
JUN 5 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1) Plaintiff, Brian L. Brown, SR, ("Brown"), re-pro-se, is a prisoner of the United States of America, pursuant to <u>U.S. vs. Brown</u> 330 F.3d. 1070 (8th Cir 2003), currently under attack.

2) The currently, Brown is housed at the Federal Medical Center of Devens, in Ayer, Ma (air), however his current "parent" facility, remains "USP Allenwood". Brown was, due to issues "directly", involved in this case, "shipped out", along with other prisoners, 400 miles away, instead of transfered pursuant to rules and regulations 28 CFR 541.22, 23., PS. 5270.07.

3) That as a result, Brown is now, "trapped", in a constant holdover status, unable to go anywhere, held in Special Housing Unit.

4.) At issue in this motion, Brown was informed by the Warden holding Brown, in a made up holdover status, he is "only" allowed 8 stamps per week as holdover status. (3 for personal, and 5 for legal)., but no more.

5.) The problems, like in this Case, Brown has active legal, non-frivolous Cases, in other jurisdictions, in both district and appeals Courts. (<u>Brown</u> is <u>exc</u>) See [Doc 1, Cases filed by Plaintiff].

6.) That this Court may review this issue pursuant to 5 USC 701 exc, of the Administrative Proceedures Act, 704, asking for preliminary injunction.

7.) That due to denial of enough postage to mail Court documents, and Administrative Remedies, that timley access, to full use of administrative remedies are no longer available, under threat of dismissal of lawsuit. See [<u>Foulk</u> vs <u>Charrier</u> 262 F.3d 687 (8th Cir 2001).

3

8.) Upon information and Belief, the Defendants, Specifically National Director, is believed discovered, and failing to render mandates to correct, the denial a available access to necessary postage for active legal cases.

9) Upon information and belief, that Regulations governed under 28 CFR 541.21 (d), Clearly states as well as Program Statement 5265.11, page 21 and 22, at (d), govern the allowed stamps to be given, [1] under "Holdover status".

10) Upon information and belief, Holdover inmates are waiting for designation to other facility, Brown's designation has been denied, and awaits punishment Status until November 2008. Brown is holdover status.

4

11) Upon information and belief, Brown is/and has been unable to work since, Dec 2003, see [Doc 2 informa paupis], as a direct result of issues before this Court, and as a result of Mismanagement, Brown is at a facility where he is refused access to Compound, and ability to work.

12) Upon information and Belief, Brown's belief is, it is governments duty to provide funds for, Browns needs, or the ability to earn them, to which the government refuses to do. That without aid, Browns rights are denied.

13) For Relief, pursuant to 28 CFR S40.21, and PS. 5265.11, Brown requests Court to issue a Injunction, preventing the Federal Bureau of Prisons from denying postage, to provable "Active Legal Cases", and Administrative Remedies.

14) For Relief, Pursuant to 28 CFR 540.20, and P.S. 5265.11, Brown requests, the government be restrained, from denying Brown's ability to recieve postage, either by promess to pay by form 24, or by free give out.

15.) For Relief, Pursuant to 28 CFR 540.21, P.S. 5270.11, Brown requests that the defendants be Injunted to follow established Regulations, until such time that Brown is transfered to a new facility, or he is employeed, and becomes no longer indigent. and TRO will remain in effect, until issue is formally mandated by defendants, at which time Brown will notify Court and the TRO, will be lifted.

6

Wherefore the above and foregoing reasons, move this Court to issue a Temporary Injunction / Restraining order, to allow the issuance of Postage necessary to Comply with this action, Unless and until the defendants, on there own Comply.

Respectfully Submitted
/S/ Brian L. Brown
    Brian L. Brown
    Fed No. 05937-010
    P.O. Box 879
    FMC Devens, S.H.U.
    Federal Medical Center
    Ayer, Ma 01432-879

Date: May 2, 2008

CERTIFICATE OF SERVICE

The following was placed in the United States Postal Service Postage Prepaid on this ___5th___ date of __May__ 2008, by useing Prison Special Legal Mail, and Indgent Postal Service, by placeing in hands of Counsler on this ___5th___ date of __May__ 2008.

PURSUANT TO HUSTON V. LACK 487 US. 266 (1988)

TO: The United States Attorney's Office
For The District of Columbia
555 Forth Street N.W.
Washington, DC 20001

and

General Counsel.
Federal Bureau of Prisons
320 1st. St. NW
Washington, DC 20534

Respectfully Mailed/ Submitted;

/s/ BRIAN L. BROWN

Brian L. Brown, #05937-010
Federal Medical Center
P.O. Box 879
Ayer, MA 01452-0879