IN THE UNITED STATES DISTRICT COURT
THE   DISTRICT OF Columbia

Civil Action No. 1:08-CV-00501-RJL

BRIAN L. BROWN ,

    Plaintiff-Movent

Vs.

Federal Bureau of Prisons

    Defendant-Respondent() ,

---

Motion For Leave To Correct/Amend

Defendants IN Complaint

---

COMES NOW Plaintiff, Brian L. Brown, In Re Pro Se Move this Court to, Pursuant to Fed. R. Civ. P. Rule 15(a) and 19(a), hereby requests permission to leave to file an amended Complaint, only to the matter of proper named defendants, intended to Correct misunderstanding, reflected in records of the Court, as follows,

RECEIVED

JUN 5 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

"Original"

1) The Plaintiff, Brian L. Brown, (Brown), is the correct Plaintiff, that is properly before this Court, no change is requested.

2) However, since the filing of the Complaint, the plaintiff has learned, that the record, reflects improperly named defendants, Brown is moving, to correct this.

3) The following is requested, to replace all named defendants, as follows;

    a-1. The Federal Bureau Of Prisons R.E.

    a-2. National Directors Office Re ; And
        ~~Harry Lappis~~ Harley Lappin

    a-3. South Central Regional Office Re; And
        G. Maldonado JR, Regional Director.

    a-4. United States Penitentiary - High Security Re; And
        T.C. Outlaw, Warden.

a-5. Designation And Computation Center Re:
(Not Yet Named), Administrator

a-6. North Central Regional Office Re:
Michael K. Nalley, Regional Director.

5) That the "Record", Should reflect the aforementioned, and should [not] reflect, "JR", or U.S. Arm Forces. see [Doc 1]

6) That since process was effected to Counsel, see [Doc.6], Brown moves this Court [if needed] to issue a Waver, to the remainder of unserviced defendants.

7.) The Wavers, although are for "Agency" purposes only, request Summons-Wavers, be issued for, T.C. Outlaw, Warden USP Beaumont (see Doc 1 p. 5 pt. 10), and The Administrator, of Designation And Computation Center.

8.) That the requested "Amended Defendants", although previously (believed) properly identified, should reflect, "Agency Only", and no independant action, "only Agency Action"

9.) That because the misunderstanding may have been due to Plaintiff, Brown would [not] object to a "re-set", or timly Continuance, or an extension of time.

10.) That pursuant to Foman v. Davis 371 U.S. 178, 182 (1962) Court should grant leave freely, to correct the misunderstanding.

Wherefore the above and aforementioned reasons, Move this Court to grant leave to, fix what amounts to a misunderstanding, and allow the reflection, as requested and any other relief this Court deems Just.

Respectfully Submitted
/s/ Brian L. Brown
Brian L. Brown
Fed No. 05937-010

4

Declaration And Certificate of Service
Supplement

On the 21 date of May 2008, I gave my Copies to my Unit Staff, Copies were not returned until the 26th date of May 2008. (returned by Mark)

Postage was not issued, for indigent mailing until (by Unit Manager) the 28th date of May 2008, and then and only then was documents allowed to be placed in the hands of staff for mailing, pursuant to Houston v. Lack 486 U.S. 266 (1988), on the 28th date of May 2008, this should show proof delays were not my fault. and should be incorporated with attached, Certificate of Service.

Respectfully Submitted

Brian C Brown
05937-010

Page 5

CERTIFICATE OF SERVICE

The following was placed in the United States Postal Service Postage Prepaid on this  28th  date of  May  2008, by useing Prison Special Legal Mail, and Indgent Postal Service, by placeing in hands of Counsler on this  28th  date of  May  . 2008.

PURSUANT TO HUSTON V. LACK 487 US. 266 (1988)

TO: The United States Attorney, District of Columbia
555 Forths Street, NW
Washington, DC 20001

Respectfully Mailed/ Submitted;

/s/  BRIAN C. BROWN

Brian L. Brown, #05937-010
Federal Medical Center
P.O. Box 879
Ayer, MA 01452-0879