IN THE UNITED STATES DISTRICT COURT
THE   DISTRICT OF  COLUMBIA

Civil Action No.  1:08-CV-00501-RJL

RECEIVED

JUN 23 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BRIAN L. BROWN     ,

      Plaintiff-Movent

Vs.


Federal Bureau of Prisons  Re:,

      Defendant-Respondent(s)  ,

---

Request To Deny, Defendant(s) Motion
— To —  Revoke —
Plaintiff's Informa Pauperis Status

---

COMES NOW Plaintiff, Brian L. Brown, In Re Pro Se Move this Court
to , deny the defendant (s) , Motion To Revoke , Plaintiffs ,
Informa Pauperis Status , As per the grounds provided , and
evidence claimed , No evidence exists , that three Strikes have
been issued, further the Motion runs afoul with Court precedent, as follows,

<u>Statement Of The Case</u>

1. This is a Claim brought under the Privacy Act , pursuant to 5 U.S.C.

552a (g) , filed by Brian L. Brown SR, ("Brown") alleging that the Defendant (s)

Violated his rights under the Privacy Act , alleging that the defendant (s) intentionally

and willfully " failed to maintain accurate records" , and "as a result" adverse

determination was made" , which resulted in personal" serious injury" , <u>see</u> [Doc I].


2. The   Defendants , come before this Court on a self created

Motion , Moving this Court following it's pre-screening , to "yank" , the Informa

Pauper Status from Brown , makeing (false) claims that Brown has filed

over (23) Federal Cases (but dose not support with evidence) , and that three

or more of (those) 23 Cases , have been denied for being frivolous or for

failure to State a Claim , and should count as "Strikes" , unless plaintiff

pays his filing fee. When in fact , the issues of this case , can be shown

to be the "Spark" , that set the 8th Admendment throughout this Countrys Courts !

3. I notice the defendant(s) are further out of time to reply to

answer. <u>See</u> Motion For Default Judgement, , and Motion is <u>not</u> properly before the Court.

## <u>Analysis</u>

First under the Prison Litigation Reform Act, ("PLRA"), prisoners whom

Courts allow to proceed, IFP (28 USC 1915), must pay the entire fee, over time

28 USC 1915 (a). (b). (empasses intended).

Second, the Central issue Currently before this Court, that has been brought

by the defendants, is that Brown should has his (IFP) status "yanked" because

the defendant believes, Brown has filed 23 Federal Actions (of Course without proof)

and because they (the defendants) Could not find them selves a dismissal, all of

there (barrowed) findings should be "strikes", and the IFP "yanked", in hopes

to disnmiss, this action. (But not so fast).

This motion, accompanied withs, factual misrepresentations runs afoul withs

both Supreme Court and D.C. Circut Courts precidents.

When the government makes the defensive Claim, Concerning the "three

Strikes provision", the goverment bears the "inicial burden" of producing

evidence, of three dismissals, but, "Once it has done so .... the presumption

then shifts (back), to the plaintiff, see Thompson v. Drug Enforcement Admin.

492 F.3d 428, at 433-434 (D.C. Cir. 2007).


The Defendant Contends that, "no matter what", if a Complaint is dismissed for

being frivolous, malicious, or fails to state a Claim, it should Count as a "strike",

again this runs afoul with Thompson 492 F.3d 428, (Recent DC.) and Jones v Bock

549 US ____, 166 L.Ed2d 798 (2007).


The Defendant first Contends that Brown has filed at least 23 federal

Cases, first this is a flat lie to this Court, this should show this Court what to

expect from this defendant, and appears that the ability to maintain accurate records

runs through Counsel as well, Brown has not filed 23 federal Cases, and since

the defendant(s) Cannot prove otherwise, because no evidence was provided not.

even a pacer docket statement , other than the limited evidence provided

by the Defendants, ( when the government dose not provide any evidence capable of

Showing that the district Court dismissed the case on 1915 (g) grounds , it dose

not Count as strike) emposes intended , Thompson 492 F.3d at 436 .


## Review Of Claimed Cases


1, Defendants claim that in Brown v. Russel , et.al No. 4:02 CV 04036

(W.D. Ark April 23, 2002) plaintiff accumulated a strike , pursuant to 28 USC 1915 (e),

(2), (B). , this is not Correct as Clearly stated upon the record and shown also

herein , that the U.S. Magistrate Made the recomendation , see [ Exibit A at Doc 4 ],

but the District Court following the Objections, ruled that : (" Plaintiff's Complaint is

defective , for the reasons more fully discussed in Report and Recommendations",)

See [Exibit A - 2 ] , the Case was dismissed , for being Complaint defective , as

Spelled out in docket statement, See [Exibit A_p2] .

As stated, "Dismissal for lack of jurisdiction, do not Count as strikes"

Thompson 492 F.3d at 440 (v). ("if the Court dismisses the Complaint

on some other kind of .... Motion .... dismissal will Not Count as a strike")

Thompson 492 F.3d at 438. see [Exibit A pg 2 at 6].


2. Next, Defendants claim that Brown v. Armendariz 3:07-cv-

0543-N, N.D De. of Tex, Accumulated another strike pursuant to

28 USC 1915 (e), see [Exibit B]. The fist to Cuff, the first thing

made absolutely Clear even in evidence, is the Case is "under appeal", in the

Fifth Circuit Court of Appeals, see [Exibit B, p. 07-10610, at 1 and pg 4

Doc 35].

The Action is upon appeal, Circuit precedent is Crystal Clear, (" the

district Court dismissals, Cases upon appeal, do not Count as strikes, until the

respective appeals are exhausted) Thompson 492 F.3d at 432-433.

Further, the Appeal is believed to have merit , as displayed by defendants

Browns entire Complaint in the Texas Case was dismissed because it Claimed

that pursuant to 28 USC 1915 (e)(2) , because it made Claims for Monitary

damages , Without (proper) Claim to personal injury. Should be 1915 (e)(3) not Strikaable.

First the issue was dismissed , [Exibit C p. 2] for Claimming injures

damages , Without injury and [Exibit C p. 3] and for improper injunction request,

as appealed, this runs afoul With , Jones v. Bock  166 L.Ed2d at  817  , and

injunction issue , Farmers v. Brennan  511 U.S. 825 (1994)  , and Circut precedents

on Hermon v. Holiday  238 F.3d 660 (5th Cir 2001),

Further even if the appeal fails, (" a dismissal of Complaints that seek ,

Monetary relief from a defendant who is immune from such relief ", a reason

Not Covered by Section 1915 (g))" Thompson  492 F.3d  339 (8) , Brown will

be able to over Come the appeal , and will not be Consitued a "Strike".

3. Next, the Defendant(s) claim, that Browns final strike, was proven by Brown v Garett et, al No. 5:07-CV-281-Oc-10 GRM (MD Florida), see [Exibit E] again like in the other case, this case is "upon appeal" to the Eleventh Circuit Court of Appeals [Exibit D p. 2 at 10, No. 07-15318-A), again, the district court dismissals on Appeal do not count as strikes, until the appeal is final, see Thompson 492 F.3d at 432-433.

4. Further in an attempt to [Not] sound arrogant, the Eleventh Circuit Appeal should be reversed, as the basis of the Florida case was upon documents that were filed, and pleading requirements, similar to the issues and cases that are before this court, except in the Florida case, the primary case used was Browns Oklahoma case, see [Exibit E p. 2] (refering to Brown v. Narvais No. 5:06-CV-228, W.D. Okl.), however the appeal will be reversed if not for other reasons, but for relying on the strikes of the Oklahoma case, which was ["Reversed and Remanded"] by the Tenth Circuit Appeals Court

The issues Warned in Thompson 492 F.3d , were and will be the
fallout of the Circuit in the District of Columbia , as perdicted by its Justices
its clear the wisdom , and its meanning, The Florida Case will not survive
the appeal based on the Oklahoma Case , even if it dose , this would only
be considered one strike , except this Circuit has made it clear , "Dismissals
pursuant to Section 1915 A screening , do not count as strikes unless based
on one of the grounds enumerated in Section 1915 (g) , Thompson 492 F.3d
at 440 , , and failure to plead strikeable Cases [if any] would not be a strike.

Conclusion

That nowhere even within the (23) alledged cases have Brown
been called out, claim any viable "strike" issues, this Court has a proper
screening proceedure pursuant to 1915A , and has screened and properly
approved IFP Status.  I would move this Court to deny this frivolous
attempt , and proceed upon any other relief this Court deems just. , Including
"Motions To Dismiss" for Default Judgement.

Any other Cases Caused Strikes?

History

1.) In Arney v. Southwestern Bell , No. 3:95-CV-3036 , D.KS.

        a) Not filed by Brown , Brown requested to intervene

Not allowed       was denied.

Party to Case      b) Denial of right to intervene is not a 1915(g) dismissal

        See Thompson v. Drug Enforcement  492 F.3d 428, 437 (D.C. Cir 2007)

     See [ Exibit F-19 (due to Volume pg only) p. ]

        C) Not a Strike.

2. Brown v. Warden Cauley , No. 4.02 CV 4036 , W.D. Ark

        a) Conditions of Confinement / 42 USC 1983

Assult Set up by    b) Dismissed 42 USC 1997(e) , not a 12 (b)(6) motion

Staff Case.      (c) not a 1915 (g) dismissal

     Not strike if not on a 12 (b) (6) Motion , Thompson 492 F.3d 438

     See [ Exibit F·22  pgs 1 thru 3 ]

History - Cont

3.) Brown v. N.L. Conner , No. 5:04 CV 3359 , D.KS.

Assult Complaint         a) Habeas Corpus under 2241 , dose not Count.
Sent to other            b) Copies Unavailable.
Court 1983               c) dismissed jurisdictional issue, / not strike

4.) Brown v. Russell   No. 4:02 CV 4036 , W.D. Ark.

                         a) NON Conditions Case 42 USC 1983
Assult and               b) dismissed as defective Complaint
Conditions of Confinement  c) an instant dismissal pursuant to 28 USC 1915A
                         Must be a 1915 (g) issue, defective Complaint not one , see
                         Thompson v. Drug enter 492 F.3d at 437
                         [Exibit A (due to vol only part pgs] (No strike)

5) Brown v. Narvais  No. 1:06 CV 0047 , WD. OKL.

Verbal Assult            a) Won appeal  | 42 USC 1983
                         b) Re-Active Case.

          [Exibit E and F- ]

11

<u>History - Cont</u>

5) <u>Brown</u> v. <u>Nalley</u>   No. 1:06 CV 6047   D. Co.

Serious          a) Active Case
attack           b) 42 USC 1983

[ Exibit ____ Cover only ], - No ~~Pages~~ Due to pro bono

6) <u>Brown</u> v. <u>Eardley</u>   No. 5:04 CV 3216   D. KS

                 a) 42 USC 1983
Serious          b) failed to exhaust remedies.
Assult           c) Conceed (mabe) a strike.
                 d) But was dismissed on a Summary Judgement
is not a strike? <u>Thompson</u> 492 F.3d 428, 438,
                 e) Appeal not frivolous.
[Exibit F 27 relevant pages only] , [Exibit F-29] - Appeal

7. <u>Brown</u> v. <u>Corey</u> et,al , No. 5:06 -CV- 3003  D. KS

Serious          a) 42 USC 1983
Assult           b) Active Case

        [ Exibit 30 Cover page only ]

<u>12</u>

8.) <u>Brown</u> v. <u>H.A. Rios</u> No. 1:05 CV 1603        D. Co.

28 USC 2241              a) 28 USC 2241
Disciplinary            b) Disciplinary Appeal. / Denied
Appeal                  c) Habeas Dose not Count
                        d) Did Appeal, denied
            [Exibit F-31 Cover page only] [Exibit F-32-36 Appeal]


9) <u>Brown</u> v. <u>Warden</u> 1:05 CV 3069        D.Co.

Habeas Corpus           a) 28 USC 2241
Madn Req.               b) Writ of Mandamnus
                        c) Habeas Corpus dose not Count
                        d) Appealed / Dismissed.

        [Exibit F 37 relevant documents] [Exibit F-41].


10.) <u>Brown</u> v. <u>US</u> 1:06 CV 00450        Fed. Claims

Property                a) 28-1491 Tucker Act,
Loss                    b) Transfered to US. D. Colorado.
Claim

        [Exibit 43 Cover only]


13

11) <u>Brown</u> v. ~~Robert~~ U.S. , No. 5:07 CU 00717    D. Colo.

Transfered        a) 28 usc 1343  Tort Claim Action
Property          b) Active Case
Claim

[ Exibit F 46  Cover only ]


12. <u>Brown</u> v. <u>Garett</u> , No. 5:07 CU 00281      W.D. Fl


Dio , Denial       a) 42 USC 1983
Access to          b) Dismissed / Strike ?
Redress / Courts   c) On Appeal  Eleventh Circuit Court of Appeals
Assult.            No.

        [ Exibit _D_ Cover , and _D_ Appeal ]
     No Strike while upon Appeal , <u>Thompson</u> 492 F. 3d 440


13. <u>Brown</u> v. <u>Armendariz</u>  3:07 CV 2154    N.D. Tex

Transfer          a) 42 usc 1983
Threat            b) Active
Assult    [ Exibit ____ Cover only ]   No. Dec.


14

14.) Brown V. Armendariz 3:07 CU 00543   N.D. Tex

Transfer          a) 42 USC 1983
Threat            b) Dismissed 1915 (e)
  Assult          c) Upon Appeal

        No Strike Counted while upon appeal . Thompson 492 F.3d 440.
        [Exibit ____ p's relevant only ]


15.) Brown U. Federal Bureau of Prison, 1.08 CU 00501   D.C. dc.

Transfer          a) Active cases
 Threat           b) 5 USC 552 (g)
  Assult - Doe's

    16.) Brown U. Sabol , 4:08 CU 40083          D. Mass

                a) 28 USC 2241
Disciplinary    b) Habeas Corpus.
Habeas.             Dosent Count.


        [ Exibit. F-47 Cover only ]

## Conclusion

Although Brown is active upon the Courts, as he claims he needs

to be as he is attempting to stop the abuse and violence, and attempting to

retain his rights as he is shipped all over the Country, further Brown is not

abusing any Court, as review of all claims deals with issues if bodily harm,

or Habeas importance. No claims exists, beyond 3 strikes, Only Claim

Brown questions is the Kansas Claim p. 12, N.6, that is further in question,

there is no, beyond 3 dismissals, that Count as strikes, pursuant to

Thompson Supra. (the motion is not a defense and not properly before the Court)

## Under Threat Of Serious Bodily Harm

If this issue, the Court is to review under 28 usc 1915 (g) if the Plaintiff

is under threat of serious bodily or physical harm if this Court does not allow

him to proceed, see Butler v. Dept of Justice 492 F.3d 440 (D.C. 2007),

Browns Case although is not a Conditions of Confinement Case , but a Case that goes insted right to the heart of the issue, The Failure To Maintain Accurate Records under 5 USC 552 a (g).

Under this provision (g) of 28 USC 1915 , Brown specifically claims and it is well understood that , Brown is claiming that since his nearly deadly assult , where he was stabbed and almost Killed , Brown has been sent to numerous prisons. (USP Leavenworth, USP Florence, USP Pollock , USP Beaumont, USP Coleman1, USP Allenwood ) .

That along the way Brown , and after he arrives , is always , found to be in danger , because Brown is upon a class of inmates , due to his incident offence and his status as a former Leavenworth USP , stabb victim , because staff who have other means to protect Brown cannot because , the defendants , are "Knowingly and willfully placing Brown in a class of Prisoners , and failing to maintain records of threats, and re-sends Brown to where the threat is , and in this instant caused , an assult , that only staff could have been warned of.

17

If this Court decides Brown's claim, if fails, would result in the Prison

Authorities, to Continue to Mis-Maintain records, they will allow a threat of harm to

Continue, and Subject Brown to further assult, Without any means of stopping the

assult because, well Brown does not have any money, he cannot access our Courts,

   If this Court refuses to accept (now) IFP status, after other Courts

have allowed It [See Exibit F-47], Brown will be injured physically,

   Brown has came to this Court with a injury and a threat of future injury,

based upon a threat of "Contempory Nature Likely To Continue", see Farmers v.

Brennen 511 US, 825, 844-846 (1994), as is asking the Defendants to

fix the information, or pay a penalty and be forced to fix it, Brown prefers the

First.

   Brown only goal under 1915 is to stop the misinformation (that defendants)

Know is true from developing into harm, unlike Butler 492 F.3d 440,

or Thompson 492 F.3d 428, Brown seeks protection from harm

18

Brown has filed actions in this Court , but has not faced dismissals

that would count as strikes, Browns filings are not abusive , if the PLRA

would have limited Browns suits to only "those that show threat of harm"

all of Browns Suits would still be shown , except the Habeas Corpus Challenges

that do not Count.

Further the appeals are not frivolous, as displayed in the Oklahoma

Suit, where the Tenth Circuit , sided with Brown, see [Exibit E-16], and

if the Court re-reviews it will find that , the Florida Case , was based upon

Oklahomas "strikes" , that has been reversed, as well as Texas 1915 (e)

rulling should be a 1915 (e) (3) , which is not a strike pursuant to Thompson ,

This Case alone will not stop any other Case , but will in long

term , will aid in the resolution , if the Prison authorities , begins to fix

the records , Brown will not be transfer , or further attacked , thus will

eliminate further , anymore need to redress to the Courts.

By instead of suit when the wheel falls off, stop the well and fix it

so it dose not fall of, and nobody gets hurt for this reason, This Court like

texas [Exibit —] can easly dismiss this Case if it appears Brown is Bothering,

But the pleading its self screams for help., and if the Court would ponder

the relief for one moment, if a) the defendants fix the information, than

b) Brown's information is fixed, and c) Brown dose [not] get hurt, c) Brown

leaves this Court, Case closed. The Court knows alto well, Brown will (if)

information is fixed will return to a (safe), or can be safe for a prison, he

will be put to work, and will end this Case, the alternative is Brown will be

face with bodily harm and personal injury, that is well pleaded see [Doc 1],

Pursuant to 28 USC 1915 (g), if this Court wants to "yank" the IFP, perhapps

this Case should not be the one, and because of the pleading so made, allow

IFP, perhapps under Conditions, but allowed to prevent Physical injury that

[will] evolve if this issue is [not] allowed.

Wherefore the following and foregoing reasons move this Court to "Deny" Defendants motion to "Yank" IFP status, as three strikes have not been accumulated and to [Allow] IFP status, if not on face, pursuant to 1915 (g) as review of the case shows a threat of physical injury will occur if issue is not redressed., and any other relief this Court deems just.


Respectfully Submitted
/s/ Brian T. Brown
Brian T. Brown                      Date   June 8, 2008
Fed No. 05937-010
P.O. Box 879, SHU Iso 303
FMC Devens
Ayer, MA 01432-0879

21

Declaration And Certificate Of Service
Supplement

On the ___8th___ date of ___June___ 200_8_ , I

gave my Copies to my Unit Staff , Copies were not returned

until the ___9th___ date of ___June___ 200.8 . (returned by ____)


Postage was not issued , for indigent mailing until (by Unit Manager)

the ___11th___ date of ___June___ 200_8_ , and then

and only then was documents allowed to be placed in

the hands of Staff for mailing , pursuant to Houston v. Lack

486 U.S. 266 (1988) , on the ___10th___ date of June ___

200_8_ , this should Show proof delays were not my fault.

and Should be incorporated with attached , Certificate of Service.

Respectfully Submitted

_Brian L. Brown_

05937-010

Page ___22___

## CERTIFICATE OF SERVICE

The following was placed in the United States Postal Service Postage Prepaid on this ___8th___ date of ___June___ 2008, by useing Prison Special Legal Mail, and Indgent Postal Service, by placeing in hands of Counsler on this ___10th___ date of ___June___. 2008.

PURSUANT TO HUSTON V. LACK 487 US. 266 (1988)

To: Jeffrey A. Taylor United States Attorney
    Rudolph Contreras and Marian L. Borum AUSA's
    555 4th Street, NW - Civil Division
    Washington, DC 20530

Respectfully Mailed/ Submitted;

/s/ BRIAN L. BROWN

*Brian L. Brown, #05937-010*
*Federal Medical Center*
*P.O. Box 879*
*Ayer, MA 01452-0879*

IN THE UNITED STATES DISTRICT COURT
_____THE_____ DISTRICT OF _COLUMBIA_

Civil Action No. _1:08-CV-00501-RJL_


BRIAN L. BROWN            ,

       Plaintiff-Movent

Vs.


Federal Bureau of Prisons  Re;

     Defendant-Respondent(s)  ,



_____Appendix To Exibits_____
Request To Deny, Defendant (s) Motion
— To Revoke I Brief —
Plantiff's Informa Pauperis Status


Respectfully Mailed/ Submitted;

/s/ BRIAN L. BROWN

Brian L. Brown, #05937-010
*Federal Medical Center*
*P.O. Box 879*
*Ayer, MA 01452-0879*


"Origional"

Appendix Index

| | | |
|---|---|---|
| Exibit A | Brown V. Russell et,al  4:02 CV 04036 | A.1-2 |
| Exibit B. | Brown V Armendariz et,al 3:07 CV 00543 | B. 3-4 |
| Exibit C | Findings and Recommendations  3:07 CV 0053 | C 4-8 |
| Exibit D | Brown U. Garett et,al      5:07 CV 281 | D 9-11 |
| Exibit E | Findings, Orders, Judgement And   5:07 CV 281 | E 12-15 |
| | Tenth Circut Reverse And Remand  of Oklahoma Case | 16 - 18 |
| Exibit F | History Of Cases, there Docket Cover Sheet and relevant | F 19- |
| | page No.S. | |
| -1 | Arney V. Southwestern Bell    3:95 CV 3036 | 19 - 21 |
| -2 | Brown V. Warden Cauley    4:02 CV 4036 | 22 - 25 |
| -3 | Brown U. N.L. Conner    5:04 CV 3359 | ~~EXHIBITS~~ |
| | No informatian Available. | |
| -4 | Brown V. Russell etal    4:02 CV 4036 | Exibit A |
| -5 | Brown U Narvais    5:06 CV 00228 | Exibit E |
| | | and 26 |
| -6 | Brown V. Nalley    1:06 CV 0047 | No Docs |
| | Pro Bono Counsel | |

①

Exibit F                                                    Pg

- 7   Brown v. Eardley et al      5:04 CV 3216        27 - 28
                    Appeal - 10 CCA , 05-03174          29

- 8   Brown v. Corey et, al    5:06 CV 3003            30

- 9   Brown v. H.A. Rios        1:05 CV 1603           31
                    Appeal 10 CCA , 06-01210          32 - 36

- 10
      ↳ Brown v. Warden        1:05 CV , 3069         37 - 40
                    Appeal 10 CCA , 06-3154          41 - 42

- 11  Brown v U.S.              1:06 CV 450           43 - 45

- 12  Brown v. US               5:07 CV 00717          46

- 13  Brown v. Garrett          5:07 CV 00281       Exibit D

- 14  Brown v. Armendariz       3:07 CV 2154         No Doc

- 15  Brown v. Armendariz       3:07 CV 0543        Exibit B

- 16  Brown v. Sabal            4:08 CV 40083          47

2

# APPENDIX

**EXHIBIT A**

CLOSED, R/R

# U. S. District Court
## Western District of Arkansas (Texarkana)
### CIVIL DOCKET FOR CASE #: 4:02-cv-04036-HFB
#### Internal Use Only

Brown v. Russell, et al
Assigned to: Honorable Harry F. Barnes
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 03/06/2002
Jury Demand: None
Nature of Suit: 555 Habeas Corpus
(Prison Condition)
Jurisdiction: Federal Question

**Plaintiff**

**Brian L Brown, Sr.**

represented by **Brian L Brown, Sr.**
#05937-010
Beaumont - USP
P. O. Box 26030
Beaumont, TX 77720-6030
PRO SE

V.

**Defendant**

**Danny Russell**
*Sheriff, Individually*

**Defendant**

**Hays McWhirter**
*SSA, Investigator, Individually*

**Defendant**

**Bennett Wrecker Service**

**Defendant**

**Jennifer Rogers**
*a minor, by and through next friend and
parent, Carolyn Sanders
Next friend*
Carolyn Sanders

**Defendant**

**John/Jane Does**
*Investigators*

**Defendant**

**Ken Sutton**

*Chief Deputy, Little River County
Sheriff's Office*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/06/2002 | 1 | COMPLAINT ( 0 summons(es) issued) (referred to Magistrate Bobby E. Shepherd ) (cap) (Entered: 03/06/2002) |
| 03/06/2002 | 2 | APPLICATION by plaintiff Brian L Brown Sr. to proceed in forma pauperis (cap) (Entered: 03/06/2002) |
| 03/06/2002 | 3 | ORDER by Magistrate Bobby E. Shepherd directing the clerk to file the complaint and in forma pauperis application [2-1], subject to a later determination of whether service of process should issue on defendants; further directing the clerk to collect the filing fee of $150.00 (cc: all counsel, FD) (cap) (Entered: 03/06/2002) |
| 03/06/2002 |  | Magistrate Notice/Consent Form furnished to plaintiff (cap) (Entered: 03/06/2002) |
| 03/25/2002 | 4 | REPORT AND RECOMMENDATIONS by Magistrate Bobby E. Shepherd recommending that Brown's complaint be dismissed on the grounds that it i s barred by Heck, seeks relief against individuals not subject to suit under sec. 1983, and because the injunctive relief he seeks is improper; 28 U.S.C. 1915(e)(2)(B)(i)-(iii) (cc: all counsel) (bak) (Entered: 03/25/2002) |
| 04/02/2002 | 5 | OBJECTIONS by plaintiff Brian L Brown Sr.to Report and Recommendation [4-1] (cap) (Entered: 04/02/2002) |
| 04/23/2002 | 6 | ORDER by Honorable Harry F. Barnes adopting in toto REPORT AND RECOMMENDATIONS [4-1] and dismissing case as Complaint is defective for reasons discussed more fully in Report and Recommendations dismissing case (cc: all counsel) WD 27 sent to Pltf (cap) (Entered: 04/23/2002) |
| 05/01/2002 | 7 | CLERK'S ORDER directing Warden, ADC Texarkana Regional Correction Center, to collect from petitioner's prison account an initial partial filing fee of $8.00; thereafter, to collect monthly payments from petitioner's prison account an amount equal to 20% of the preceding month's income credited to account until $150.00 filing fee is paid in full (cc: all counsel, MAG, FD, Jail, AR Board of Corr & Comm Punishment; Sheila Sharp, Mary Roach) (cap) (Entered: 05/01/2002) |
| 05/15/2002 | 8 | MOTION by plaintiff Brian L Brown Sr. for appointment of counsel (cn) (Entered: 05/15/2002) |
| 06/13/2002 | 9 | MOTION by plaintiff Brian L Brown Sr. to direct USMS for emergency transfer to federal or secure facility , and for appointment of standby counsel (cap) (Entered: 06/13/2002) |
| 07/15/2002 | 10 | ORDER by Honorable Harry F. Barnes denying motion to direct USMS for emergency transfer to federal or secure facility [9-1] denying motion |

**EXHIBIT  B**

APPEAL, CLOSED, ECF, KAPLAN, M/IFP, PROSE

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:07-cv-00543
## Internal Use Only

Brown v. Federal Bureau of Prisons et al
Assigned to: Judge David C Godbey
Case in other court: USCA, 07-10610
                 USCA, 07-10610
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 03/26/2007
Date Terminated: 05/16/2007
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Brian L Brown**

                represented by  **Brian L Brown**
                                 BOP No 05937-010
                                 FMC Devens
                                 PO Box 879
                                 Ayer, MA 01432
                                 PRO SE

V.

**Defendant**

**Federal Bureau of Prisons**

**Defendant**

**Romulo Armendariz**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/26/2007 | ❶ | ***Magistrate Judge Kaplan chosen by random selection to handle matters that may be referred in this case., CASE REFERRED to Magistrate Judge Jeff Kaplan for Screening pursuant to Special Order 3-251. (axm) (Entered: 03/27/2007) |
| 03/26/2007 | ❶1 | Prisoner Civil Rights Complaint filed by Brian L Brown. (Attachments: # 1 Exhibits# 2 Envelope) (axm) (Entered: 03/27/2007) |
| 03/26/2007 | ❶2 | MOTION for Leave to Proceed in forma pauperis with Certificate of Trust Account by Brian L Brown. (axm) (Entered: 03/27/2007) |

3

| 08/31/2007 | ❶ | USCA Case Number 07-10610 in USCA for 22 Notice of Appeal,, filed by Brian L Brown. (jmr) (Entered: 08/31/2007) |
|---|---|---|
| 09/13/2007 | ❶24 | NOTICE of Change of Address by Brian L Brown #05937-010. New address is:P.O. Box 3000, U.S. Allenwood Penitentiary, White Deer, PA 17887-3000. (twd) (Entered: 09/14/2007) |
| 10/09/2007 | ❶25 | Received letter from USCA re action pending in case. (jmr) (Entered: 10/09/2007) |
| 10/29/2007 | ❶26 | Declaration of Plaintiff filed by Brian L Brown. (mfw) (Entered: 10/29/2007) |
| 10/29/2007 | ❶ | MOTION for an order directing the clerk to take certain action by Brian L Brown. (see 26 for document) (twd) (Entered: 11/08/2007) |
| 11/02/2007 | ❶27 | ORDER denying 16 Motion for Leave to Proceed in forma pauperis on appeal. (See order for further specifics). (Signed by Judge David C Godbey on 11/02/2007) (twd) Modified on 11/6/2007 (mfw). (Entered: 11/05/2007) |
| 11/07/2007 | ❶28 | Received letter from 5th Circuit Court of Appeals. (klm) (Entered: 11/07/2007) |
| 11/08/2007 | ❶29 | ORDER: Plaintiff's motion for an order directing the clerk to take certain action (Doc 26 ) is denied. (Signed by Judge Jeff Kaplan on 11/08/2007) (twd) (Entered: 11/08/2007) |
| 11/15/2007 | ➡❶30 | MOTION for Alternative Appeal Payment by Brian L Brown. (twd) (Entered: 11/16/2007) |
| 11/26/2007 | ❶31 | Copy of correspondence forwarded to the Fifth Circuit filed by Brian L Brown. (mfw) (Entered: 11/30/2007) |
| 11/30/2007 | ❶32 | ORDER OF REFERENCE: Under the authority of 28 U.S.C § 636(b), Plaintiff's Motion for Alternative Appeal Payment 30 filed November 15, 2007, is hereby referred to United States Magistrate Jeff Kaplan for findings and recommendation. Motions referred to Jeff Kaplan. (Signed by Judge David C Godbey on 11/30/2007) (twd) (Entered: 11/30/2007) |
| 12/06/2007 | ➡❶33 | FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE: Plaintiff's 30 Motion for Alternative Appeal Payment should be denied. (Signed by Judge Jeff Kaplan on 12/06/2007) (twd) (Entered: 12/06/2007) |
| 12/13/2007 | ❶34 | Received letter from USCA5. (lmp) (Entered: 12/14/2007) |
| 12/26/2007 | ❶35 | Record on Appeal Transmitted to USCA5 re 22 Notice of Appeal,, 13 Notice of Appeal - USCA5 Number: 07-10610. 1 vol. electronic record. (jmr) (Entered: 12/26/2007) |
| 01/31/2008 | ❶ | Received letter from USCA5 re acknowledgment of record. (skt) (Entered: 02/01/2008) |

4

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN L. BROWN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0543-N |
| | § | |
| ROMULO ARMENDARIZ | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings

and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Brian K. Brown, a federal prisoner, against

Romulo Armendariz, an employee of the U.S. Bureau of Prisons ("BOP").[1]  On March 19, 2007,

plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma*

*pauperis.* Because the information provided by plaintiff in his pauper's affidavit indicates that he

lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis*

and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to

obtain additional information about the factual and legal basis of this suit. Plaintiff answered the

interrogatories on April 23, 2007. The court now determines that this case should be summarily

dismissed under 28 U.S.C. § 1915(e)(2).

---

[1]  Although plaintiff's complaint names the "Federal Bureau of Prisons" as an additional defendant, his
interrogatory answers make clear that Armendariz is the sole defendant. (*See* Interrog. #5).

he would be entitled is a transfer to another prison. However, plaintiff is no longer incarcerated at USP Pollock. This moots his claim for injunctive relief. *See Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078, 1084 (5th Cir. 1991) (transfer or release from confinement renders claim for injunctive relief moot); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (same).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

II.

In late 2003, plaintiff was seriously injured in an attack by other inmates while incarcerated

at a federal prison in Leavenworth, Kansas.[2]  Unable to identify the assailants, BOP officials

transferred plaintiff to another prison for his own safety.  After several interim placements, plaintiff

was transferred to USP Pollock, Louisiana on or about June 8, 2006.  Plaintiff alleges that

Armendariz, the BOP employee responsible for this placement, knew that other inmates from

Leavenworth who had threatened to harm plaintiff also were housed at the Pollock facility.  After

spending less than three months at Pollock without incident, plaintiff was transferred to USP

Beaumont, Texas and then to USP Coleman, Florida, where he remains today.  By this suit, plaintiff

seeks $35,000 in damages against Armendariz and an injunction separating him from all USP

Leavenworth prisoners.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes

that the action:

> (1)    is frivolous or malicious;
>
> (2)    fails to state a claim upon which relief can be granted; or
>
> (3)    seeks money relief against a defendant who is immune from
>        such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-*

*El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

---

[2] That assault is the subject of another civil rights action brought by plaintiff in Colorado federal court.  *Brown v. Nalley*, No. 1-06-CV-00047.

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Assuming that plaintiff has sufficiently alleged a deliberate indifference claim against Armendariz,[3] his claim still fails as a matter of law. Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander v. Tippah County*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004). Here, plaintiff admits that he was not assaulted and suffered no physical injury while incarcerated at USP Pollock (*See* Interrog. # 2, 3). Consequently, plaintiff cannot bring a civil action for money damages against Armendariz.

C.

Nor is plaintiff entitled to an injunction separating him from "all USP Leavenworth Prisoners, USP Pollock, all relevant Gangs, Current, Former, Retired." (Plf. Compl. Mem. Br. at 16, ¶ VI). Even if plaintiff could prevail on his deliberate indifference claim, the only injunctive relief to which

---

[3]    In an unsworn declaration attached as an exhibit to plaintiff's complaint, Armendariz states that "[a]t the time that USP Pollock, Louisiana was designated as inmate Brown's transfer location, no inmate from whom he is required to be separated was identified as being located at USP Pollock." (Plf. Compl., Attch. D at 3, ¶ 8). This evidence would make it difficult for plaintiff to establish that Armendariz was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

**EXHIBIT D**



# U.S. District Court
## Middle District of Florida (Ocala)
### CIVIL DOCKET FOR CASE #: 5:07-cv-00281-WTH-GRJ

Brown v. Garett et al
Assigned to: Senior Judge Wm. Terrell Hodges
Referred to: Magistrate Judge Gary R. Jones
Demand: $800,000
Case in other court: 11th Circuit, 07-15318-A
Cause: 28:1331 Federal Question: Bivens Act

Date Filed: 07/11/2007
Date Terminated: 10/05/2007
Jury Demand: None
Nature of Suit: 555 Prisoner Civil Rights (Prison Condition)
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Brian L. Brown**                    represented by    **Brian L. Brown**
                                                        # 05937010
                                                        ALLENWOOD
                                                        U.S. PENITENTIARY
                                                        Inmate Mail/Parcels
                                                        P.O. BOX 3000
                                                        WHITE DEER, PA 17887
                                                        PRO SE

V.

**Defendant**

**Michael W. Garett**
*Complex Warden*

**Defendant**

**Warden, FCC Coleman - USP-I**

**Defendant**

**FNU C. Sweet**
*Associate Warden*

**Defendant**

**FNU Bouland**
*Unit Manager of Special Housing Unit*

**Defendant**

**FNU Santos**
*Unit/Case Manager of E/F Unit*

**Defendant**

9

| | | (LMF) (Entered: 11/07/2007) |
|---|---|---|
| 11/19/2007 | | ACKNOWLEDGMENT by USCA of receiving Notice of Appeal on 11/13/07 re 10 Notice of appeal. USCA number: 07-15318-A. (LMF) (Entered: 11/20/2007) |
| 12/06/2007 | 11 | MOTION for leave to appeal in forma pauperis/affidavit of indigency by Brian L. Brown. (LMF) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 12/06/2007) |
| 12/10/2007 | 12 | AMENDED MOTION for leave to appeal in forma pauperis/affidavit of indigency by Brian L. Brown. (LMF) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 12/11/2007) |
| 12/14/2007 | 13 | SUPPLEMENT - Certificate of Inmate Trust Account re 12 Amended MOTION for leave to appeal in forma pauperis/affidavit of indigency by Brian L. Brown. (AIQ) Modified on 12/17/2007 (LMF). (Entered: 12/14/2007) |
| 12/17/2007 | 14 | MOTION to extend time to obtain documentation in support of Motion to Appeal in forma pauperis by Brian L. Brown. (LMF) (Entered: 12/18/2007) |
| 12/28/2007 | 15 | ORDER denying 9 Motion for reconsideration ; ruling deferred 12 Motion for leave to appeal in forma pauperis/affidavit of indigency; granting 14 Motion to extend time. Signed by Senior Judge Wm. Terrell Hodges on 12/28/2007. (ECB) (Entered: 12/28/2007) |
| 02/04/2008 | 16 | PRISONER consent form and financial certificate by Brian L. Brown. (LMF) (Entered: 02/04/2008) |
| 02/07/2008 | 17 | ORDER denying 12 Motion for leave to appeal in forma pauperis/affidavit of indigency. Signed by Senior Judge Wm. Terrell Hodges on 2/7/2008. (ECB) (Entered: 02/07/2008) |
| 02/08/2008 | | TRANSMITTAL to USCA forwarding Certified Copy of Court's Order Doc. No. 17 re 10 Notice of appeal. USCA number: 07-15318-A. (AIQ) *** Copy mailed to Unrepresented Parties: Brian L. Brown. (Entered: 02/08/2008) |
| 02/11/2008 | 18 | Amended NOTICE OF APPEAL as to 15 Order denying motion for reconsideration and 17 Order denying Motion to proceed on appeal in forma pauperis by Brian L. Brown. Filing fee not paid. (LMF) Modified on 2/12/2008 (LMF). (Entered: 02/11/2008) |
| 02/12/2008 | | TRANSMITTAL to USCA forwarding Amended Notice of Appeal re 18 Amended Notice of Appeal. USCA number: 07-15318-A. (LMF) (Entered: 02/12/2008) |
| 02/28/2008 | | ACKNOWLEDGMENT by USCA of receiving Amended Notice of Appeal on 2/14/08 re 18 Notice of appeal. USCA number: 07-15318-A. (LMF) (Entered: 02/28/2008) |
| 02/28/2008 | | ACKNOWLEDGMENT by USCA of receiving Order re Motion for |

10

| | | leave to appeal in forma pauperis on 2/13/08 re 10 Notice of appeal. USCA number: 07-15318-A. (LMF) (Entered: 02/28/2008) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/01/2008 13:34:12 | | | |
| **PACER Login:** | ux0212 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:07-cv-00281-WTH-GRJ |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# EXHIBIT E

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRIAN L. BROWN,

          Plaintiff,

v.                                                    Case No. 5:07-cv-281-Oc-10GRJ

MICHAEL W. GARETT, et al.,

          Defendants.

## ORDER DISMISSING CASE

    Plaintiff initiated this prisoner *pro se* civil rights case by filing a Complaint, a motion for leave to proceed as a pauper, and Motion for preliminary injunction (Docs. 1, 2, and 3). In the Complaint, Plaintiff asserts that corrections officials at FCC Coleman denied Plaintiff his right of access to court and impeded Plaintiff's access to the BOP's administrative remedy process. See Doc. 1.[1]

    Plaintiff executed the Complaint in this case under penalty of perjury. See Doc. 1 at 9. The Complaint form requires Plaintiff to disclose all previous civil actions pertaining to his imprisonment or the conditions of his imprisonment. See id. Section IV.C. Further, the form requires Plaintiff to respond as to whether he has had "any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service[,]" and if so to identify "each and every case so dismissed." See id. Section IV.D.; 28 U.S.C. § 1915(e)(2). In response to this

---

[1] Although Plaintiff wrote in the case caption that the case was filed "under immediate danger of imminent health & safety, life issues," there are no factual allegations suggesting that Plaintiff was under any threat of physical harm in connection with his claims.

query, Plaintiff checked "No" and added the notation "cases still pending." Id.

A review of the Pacer Service Center's U.S. Party/Case Index reflects that in fact Plaintiff has had at least three prior federal civil actions dismissed as frivolous or for failure to state a claim upon which relief may be granted or prior to service. See Brown v. Russell, case number 4:02-cv-04036-HFB, W.D. Ark., dkt. entry 6 (dismissing case on 4/23/02 prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)), and dkt. entry 21 (4/9/03 judgment of U.S. Court of Appeals for the Eighth Circuit affirming dismissal). Plaintiff did not identify Brown v. Russell anywhere in his Complaint. See also Brown v. Narvais, case number 5:06-cv-228-F, W.D. Okla., dkt entry 64 (dismissing case on 4/25/07 pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and issuing three-strikes notice); Brown v. BOP, case number 3:07-cv-543, N.D. Tex., dkt entries 8, 11, 12 (summarily dismissing case before service on 5/16/07 pursuant to 28 U.S.C. § 1915(e)(2)). Although Plaintiff has filed appeals from the dismissals of these latter two cases, they plainly fall within the requirement to identify "any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service[.]"

see order next page

A purpose for requiring prisoner plaintiffs to provide prior case information is so that the Court may accurately assess whether a plaintiff is entitled to proceed as a pauper under 28 U.S.C. § 1915, which affords prisoner plaintiffs the benefit of making fee payments in installments. That purpose is thwarted when plaintiffs do not disclose the existence of prior cases which may count as strikes for purposes of § 1915(g). "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals

2

13

and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (abrogated on other grounds, Jones v. Bock, ___ U.S. ___, 127 S.Ct. 910, 921 (2007)). Plaintiff's failure to identify these dismissals as required in Section IV.D. of the Complaint form unnecessarily put the Court to the burden of researching Plaintiff's filing history and reviewing the dockets in his prior cases to determine whether Plaintiff was entitled to take advantage of the installment-fee provision of the IFP statute.

The Court finds that Plaintiff's failure to disclose his previous dismissals, under penalty of perjury, constitutes an abuse of the judicial process. See Rivera, 144 F.3d at 731. An appropriate sanction for such abuse of the judicial process is the dismissal of the Complaint. Id. Further, the dismissal of this case counts as a strike for purposes of 1915(g). See id. If Plaintiff accumulates or has now accumulated at least three strikes, he may not proceed as a pauper while he is incarcerated absent a showing that he is in imminent danger of serious physical harm. See 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 1st day of October 2007.

*a Wendell Holger*

UNITED STATES DISTRICT JUDGE

c: Brian L. Brown

3

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

BRIAN L. BROWN,

Plaintiff,

-vs-                                                Case No.  5:07-cv-281-Oc-10GRJ

MICHAEL W. GARETT, Complex Warden,
WARDEN, FCC COLEMAN - USP-I, FNU C.
SWEET, Associate Warden, FNU BOULAND,
Unit Manager of Special Housing Unit, FNU
SANTOS, Unit/Case Manager of E/F Unit, FNU
FORD, CMC Manager/Inmate Systems
Management, FNU DOLE, Special Housing Unit
Counselor, FNU COLLINS, Unit E/F Counselor
Assigned,

Defendants.

---

# JUDGMENT IN A CIVIL CASE

**Decision by Court.**    This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

### IT IS ORDERED AND ADJUDGED

that pursuant to the Court's Order entered October 4, 2007, the Complaint is dismissed.

Date:  October 5, 2007

SHERYL L. LOESCH, CLERK

*Ana J. Quinones*

By:    Deputy Clerk

Copies furnished to:

Counsel of Record
Unrepresented Parties

15

FILED
United States Court of Appeals
Tenth Circuit

February 19, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

BRIAN L. BROWN,

        Plaintiff-Appellant,

v.

DON NARVAIS,

        Defendant-Appellee.

No. 07-6120
(D.C. No. 06-CV-228-F)
(W.D. Okla.)

_____

ORDER AND JUDGMENT[*]

_____

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

_____

      This prison civil rights action arises out of events at the Oklahoma Federal

Transfer Center (OFTC) where, recovering from an assault at another facility,

plaintiff was temporarily placed while awaiting reassignment. An emergency

arose and he was held for a short time with another inmate in a double cell. His

complaint alleges that, while returning plaintiff to his single cell, defendant, a

_____

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

other inmates. *Id.* at 1269-70. This court held that not only had the prisoner

stated a claim for relief but that the law supporting the claim was sufficiently

well-established to preclude a defense based on qualified immunity:

> [I]f we accept as true Plaintiff's allegations that [a prison guard]
> labeled him a snitch, that the label was communicated to other
> inmates, and that [the guard] was aware of the obvious danger
> associated with a reputation as a snitch, clearly established law
> provides that [the guard] violated Plaintiff's constitutional rights
> under the Eighth Amendment.

*Id.* at 1271 (citing illustrative decisions from five circuits, including this court's

decision in *Northington v. Marin*, 102 F.3d 1564, 1567 (10th Cir. 1996)). While a

different incendiary badge of prison infamy was used here, the same principles

apply. The amended complaint[2] alleges that defendant disclosed plaintiff's status

as a child molester "knowing . . . that [by] giving that information [he] placed

[plaintiff] in a class of inmates subject to serious bodily harm." R. doc. 37 at 2;

*see also id.* at 9 (alleging that staff "intentionally placed prisoners in a class of

inmates subjected to serious bodily harm" and that defendant did so "knowing

what he did was wrong, and knowing it would cause problems"). Taking these

allegations as true, as we must at this stage, the conduct and danger complained

of here are materially indistinguishable from that in *Benefield.*

---

[2]    Plaintiff's motion for leave to file the amended complaint was denied as
moot, but that ruling simply reflects the fact that, under Fed. R. Civ. P. 15(a), he
was *entitled* to amend the complaint before defendant filed a responsive pleading.
The magistrate judge's recommendation, adopted by the district court, explicitly
addressed the allegations of the amended complaint, as do we.

FILED
United States Court of Appeals
Tenth Circuit

February 19, 2008

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

BRIAN L. BROWN,

               Plaintiff-Appellant,

v.

DON NARVAIS,

               Defendant-Appellee.

No. 07-6120
(D.C. No. 06-CV-228-F)
(W.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

This prison civil rights action arises out of events at the Oklahoma Federal

Transfer Center (OFTC) where, recovering from an assault at another facility,

plaintiff was temporarily placed while awaiting reassignment. An emergency

arose and he was held for a short time with another inmate in a double cell. His

complaint alleges that, while returning plaintiff to his single cell, defendant, a

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prison guard, told plaintiff's cell-mate that he would not want to be housed with plaintiff, indicating he would explain later. Thereafter, the guard disclosed that plaintiff was a child molester, angering the cell-mate and prompting him to spread the information among inmates awaiting transfer out of OFTC to other facilities, including FCI Florence, where plaintiff was to be transferred. Plaintiff later filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that defendant knowingly exposed him to a risk of serious bodily danger from other inmates, in violation of the Eighth Amendment. The district court dismissed the action for failure to state a claim and admonished that, absent a successful appeal, the ruling would count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff appealed and moved for leave to proceed in forma pauperis (IFP). We grant the IFP motion, reverse the dismissal of the action, and remand for further proceedings.[1]

Without implying any opinion regarding the ultimate determination of this case, we think circuit precedent precludes its dismissal at the pleading stage. In *Benefield v. McDowall*, 241 F.3d 1267 (10th Cir. 2001), a prisoner alleged his Eighth Amendment rights were violated when a prison guard circulated rumors that he was a "snitch," knowingly putting him in physical danger at the hands of

---

[1]    Although the district court certified the appeal as not taken in good faith under 28 U.S.C. § 1915(a)(3), which states that such an appeal "may not be taken [IFP]," we properly reconsider the matter under Fed. R. App. P. 24(a)(5), grant IFP, and proceed to a review of the merits. *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1078-79 (10th Cir. 2007).

other inmates. *Id.* at 1269-70. This court held that not only had the prisoner stated a claim for relief but that the law supporting the claim was sufficiently well-established to preclude a defense based on qualified immunity:

> [I]f we accept as true Plaintiff's allegations that [a prison guard] labeled him a snitch, that the label was communicated to other inmates, and that [the guard] was aware of the obvious danger associated with a reputation as a snitch, clearly established law provides that [the guard] violated Plaintiff's constitutional rights under the Eighth Amendment.

*Id.* at 1271 (citing illustrative decisions from five circuits, including this court's decision in *Northington v. Marin*, 102 F.3d 1564, 1567 (10th Cir. 1996)). While a different incendiary badge of prison infamy was used here, the same principles apply. The amended complaint[2] alleges that defendant disclosed plaintiff's status as a child molester "knowing . . . that [by] giving that information [he] placed [plaintiff] in a class of inmates subject to serious bodily harm." R. doc. 37 at 2; *see also id.* at 9 (alleging that staff "intentionally placed prisoners in a class of inmates subjected to serious bodily harm" and that defendant did so "knowing what he did was wrong, and knowing it would cause problems"). Taking these allegations as true, as we must at this stage, the conduct and danger complained of here are materially indistinguishable from that in *Benefield*.

---

[2]    Plaintiff's motion for leave to file the amended complaint was denied as moot, but that ruling simply reflects the fact that, under Fed. R. Civ. P. 15(a), he was *entitled* to amend the complaint before defendant filed a responsive pleading. The magistrate judge's recommendation, adopted by the district court, explicitly addressed the allegations of the amended complaint, as do we.

Moreover, just as here, in *Benefield* the disclosure had not yet led to an attack on the plaintiff, but that did not render the pleadings deficient on the objective component of the Eighth Amendment claim, i.e., the existence of a substantial risk of serious harm:

> The Supreme Court has rejected the notion that the Eighth Amendment does not reach official conduct that 'is sure or very likely to cause' serious injury at the hands of other inmates. *Helling v. MicKinney*, 509 U.S. 25, 33 [(1983)] . . . . The government's argument that the mere risk of harm is insufficient to establish the objective component of an Eighth Amendment violation is precisely the position taken by the dissent in *Helling* . . . .
>
> . . . The actual extent of any physical injury, threats or psychological injury is pertinent in *proving* a substantial risk of serious harm. At this point, [however,] construing Plaintiff's pro se pleadings liberally, . . . we hold that . . . Plaintiff's allegations [were] sufficient to survive [a] motion to dismiss based on qualified immunity.

*Id.* at 1272 (emphasis added). *Benefield* did note that the absence of an attack caused by the disclosure raised questions as to the appropriate available remedy, but that did not affect the legal sufficiency of the constitutional claim pled, as "a violation of the Eighth Amendment does not turn on the type [of] relief sought." *Id.*

Following *Benefield*, we must reverse the dismissal of this action. But it is important to clarify the limited import of our disposition. We do not hold that prison personnel may be liable for failing to *prevent* harmful disclosures about a prisoner *from other sources*. Here, as in *Benefield*, the harmful disclosure was

-4-

allegedly made by the prison guard himself. We also do not hold that disclosures of this sort always in fact create an actionable danger to the inmate, regardless of circumstances that might materially affect the consequences of the disclosure, such as protective action by prison authorities or other contingencies that could negate the potential danger involved. We hold only that allegations of a prison officer's deliberate disclosure of dangerous information about an inmate's status are sufficient to state a claim under the Eighth Amendment provided the alleged danger is facially concrete and plausible enough to satisfy basic pleading standards. *See generally Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (discussing and applying *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007)). In that regard, the disclosure of obviously harmful information at a transfer facility–from which it may be expected to (and allegedly has) spread to other prisons where the plaintiff is or may be placed–cannot be summarily discounted as insufficiently dangerous on its face "to raise a right to relief above the speculative level." *Id.* at 1218 (quotation omitted).

Of course, plaintiff may be unable to substantiate his allegations, or defendant may be able to show additional circumstances that negate or neutralize the danger created by the disclosure. In either case, defendant could successfully defend against the suit on summary judgment. Again, consistent with *Benefield*, we simply hold that this action was not subject to dismissal at the pleading stage.

-5-



The judgment of the district court is REVERSED and the cause is

REMANDED for further proceedings.  Plaintiff's motion for leave to proceed in

forma pauperis on appeal is GRANTED.



Entered for the Court


Bobby R. Baldock
Circuit Judge

**EXHIBIT  F**

CLOSED, CSREF

# U.S. District Court
## District of Kansas (Leavenworth)
## CIVIL DOCKET FOR CASE #: 3:95-cv-03036-DES-RN
### Internal Use Only

| | |
|---|---|
| Arney v. Southwestern Bell, et al | Date Filed: 01/26/1995 |
| Assigned to: Senior Judge Dale E. Saffels | Date Terminated: 09/30/1998 |
| Referred to: Magistrate Judge Ronald Newman | Jury Demand: None |
| Demand: $0 | Nature of Suit: 470 Racketeer/Corrupt Organization |
| Cause: 18:1961 Racketeering (RICO) Act | Jurisdiction: Federal Question |

**Plaintiff**

**Jouett Edgar Arney**                    represented by **Jeffrey D. Wicks**
Kansas Death Penalty Unit
155 N. Market, Suite #820
Wichita, KS 67202
316-264-2605
Fax: 316-264-3801
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John F. Carpinelli**
Benfer, Owen & Carpinelli, P.A.
1400 Topeka Boulevard
P. O. Box 2217
Topeka, KS 66601
785-233-6424
Fax: 785-233-5701
Email: jfcarpinelli@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kirk W. Lowry**
Disability Rights Center of Kansas
635 SW Harrison St. - Ste. 100
Topeka, KS 66603
785-273-9661
Fax: 785-273-9414
Email: kirk@drckansas.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Larrie A. Lower**
Peterson & Keeshan
1206 S.W. 10th Street



| 05/06/1996 | 148 | NOTICE by defendant of taking deposition of Fred Baker, Robert Bookless, Jouett Arney & Gary McColpin on 5/8/96 (CAM) (Entered: 05/07/1996) |
| 05/07/1996 | 147 | ORDER ENTERED: by Magistrate Judge Ronald Newman: Pretrial conference rescheduled to 7/10/96 at 9:00 a.m. (cc: all counsel) (CAM) (Entered: 05/07/1996) |
| 05/16/1996 | 149 | RESPONSE by defendant Charles E. Simmons to motion by Brian L Brown, Sr to intervene referred to Magistrate Judge Ronald Newman [146-1] (DO) (Entered: 05/20/1996) |
| 05/17/1996 | 150 | NOTICE of mailing of discovery responses by plaintiffs (MS) (Entered: 05/23/1996) |
| 05/23/1996 | 151 | NOTICE by defendant of taking deposition of Alan G. Warner on 6/11/96 at 9:00 a.m. (MS) (Entered: 05/24/1996) |
| 05/31/1996 | 152 | MOTION by defendant to extend discovery cutoff date referred to Magistrate Judge Ronald Newman (CAM) (Entered: 06/04/1996) |
| 06/06/1996 | 153 | ORDER ENTERED: by Magistrate Judge Ronald Newman granting motion by defendant to extend discovery cutoff date to 6/14/96; [152-1] (cc: all counsel) (MS) (Entered: 06/06/1996) |
| 06/13/1996 | 154 | RETURN OF SERVICE of subpoena - served Alan G. Warner, Esq. on 6/5/96 (MS) (Entered: 06/17/1996) |
| 06/25/1996 | 155 | CONSENT to representation by legal intern Thuy D. Pham by plaintiff Jouett Edgar Anrey (LAK) Modified on 06/25/1996 (Entered: 06/25/1996) |
| 06/25/1996 | 156 | CONSENT to representation by legal intern Thuy D. Pham by plaintiff Gary A McColpin (LAK) (Entered: 06/25/1996) |
| 06/25/1996 | 157 | CONSENT to representation by legal intern Thuy D. Pham by plaintiff Fred E Baker (LAK) (Entered: 06/25/1996) |
| 06/25/1996 | 158 | CONSENT to representation by legal intern Thuy D. Pham by plaintiff Robert A Bookless (LAK) (Entered: 06/25/1996) |
| 06/26/1996 | 159 | NOTICE of svc of pltf's consent to representation by Legal Intern for Robert Bookless, Fred E. Baker, Jouett Edgar Arney, and Gary Lee McColpin - mailed 6/26/96 by plaintiff (MS) (Entered: 06/26/1996) |
| 07/25/1996 | 160 | MOTION by deft to extend time to 8/31/96 to file dispositive motions; referred to Magistrate Judge Ronald Newman (MS) (Entered: 07/26/1996) |
| 07/29/1996 | 161 | ORDER ENTERED: by Magistrate Judge Ronald Newman granting motion by deft to extend time to 8/31/96 to file dispositive motions, [160-1] ; Dispositive MTN ddl reset for 8/31/96 (cc: all counsel) (MS) (Entered: 07/29/1996) |
| 07/30/1996 | 162 | MEMORANDUM AND ORDER: by Magistrate Judge Ronald Newman |

| | | |
|---|---|---|
| | → | denying motion by Brian L Brown, Sr to intervene as class plaintiff & for class action intervenorship, [146-1]; terminating party Brian L Brown Sr ; 5 pages (cc: all counsel) (MS) (Entered: 07/30/1996) |
| 08/01/1996 | 164 | MAIL Returned re: memorandum & order [162-2] addressed to Brian L Brown Sr. Remailed to Hutchinson Correctional Facility. Label had wrong inmate number (MB) (Entered: 08/02/1996) |
| 08/02/1996 | 163 | MAIL Returned re: order [161-2] addressed to Brian L Brown Sr. Remailed to Hutchinson Correctional Facility. Label had wrong inmate number (MB) (Entered: 08/02/1996) |
| 09/03/1996 | 165 | MOTION by deft to extend time to 9/17/96 to serve and file dispositive motions; referred to Magistrate Judge Ronald Newman (MS) (Entered: 09/05/1996) |
| 09/06/1996 | 166 | ORDER ENTERED: by Magistrate Judge Ronald Newman granting motion by deft to extend time to 9/17/96 to serve and file dispositive motions; [165-1] (cc: all counsel) (MS) (Entered: 09/06/1996) |
| 09/17/1996 | 167 | MOTION by deft to extend time to 9/20/96 to file dispositive motions; referred to Magistrate Judge Ronald Newman (MS) (Entered: 09/18/1996) |
| 09/20/1996 | 168 | MOTION by defendant to dismiss or in the alternative for summary judgment; referred to Senior Judge Dale E. Saffels (LAK) (Entered: 09/23/1996) |
| 09/24/1996 | 169 | ORDER ENTERED: by Magistrate Judge Ronald Newman granting motion by deft to extend time to 9/20/96 to file dispositive motions; [167-1] (cc: all counsel) (MS) (Entered: 09/25/1996) |
| 10/08/1996 | 170 | MOTION by pltfs to extend time to 10/25/96 to respond to deft's motion for summary judgment; referred to Senior Judge Dale E. Saffels (MS) (Entered: 10/09/1996) |
| 10/08/1996 | 171 | NOTICE OF CONSENT TO REPRESENTATION BY LEGAL INTERN (Larrie Ann Brown and Lisa Covault) by plaintiff Gary Lee McColpin (MS) Modified on 10/09/1996 (Entered: 10/09/1996) |
| 10/08/1996 | 172 | NOTICE OF CONSENT TO REPRESENTATION BY LEGAL INTERN (Larrie Ann Brown and Lisa Covault) by plaintiff Robert A Bookless (MS) (Entered: 10/10/1996) |
| 10/08/1996 | 173 | NOTICE OF CONSENT TO REPRESENTATION BY LEGAL INTERN (Larrie Ann Brown and Lisa Covault) by plaintiff Jouett Edgar Arney (MS) (Entered: 10/10/1996) |
| 10/08/1996 | 174 | NOTICE OF CONSENT TO REPRESENTATION BY LEGAL INTERN (Larrie Ann Brown and Lisa Covault) by plaintiff Fred E Baker (MS) (Entered: 10/10/1996) |
| 10/25/1996 | 175 | MOTION by pltfs to strike summary judgment affidavit not in compliance with FRCP 56(e) and D. Kan. Rule 56.1; referred to Senior |

CLOSED, R/R

# U. S. District Court
## Western District of Arkansas (Texarkana)
## CIVIL DOCKET FOR CASE #: 4:02-cv-04008-HFB

Brown v. Conley, et al
Assigned to: Honorable Harry F. Barnes
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 01/18/2002
Jury Demand: Plaintiff
Nature of Suit: 555 Habeas Corpus
(Prison Condition)
Jurisdiction: Federal Question

**Plaintiff**

**Brian L Brown, Sr.**

represented by **Brian L Brown, Sr.**
#05937-010
Beaumont - USP
P. O. Box 26030
Beaumont, TX 77720-6030
*PRO SE*

V.

**Defendant**

**Larry Cauley**
*Warden, Bi-State Jail - Sued as Larry
Conley*
*other*
Larry Conley

represented by **C. Joseph Cordi, Jr.**
Arkansas Attorney General's Office
323 Center Street
Suite 1100
Little Rock, AR 72201
(501) 682-2007
Fax: (501) 682-2591
Email: joe.cordi@arkansasag.gov
*TERMINATED: 08/28/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Anne Donoven**
Arias, Ozzello & Gignac, LLP
4050 Calle Real
Suite 130
Santa Barbara, CA 93110
(805) 683-7400
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart Cearley**
Assistant Attorney General
323 Center Street
Suite 200



IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRIAN L. BROWN, SR.                                          PLAINTIFF

VS.                              Case No. 02-CV-4008

WARDEN LARRY CAULEY, Warden,
Bi-State Jail; DONALD DOBBS, Assoc.
Director Operations; SGT. JEREMY
JOHNSON; LT. FOSTER; JAY RUTHERFORD;
OFFICER SCOGGINS; MAJOR BELLEW
PRINCIPAL ADMINISTRATOR COX                                  DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed April 10, 2003 by the

Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of

Arkansas. (Doc. 78)  Plaintiff has timely filed his objections to the Report and

Recommendation. (Doc. 84)

The plaintiff, Brian L. Brown, Sr., has filed a complaint and addendum under 42 U.S.C.

§ 1983 against the Defendants, all administrators or guards at the Bi-State Jail in Texarkana.

Brown states he was subjected to cold temperatures, unclean clothing, inadequate mattresses,

sheets and blankets, and cold, spoiled, uncooked, and unsanitary food while incarcerated at Bi-

State.  Brown also contends several of the Defendants incited an attack against him by other

inmates or allowed his attackers to go unpunished.  Brown believes these conditions and actions

amount to a deprivation of his rights under the United States Constitution.

After reviewing the record *de novo*, the Court adopts the Report and Recommendation as

its own.  Since Brown is no longer incarcerated at Bi-State, his request for injunctive relief in the

form of a transfer is now moot. *See e.g., Smith v. Hundley*, 190 F.3d 852 (8th Cir. 1999).  With

This document entered on docket in
compliance with Rule 58 and 79(a),
FRC
on 5/21/03 by C. Powell

8
5

respect to Brown's physical injury claims, he failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a) prior to filing suit.  Therefore, Defendants' motion to dismiss Plaintiff's claims for injunctive relief is granted.  Also, Defendant's motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) is granted.  This action is dismissed without prejudice.

IT IS SO ORDERED, this 20ᵗʰ day of May, 2003.

Hon. Harry F. Barnes
U.S. District Court

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAY 2 1 2003

CHRIS R. JOHNSON, CLERK

BY _____
DEPUTY CLERK

2

| | | |
|---|---|---|
| | | judgment [69-1], recommending that defendants' motion to dismiss Pltf's claims for injunctive relief be granted and that defendants' motion for summary judgment based on Pltf's failure to exhaust his administrative remedies under 42 USC sec. 1997e(a) be granted, and that action be dismissed w/o prej; giving parties 10 days from receipt of this report and recommendation in which to file written objections pursuant to 28 USC sec. 636(b)(1); failure to timely file objections may result in waiver of right to appeal questions of fact (cc: all counsel) (cap) (Entered: 04/10/2003) |
| 04/21/2003 | 79 | MOTION by plaintiff Brian L Brown Sr. to extend time to respond to Report and Recommendations an additional 60 days (cap) (Entered: 04/21/2003) |
| 04/30/2003 | 80 | MOTION by defendant Larry Cauley, defendant Ronald Dobbs, defendant Jeremy Johnson to substitute attorney Katherine Adams for Stuart Cearley (mfr) (Entered: 04/30/2003) |
| 05/02/2003 | 81 | ORDER by Honorable Harry F. Barnes granting motion to extend time to respond to Report and Recommendations an additional 60 days [79-1]; Pltf shall have up to and including 6/21/03 to file his objections to the Report and Recommendations (cc: all counsel) (cap) (Entered: 05/02/2003) |
| 05/07/2003 | 82 | OBJECTIONS by plaintiff Brian L Brown Sr. to the magistrate's failure to allow order to answer summary judgment (cap) (Entered: 05/07/2003) |
| 05/07/2003 | 83 | ORDER by Honorable Harry F. Barnes granting motion to substitute attorney Katherine Adams for Stuart Cearley [80-1] withdrawing attorney Stuart Cearley for Larry Cauley, Ronald Dobbs, Jeremy Johnson, Jay Rutherford, Scoggins, Bellew, and Lt Foster and substituting attorney Katherine Adams (cc: all counsel) (cap) (Entered: 05/07/2003) |
| 05/08/2003 | 84 | OBJECTIONS by plaintiff Brian L Brown Sr.to Report and Recommendation [78-1] (cap) (Entered: 05/08/2003) |
| 05/21/2003 | 85 | ORDER by Honorable Harry F. Barnes adopting REPORT AND RECOMMENDATIONS [78-1] granting motion to dismiss [72-1], granting motion for summary judgment [69-1] based on Pltf's failure to exhaust his administrataive remedies under 42 USC sec. 1997(e); dismissing case w/o prej (cc: all counsel) WD 27 sent to Pltf (cap) (Entered: 05/21/2003) |
| 05/23/2003 | 86 | OBJECTIONS by plaintiff Brian L Brown Sr. to order [83-1] (cap) (Entered: 05/27/2003) |
| 06/09/2003 | 87 | NOTICE OF APPEAL by plaintiff Brian L Brown Sr. from District Court decision re: order [85-2] dated 5/21/03 and all other judgments (cc: Brian Brown, Katherine Adams, Carol Dalby (atty for dismissed party Officer Peterson)) (cap) (Entered: 06/12/2003) |
| 06/09/2003 | 88 | TRANSMITTAL LETTER to Brian Brown, Katherine Adams, Carol Dalby (cap) (Entered: 06/12/2003) |
| | | |

87BE, CASREF, REOPEN, _LH

# U.S. District Court
## Western District of Oklahoma[LIVE] (Oklahoma City)
### CIVIL DOCKET FOR CASE #: 5:06-cv-00228-F

Brown v. Nervise

Assigned to: Honorable Stephen P. Friot

Referred to: Magistrate Judge Gary M. Purcell

Case in other court: 07-06120

Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 03/06/2006

Jury Demand: None

Nature of Suit: 550 Prisoner: Civil Rights

Jurisdiction: Federal Question

**Plaintiff**

**Brian L Brown**

represented by **Brian L Brown**
#05937-010
FMC-AYER
Federal Medical Center
P O Box 879
Ayer, MA 01452-0879
PRO SE

V.

**Defendant**

**Don Narvais**
*Correctional Officer*

represented by **K Lynn Anderson**
US Attorney's Office-OKC
210 W Park Ave
Suite 400
Oklahoma City, OK 73102
405-553-8700
Fax: 405-553-8885
Email: Lynn.Anderson@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/06/2006 | 1 | COMPLAINT against Officer Nervise, filed by Brian L Brown. (Attachments: # 1 Attachment Index# 2 Attachment 1-Informal Resolution# 3 Attachment 2-Envelope-Rejected# 4 Attachment 3-Certified Mail Receipt# 5 Attachment 4-Return Receipt# 6 Attachment 5-Request for Remedy# 7 Attachment 6-Response from Warden# 8 Attachment 7-Remedy Appeal# 9 Attachment 9-Remedy Appeal# 10 Attachment 10-Response# 11 Attachment 11-Remedy Appeal# 12 Attachment 12-Response)(db, ) (Entered: 03/07/2006) |
| 03/06/2006 | 2 | MOTION for Leave to Proceed in forma pauperis by Brian L Brown. (db, ) |

*Exhibit C*

CASREF, CLOSED

## U.S. District Court
## District of Kansas (Topeka)
## CIVIL DOCKET FOR CASE #: 5:04-cv-03216-JWL-DJW
## Internal Use Only

Brown v. Eardley et al
Assigned to: Chief Judge John W. Lungstrum
Referred to: Magistrate Judge David J. Waxse
Case in other court: 10CCA, 05-03174
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 07/13/2004
Date Terminated: 03/21/2005
Jury Demand: None
Nature of Suit: 555 Habeas Corpus (Prison Condition)
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Brian L Brown**                         represented by **Brian L Brown**
05937-010
ALLENWOOD
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
WHITE DEER, PA 17887
PRO SE

V.

**Defendant**

**M Eardley**                             represented by **Christopher Allman**
*Senior Correctional Officer, USP-*        Office of United States Attorney --
*Leavenworth*                              Kansas City
500 State Avenue, Suite 360
Kansas City, KS 66101
913-551-6730
Fax: 913-551-6541
Email: Chris.Allman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**(fnu) Semick**                          represented by **Christopher Allman**
*Facility Lieutenant, USP-Leavenworth*     (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**(fnu) Gally**                           represented by **Christopher Allman**
*Correctional Officer, USP-Leavenworth*    (See above for address)

| 02/28/2005 | ● | NOTICE of docket text modification by Deputy Clerk regarding Response 91 to Motion to Dismiss (smnd) (Entered: 02/28/2005) |
|---|---|---|
| 03/03/2005 | ●93 | ORDER granting in part Plaintiff's 86 Motion for Extension of Time to File Response to 83 MOTION to Dismiss. The response filed by plaintiff on 02/28/2005 is deemed timely filed. Defendants' Reply deadline is 3/14/2005 . Signed by Judge John W. Lungstrum on 03/03/2005. (ses) (Entered: 03/03/2005) |
| 03/03/2005 | ●94 | RESPONSE by Defendants (fnu) Cavajal, (fnu) Nitchels, Helen Marberry, (fnu) Meldner, (fnu) Goodin, (fnu) Rosalus, (fnu) Lacy, M Eardley, (fnu) Semick, (fnu) Gally, (fnu) Mullins, (fnu) Ashman, (fnu) Howard, G Gray re 89 MOTION for Order *Requesting Copies of Documents Needed to Reply and Complaint* (Allman, Christopher) (Entered: 03/03/2005) |
| 03/07/2005 | ●95 | MOTION for Evidence Hearing by Plaintiff Brian L Brown (Attachments: #(1) Exhibits A, B & C)(smnd) (Entered: 03/08/2005) |
| 03/10/2005 | ●96 | REPLY to Response to Motion by Defendants (fnu) Cavajal, (fnu) Nitchels, Helen Marberry, (fnu) Meldner, (fnu) Goodin, (fnu) Rosalus, (fnu) Lacy, M Eardley, (fnu) Semick, (fnu) Gally, (fnu) Mullins, (fnu) Ashman, (fnu) Howard, G Gray re: 83 MOTION to Dismiss (Allman, Christopher) (Entered: 03/10/2005) |
| 03/14/2005 | ●97 | RESPONSE by Defendants (fnu) Cavajal, (fnu) Nitchels, Helen Marberry, (fnu) Meldner, (fnu) Goodin, (fnu) Rosalus, (fnu) Lacy, M Eardley, (fnu) Semick, (fnu) Gally, (fnu) Mullins, (fnu) Ashman, (fnu) Howard, G Gray re 95 MOTION for Hearing (Allman, Christopher) (Entered: 03/14/2005) |
| 03/14/2005 | ●98 | SUPPLEMENTAL RESPONSE by Plaintiff Brian L Brown re 83 MOTION to Dismiss (smnd) (Entered: 03/15/2005) |
| 03/21/2005 | ●99 | MEMORANDUM AND ORDER denying as moot 56 Motion for Emergency Relief, denying 80 Motion for Default Judgment, 80 Motion for Order and 80 Motion to Strike; granting 83 Motion to Dismiss; denying 89 Motion for Order, denying 95 Motion for Hearing. Signed by Judge John W. Lungstrum on 03/21/2005. (ses) (Entered: 03/21/2005) |
| 03/21/2005 | ●100 | JUDGMENT pursuant to the Memorandum and Order filed March 21, 2005, the plaintiff shall take nothing and the action is dismissed without prejudice. Signed by deputy clerk on 3/21/05. (mm) (Entered: 03/21/2005) |
| 04/21/2005 | ●101 | MOTION for Reconsideration re 99 Memorandum and Order by Plaintiff Brian L Brown (Attachments: #(1) Exhibits A-D)(smnd) (Entered: 04/22/2005) |
| 04/21/2005 | ●102 | NOTICE OF APPEAL as to 99 Memorandum and Order and 100 Judgment by Plaintiff Brian L Brown (smnd) (Entered: 04/22/2005) |
| 04/21/2005 | ●103 | MOTION for Leave to Appeal in forma pauperis by Plaintiff Brian L Brown(smnd) (Entered: 04/22/2005) |

Slip Copy
Slip Copy, 2006 WL 1587468 (10th Cir.(Kan.))
(Cite as: 2006 WL 1587468 (10th Cir.(Kan.)))

Page 1

Briefs and Other Related Documents

Only the Westlaw citation is currently available.

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,
Tenth Circuit.
**Brian L. BROWN**, Plaintiff-Appellant,
v.
M. EARDLEY, Senior Correctional Officer, USP-Leavenworth; (FNU) Semick, Facility Lieutenant, USP-Leavenworth; (FNU) Gally, Correctional Officer, USP-Leavenworth; (FNU) Mullins, Correctional Officer, USP-Leavenworth; (FNU) Ashman, Unit Manager, UPS-Leavenworth; (FNU) Howard, Correctional Counselor, USP-Leavenworth; G., Case Manager, USP-Leavenworth; (FNU) Cavajal, Facility Captain, USP-Leavenworth; (FNU) Nitchels, Former Associate Warden, USP-Leavenworth; Helen Marberry, Former Associate Warden, USP-Leavenworth; (FNU) Meldner, Unit Manager, USP-Leavenworth; (FNU) Goodin, Special Investigator, USP-Leavenworth; (FNU) Rosalus, Special Investigator, USP-Leavenworth; (FNU) Lacy, Disciplinary Judge, USP-Leavenworth, Defendants-Appellees.
No. 05-3174.

June 12, 2006.
Brian L. Brown, Florence, CO, pro se.

Christopher Allman, Office of the United States Attorney, **Kansas** City, KS, for Defendants-Appellees.

Before PORFILIO, BALDOCK, and EBEL, Circuit Judges.

ORDER AND JUDGMENT [FN*]

FN* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

BOBBY R. BALDOCK, Circuit Judge.

**\*1** Plaintiff Brian L. Brown, a federal prisoner proceeding pro se, appeals the district court's order dismissing his claims of cruel and unusual punishment against federal prison personnel, brought pursuant to *Bivens v. Six Unkown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). The district court ruled that dismissal was required because Mr. Brown had not exhausted his administrative remedies by completing the prison grievance procedures. Mr. Brown then filed a motion to reconsider, which the district court denied. We affirm.

*Appellate Jurisdiction*

We have appellate jurisdiction only over the district court's order dismissing Mr. Brown's claims. While his motion for reconsideration was pending, Mr. Brown filed a notice of appeal from the judgment of dismissal. He did not file a new or amended notice of appeal after the district court entered the order denying reconsideration. Accordingly, we do not have jurisdiction over the order denying reconsideration. Fed. R.App. P. 4(a)(4)(B)(ii); *Anderson v. State Farm Mut. Auto. Ins. Co.,* 416 F.3d 1143, 1147 (10th Cir.2005).

*Background*

Mr. Brown filed several prison grievances alleging that prison officials harassed and injured him. The district court determined that he had not fully exhausted any of the grievances. *See Ross v.. County of Bernalillo,* 365 F.3d 1181, 1189 (10th Cir.2004) (holding that Prison Litigation Reform Act 42 U.S.C. § 1997e(a) contains "a total exhaustion requirement;" accordingly, where complaint contains unexhausted claims, district court is required to dismiss entire action). Consequently, the district court dismissed the complaint. [FN1]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

CASREF

# U.S. District Court
## District of Kansas (Topeka)
## CIVIL DOCKET FOR CASE #: 5:06-cv-03003-JTM-DWB

Brown v. Gray et al
Assigned to: District Judge J. Thomas Marten
Referred to: Magistrate Judge Donald W. Bostwick
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 01/03/2006
Jury Demand: Plaintiff
Nature of Suit: 555 Habeas Corpus
(Prison Condition)
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Brian L Brown**

represented by **Brian L Brown**
05937-010
DEVENS
FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 879
AYER, MA 01432
PRO SE

V.

**Defendant**

**Michael Gray**
*Alpha-1 Case Manager, USP-
Leavenworth, in his official and
individual capacity*

represented by **Christopher Allman**
Office of United States Attorney --
Kansas City
500 State Avenue, Suite 360
Kansas City, KS 66101
913-551-6730
Fax: 913-551-6541
Email: Chris.Allman@usdoj.gov
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**(fnu) Rosalus**
*Lieutenant, Supervisor Building
63/Special Investigator, USP-
Leavenworth, in his official and
individual capacity*

represented by **Christopher Allman**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**S Rush**

represented by **Christopher Allman**

Exhibit B

CONMAG, STLMT, TERMED

# U.S. District Court
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:05-cv-01603-BNB-MJW

Brown v. Rios
Assigned to: Magistrate Judge Boyd N. Boland
Referred to: Magistrate Judge Michael J. Watanabe
Case in other court: 06-01210
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 08/18/2005
Date Terminated: 04/04/2006
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Brian L. Brown**

represented by **Brian L. Brown**
#05937-010
COLEMAN I
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1033
COLEMAN, FL 33521
PRO SE

V.

**Respondent**

**H. A. Rios**

represented by **Kurt J. Bohn**
U.S. Attorney's Office-Denver
1225 Seventeenth Street
#700
Denver, CO 80202
303-454-0100
Fax: 303-454-0407
Email: kurt.bohn@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Case Manager of Brian L. Brown**

represented by **Case Manager of Brian L. Brown**
USP - Florence
PO Box 7000
Florence, CO 81226-7000
PRO SE

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/10/2005 | 1 | MOTION for Leave to Proceed Under 28 U.S.C. 1915 by Petitioner |

Exhibit F

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BRIAN L. BROWN,

        Petitioner-Appellant,

v.

H. A. RIOS, Warden,

        Respondent-Appellee.

No. 06-1210

(D. of Colo.)

(D.C. No. 05-CV-1603-BNB)

---

ORDER AND JUDGMENT*

---

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.**

---

Petitioner-Appellant Brian L. Brown, a federal inmate proceeding *pro se*,
filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in federal
district court claiming that prison disciplinary proceedings violated his due
process rights. The magistrate judge of the district court denied his habeas

---

    * This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

petition.[1]  Brown later moved for leave to proceed *in forma pauperis* (IFP) on appeal, which the magistrate judge promptly denied for lack of good faith.  Brown now seeks an appeal of the magistrate judge's decision and renews his motion to proceed IFP.  For substantially the same reasons set forth by the magistrate judge, we affirm the order denying habeas relief, deny Brown's IFP motion, and dismiss this matter.

## I. Background

Brown is incarcerated at the United States Penitentiary in Florence, Colorado.  On September 9, 2004, Brown received an incident report accusing him of throwing his noon meal into the interior range, throwing newspapers from his cell onto the range, setting the papers on fire, and then disobeying an order to be handcuffed.[2]  Brown was charged with setting a fire, refusing an order, and being unsanitary and untidy.  The matter was referred to the prison's Unit Discipline Committee (UDC) that day.  On September 13, 2004, the UDC held a hearing on the matter and determined that the charges should be forwarded to a disciplinary hearing officer (DHO).

---

[1] Both parties consented to magistrate judge jurisdiction over the matter.

[2] Initially, the reporting officer recorded the date of the incident as September 7, 2004.  Subsequently, the reporting officer submitted a memorandum correcting the date of the incident to September 8, 2004.  The error was noted and the correct date of the incident was affirmed as September 8, 2004.  As the magistrate judge noted, the exact date of the incident does not affect the analysis of claims presented in Brown's petition.

-2-

The DHO held a hearing on September 14, 2004. He found Brown guilty of refusing an order and setting a fire and dismissed the third charge of being unsanitary. The DHO imposed several sanctions, including the forfeiture of good conduct time. At the time, the DHO did not complete the section of the DHO report entitled, "Reason for Sanction or Action Taken."

Brown appealed the DHO's decision to the Regional Director for the Bureau of Prisons (BOP). The Regional Director affirmed the convictions, but instructed the DHO to amend his report to specifically state the reasons for the sanctions. The DHO completed an amended report and delivered a copy to Brown on November 11, 2004.

Brown then petitioned for the writ of habeas corpus in the federal court in the District of Colorado claiming that the prison disciplinary proceedings violated due process. Analyzing Brown's claims, the magistrate judge found them each without merit and dismissed Brown's petition.

## II. Analysis

We review *de novo* a district court's denial of a petition for habeas corpus. *Martinez v. Flowers*, 164 F.3d 1257, 1258 (10th Cir. 1998). To meet the standards of due process in a prison disciplinary proceeding, an inmate must receive the protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974): written notice of the charges at least twenty-four hours before the hearing, an opportunity to present witnesses and evidence in defense of those charges, and a written

-3-

3ᵈ

statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). Additionally, due process requires "some evidence to support the hearing panel's decision . . . and the decisionmaker must be impartial." *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) (citing *Wolff*, 418 U.S. at 592) (Marshall, J., concurring).

After reviewing the merits of the Petitioner-Appellant's claims, we agree with the magistrate judge that Brown received the due process required by *Wolff*.

## A. Violations of BOP Regulations

First, Brown complains that prison authorities BOP regulations by failing to serve him a copy of the incident report within twenty-four hours, failing to provide him a UDC hearing within three working days of the time staff became aware of the incident, and denying him access to legal materials and the prison library. *See* 28 C.F.R. §§ 541.15(a)–(b), 541.12, and 543.10 (2006). These allegations fail to raise a due process violation under *Wolff*.

Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995). Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)

-4-

("[O]nce it is determined that the Due Process Clause applies, the question remains what process is due. The answer to that question is not to be found in the [state] statute.") (quotation and citation omitted); *Hulen v. Yates*, 322 F.3d 1229, 1247 (10th Cir. 2003) ("[O]nce the property right is established, it is purely a matter of federal constitutional law whether the procedure afforded was adequate."); *see also Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) ("[R]egardless of state procedural guarantees, the only process due an inmate is that minimal process guaranteed by the Constitution.").

*Wolff* mandates only a twenty-four hour advance notice of a disciplinary hearing and an opportunity to present a defense. It does not require an UDC hearing. Brown was therefore afforded protections in excess of those required by law: (1) he received notice five days before his hearing, (2) received a constitutionally unnecessary UDC hearing within three days, and (3) articulated no argument on how he was prevented from adequately presenting a defense. Even if minor violations of BOP regulations occurred,[3] they would not rise to a constitutional violation under *Wolff*.

Accordingly, the magistrate judge did not err in denying these claims.

**B. Sufficiency of Evidence**

---

[3] Under the determination of facts found by the magistrate judge, no violation of BOP notice requirements appears.

-5-

Next, Brown alleges that his conviction by the DHO was unsupported by "some evidence" and thus constitutes a deprivation of his liberty. Our review of the evidentiary threshold "does not require [an] examination of the entire record, [an] independent assessment of the credibility of witnesses or weighing of the evidence." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (citing *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985)). "Instead, the relevant conclusion is whether there is any evidence that could support the conclusion reached by the disciplinary board." *Id.* The decision can be upheld even if the evidence supporting the decision is "meager." *Id.*

The reporting officer's written account of the incident describes in detail Brown's prison code infractions. The account describes how Brown threw his lunch on a range with some newspapers and set the combination aflame. When ordered to submit to handcuffs, Brown refused and uttered obscenities at the officer. This account, which the DHO found credible, is sufficient to support a conviction of disobedience and setting a fire. Accordingly, we find this evidentiary claim to be without merit.

### C. Impartial Decisionmaker

Brown next asserts that the DHO presiding over the case was biased, depriving him of due process. The essence of Brown's argument is that he had previously named the DHO as a defendant in a separate civil lawsuit. "An impartial decisionmaker is a fundamental requirement of due process" and "should

-6-

be decided on a case-by-case basis." *Gwinn*, 354 F.3d at 1220 (quotations omitted). Nevertheless, since prisoners may file numerous lawsuits naming multiple prison officials as defendants, "courts should be alert not to sustain routine or pro forma claims of disqualification." *Id.* at 1220–21 (citation and quotations omitted). "From a practical standpoint, requiring each staff member who is the subject of a separate lawsuit to disqualify himself from sitting in judgment of that inmate would heavily tax the working capacity of the prison staff." *Id.* at 1221 (quotations omitted).

Standing alone, the allegation that the DHO was biased solely as a result of his being named a defendant in a civil suit by Brown does not rise to a due process violation. *See id.* ("Careful scrutiny of disqualification claims is grounded in legitimate considerations of prison administration."). As determined above, there was sufficient evidence to support Brown's conviction and no other indication suggests the DHO was involved "in the investigation or prosecution of the particular case, or . . . had any other form of personal involvement in the case." *Wolff*, 418 U.S. at 592 (Marshall, J., concurring) (describing the minimum requirements of due process in a disqualification claim). Thus, the magistrate judge did not err in denying this claim.

**D. Changed Facts**

Brown's final due process claim was that the DHO "changed facts, not previously presented at [the] hearing" in his final report. As determined by the

magistrate judge, the DHO only supplemented his final report with the reasons for imposing sanctions, as required by the Regional Director.  No additional facts were incorporated into the report.  Brown also objected to the correction of the date of the incident to September 8, 2004 in the DHO's report based on the reporting officer's indication that the date was originally misstated.  Here, there is no basis for equating the officer's correction of the record with constitutional error.

## III. Conclusion

In sum, we agree with the magistrate judge's determination that the disciplinary hearings at issue comported with the minimum requirements of due process under *Wolff.*  Accordingly, we AFFIRM the lower court's order, DENY Petitioner-Appellant's IFP motion, and DISMISS this appeal.

Entered for the Court:

Timothy M. Tymkovich
Circuit Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN L. BROWN,

Petitioner,

v.

CASE NO. 06-3069-RDR

WARDEN, USP-FLORENCE,

Respondent.

O R D E R

Before the court is a pro se pleading filed by a prisoner incarcerated in the United States Penitentiary in Florence, Colorado (USP-Florence). Petitioner seeks a "Writ of Assistance fo Writ of Habeas Corpus Ad Testificandum" pursuant to the 28 U.S.C. §§ 1651 and 2241.

Having reviewed the record, the court grants petitioner leave to proceed in forma pauperis in this matter, and dismisses the petition without prejudice.

Petitioner essentially seeks an order from this court requiring petitioner's transport and appearance in a state court hearing scheduled for May 18-19, 2006, concerning the termination of petitioner's parental rights. See In interests of Alysa Frakes, Brown County District Court Case No. 04-JC-6). The court denies this request.

A United States District court has original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is a drastic remedy available only upon a

3

showing of a clear and indisputable right to the relief requested. Weston v. Mann (In re Weston), 18 F.3d 860, 864 (10th Cir. 1994). To qualify for mandamus relief, a petitioner must establish: (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the action in question; and (3) that no other adequate remedy is available. Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990). The petitioner also must show that his right to the writ is "clear and indisputable." Id.

Significantly, this court's mandamus power does not extend to state court officials. See 28 U.S.C. § 1361(U.S. district court has original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff")(emphasis added). This court has no authority to issue such a writ to "direct state courts or their judicial officers in the performance of their duties." Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)(quoting Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970)).

Further, a federal court is authorized to issue a writ of habeas corpus if "[i]t is necessary to bring [the habeas applicant] to trial." 28 U.S.C. 2241(c)(5). However, there is no proceeding in the federal court requiring petitioner's presence as a party or witness, and petitioner identifies no resort to the state district or appellate courts for issuance of a comparable writ under state law to secure his presence in the state civil action. Compare Barber v Page, 390 US 719 (1968)(where prospective witness in state criminal action was in federal custody, 28 U.S.C.A. § 2241(c)(5)

2

authorized federal court to issue writ of habeas corpus ad testificandum at request of state prosecutor; additionally, it was Bureau of Prison policy to permit federal prisoners to testify in *criminal* court proceedings).

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 28th day of March 2006, at Topeka, Kansas.


　s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

3

F I L E D
United States Court of Appeals
Tenth Circuit

February 6, 2007

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

BRIAN L. BROWN,

    Petitioner - Appellant,

v.

WARDEN, Warden, USP-Florence,

    Respondent - Appellee.

No. 06-3154
(D. Kansas)
(D.Ct. No. 06-cv-3069-RDR)

## ORDER DISMISSING APPEAL

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Brian L. Brown is a prisoner incarcerated in the United States Penitentiary in Florence, Colorado. On March 6, 2006, he filed a *pro se* petition seeking a "Writ of Assistance for [a] Writ of Habeas Corpus Ad Testificandum" pursuant to 28 U.S.C. §§ 1651 and 2241 in the United States District Court for the District of Kansas. He requested a court order requiring federal prison officials to transport him to appear in Kansas state court on May 18-19, 2006, concerning the



termination of Brown's parental rights. *See In interests of Alysa Frakes*, Brown County District Court, No. 04-JC-6.[1]  On March 28, 2006, the district court granted Brown leave to proceed *in forma pauperis* and dismissed the action without prejudice.  The district court determined he was not entitled to a writ of habeas corpus ad testificandum or a writ of mandamus concerning any federal officials in his state civil matter pursuant to §§ 1651 and 2241, and further held the court's mandamus authority did not extend to state officials.

Brown then filed a Motion for Reconsideration on April 14, 2006, which the district court considered under Rule 60(b) of the Federal Rules of Civil Procedure, reiterating his arguments.[2]  The district court denied the motion and Brown appealed on May 22, 2006, and then filed a "Motion for Stay Pending Review 'Emergency,'" on May 23, 2006.  Noting the date of the state hearing had passed, we issued an order requiring Brown to show cause in writing by July 14, 2006, why his appeal should not be dismissed as moot.  We received his response on August 21, 2006 but the certificate of service indicated it was placed in the

---

[1] Brown claims his presence was required to argue the transfer of custody should be to his relatives, but he failed to present any evidence that he utilized the numerous procedural safeguards afforded by Kansas law to achieve his goals. *See* KAN. STAT. ANN. § 38-1582(d) (appointment of an attorney for any parent who fails to appear), § 38-1553 (stipulations), § 38-1559 (notice), § 38-1584 (preference for placement with willing relatives upon termination of parental rights), and § 38-1591 (appeal).

[2] A Motion for Reconsideration filed more than ten days after entry of judgment is generally construed as a motion for relief under Rule 60(b). *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000).

-2-

mail system of July 11, 2006. The postmark was dated August 15, 2006. We then ordered Brown to explain the discrepancy and if he attributed the delay to prison authorities, to file a grievance and submit copies of the grievance with his response. Although Brown was ordered to respond by October 27, 2006, we did not receive his reply until October 31, 2006. Brown's submission, however, contained sufficient justification for the delay in both his initial tardiness and the lateness of his current filing . Brown also asked for an extension of time to receive and file the administrative resolution of his grievance. The submission of the ultimate resolution is not necessary, as we will consider his response to our initial Order to Show Cause.

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Hain v. Mullin*, 327 F.3d 1177, 1180 (10th Cir. 2003) (quotations omitted). Brown's reply concedes the hearing was held on June 6, 2006. Brown's only argument is that "a motion for a new hearing is being filed in this matter." (Response at 2.) Brown does not allege the motion was actually filed nor does he mention further matters pending in this case in his later pleading. Under the circumstances presented here, Brown can no longer benefit from a ruling in his favor. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (noting that the party seeking relief "must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision"); *Aragon v. Shanks*, 144 F.3d 690, 692 (10th Cir. 1998)

-3-



(concluding case was moot because a favorable decision would not shorten petitioner's probation period). Brown's lack of response to our Order to Show Cause waives any argument that his claim remains "live" either because an injury will be redressed by a favorable decision or his case falls within the "'capable of repetition, yet evading review' exception to the mootness doctrine." *Hain*, 327 F.3d at 1180 ("[F]or this exception to apply, two prerequisites must be satisfied: (1) the duration of the challenged action must be too short to be fully litigated prior to its cessation or expiration; and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again.").

This action is moot.  The appeal is DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

-4-

**Other Orders/Judgments**
5:06-cv-03069-RDR Brown v. (lnu)

### U.S. District Court

### District of Kansas

Notice of Electronic Filing

The following transaction was received from smnd, entered on 3/28/2006 at 4:17 PM CST and filed on 3/28/2006
**Case Name:** Brown v. (lnu)
**Case Number:** 5:06-cv-3069
**Filer:**
**Document Number:** 4

**Docket Text:**
ORDER ENTERED: Petitioner is granted leave to proceed in forma pauperis. The petition is dismissed without prejudice.
Signed by Senior Judge Richard D. Rogers on 03/28/06.(smnd)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=3/28/2006] [FileNumber=884233-0]
[7d329922e9586ff411eed30e56eea4e8ebd936971ac863c4cc5fe2474664797757b2
eb3952c053615b6c40cc28b3000a9ee9f84036e6e17f54afdd673a56aec7]]

**5:06-cv-3069 Notice will be electronically mailed to:**

**5:06-cv-3069 Notice will be delivered by other means to:**

Brian L Brown
05937-010
USP-Florence
PO Box 7000
Florence, CO 81226-7000

40

CLOSED

# US Court of Federal Claims
## United States Court of Federal Claims (COFC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00450-CCM
## Internal Use Only

BROWN v. USA
Assigned to: Judge Christine O.C. Miller
Cause: 28:1491 Tucker Act

Date Filed: 06/05/2006
Date Terminated: 12/15/2006
Jury Demand: None
Nature of Suit: 528 Miscellaneous - Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**BRIAN L. BROWN**

represented by **BRIAN L. BROWN**
No. 05937-010
United States Penintentiary
P.O.Box 1033
Coleman, FL 33521-1033
PRO SE

v.

**Defendant**

**USA**

represented by **Michael N. O'Connell, Jr.**
U. S. Department of Justice
Commercial Litigation Branch
1100 L Street, N.W.
8th Floor
Washington, DC 20530
202-353-1618
Fax: 202-514-8624
Email: michael.o'connell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/05/2006 | ❶1 | COMPLAINT against USA (DOJ) , filed by BRIAN L. BROWN.**Answer due by 8/4/2006.**(lg1, ) (Entered: 06/07/2006) |
| 06/05/2006 | ❷2 | NOTICE of Assignment to Judge Christine O.C. Miller. (lg1, ) (Entered: 06/07/2006) |
| 06/05/2006 | ❸3 | MOTION for Leave to Proceed in forma pauperis , filed by BRIAN L. BROWN.**Response due by 06/22/2006.**(lg1, ) (Entered: 06/07/2006) |
| 06/15/2006 | ❹4 | NOTICE of Appearance by Michael N. O'Connell, Jr for USA. Service: 6/15/2006. |

Exhibit B

| | | |
|---|---|---|
| | | (mb2, ) (Entered: 06/16/2006) |
| 08/03/2006 | ●5 | MOTION to Dismiss pursuant to Rule 12(b)(1) , filed by USA. Service: 8/3/2006.**Response due by 9/5/2006.**(lg1, ) (Entered: 08/03/2006) |
| 08/18/2006 | ●6 | NOTICE of Change of Address, filed by BRIAN L. BROWN. Service: 7/21/2006. (mb2, ) (Entered: 08/18/2006) |
| 08/21/2006 | ●7 | MOTION for Temporary Restraining Order , filed by BRIAN L. BROWN.**Response due by 9/7/2006.**(lg1, ) (Entered: 08/22/2006) |
| 08/29/2006 | ●8 | MOTION To File New Certificate of service re [5] MOTION to Dismiss pursuant to Rule 12(b)(1) , filed by USA. Service: 8/28/2006.**Response due by 9/15/2006.** (lg1, ) (Entered: 08/30/2006) |
| 08/31/2006 | ●9 | MEMORANDUM ORDER: No further briefing will be permitted on plaintiff's request for injunctive relief. Defendant's motion filed on August 29, 2006, to file new certificate of services is granted. Plaintiff response time runs from August 29, 2006. Signed by Judge Christine O.C. Miller. (lg1, ) (Entered: 08/31/2006) |
| 08/31/2006 | ● | Set/Reset Deadlines: Response due by 9/29/2006. (lg1, ) (Entered: 08/31/2006) |
| 09/18/2006 | ●10 | NOTICE of Change of Address, filed by BRIAN L. BROWN. (Entered: 09/19/2006) |
| 09/20/2006 ~~missing~~ | ●11 | Letter from plaintiff to the judge, dated September 6, 2006, re: difficulties sending filings,filed [by leave of the judge]. Copy to defendant. (dls ) (Entered: 09/21/2006) |
| 09/26/2006 | ●12 | ORDERED: Plaintiff shall respond to Defendant Motion to Dismiss by 10/13/2006; Plaintiff response to defendant's motion, taking into consideration the information contained in the court's order of August 31, 2006, should be copied and mailed to the court by; **Notice of Compliance due by 10/13/2006.**deadline. Signed by Judge Christine O.C. Miller. (lg1, ) (Entered: 09/26/2006) |
| 10/06/2006 | ●13 | MOTION Extension of time to Respond to Order of This Court , filed by BRIAN L. BROWN. Service: 9/26/2006.**Response due by 10/23/2006.**(lg1, ). (Entered: 10/11/2006) |
| 10/17/2006 | ●14 | RESPONSE to [13] MOTION To Respond to Order of This Court , filed by USA.**Reply due by 10/31/2006.** Service: 10/11/2006.(lg1, ) (Entered: 10/19/2006) |
| 10/20/2006 | ●15 | ORDER granting [13] Motion extension of time to respond to court order, Plaintiff shall file his responsive brief to defendant's motion to dismiss by November 6, 2006, including addressing the issues of jurisdiction raised in the court's order of August 31, 2006. Signed by Judge Edward J. Damich for Christine O.C. Miller. (lg1, ). (Entered: 10/23/2006) |
| 10/23/2006 | ● | Set/Reset Deadlines: Response due by 11/6/2006. (lg1, ) (Entered: 10/23/2006) |
| 10/25/2006 | ●16 | RESPONSE to [5] MOTION to Dismiss pursuant to Rule 12(b)(1) , filed by BRIAN L. BROWN.**Reply due by 11/8/2006.** Service: 10/4/2006.(lg1, ) (Entered: 10/26/2006) |
| 12/04/2006 | ●17 | REPLY to Response to Motion re [5] MOTION to Dismiss pursuant to Rule 12(b) (1) , filed by USA. Service: 12/4/2006.(lg1, ) (Entered: 12/05/2006) |
| | | |

| 12/15/2006 | ◑18 | PUBLISHED MEMORANDUM ORDER and OPINION TRANSFERRING CASE to U.S. District Court for the District of Colorado. Signed by Judge Christine O.C. Miller. (dls ) (Entered: 12/21/2006) |
| 12/15/2006 | | (Court only) ***Civil Case Terminated. (dls ) (Entered: 12/21/2006) |
| 01/24/2007 | ◑19 | ORDER Re: Instructing the Clerk of Court to file the attached change of address notification. Signed by Judge Christine O.C. Miller. (lg1, ) (Entered: 01/24/2007) |



A TRUE COPY:
TEST:    APR  2 2007
BRIAN BISHOP
Clerk, U.S. Court of Federal Claims
By
Deputy Clerk

NDISPO, STAYDI

# U.S. District Court
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00717-MSK-MJW

Brown v. USA

Assigned to: Judge Marcia S. Krieger

Referred to: Magistrate Judge Michael J. Watanabe

Case in other court: U.S. Court of Federal Claims, 06-cv-00450-CCM

Cause: 28:1491 Tucker Act - Claims Against United States

Date Filed: 04/06/2007

Jury Demand: None

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: U.S. Government Defendant

## Plaintiff

**Brian L. Brown**                    represented by    **Brian L. Brown**
                                                        #05937-010
                                                        ALLENWOOD
                                                        U.S. PENITENTIARY
                                                        Inmate Mail/Parcels
                                                        P.O. BOX 3000
                                                        WHITE DEER, PA 17887
                                                        PRO SE

V.

## Defendant

**USA**                               represented by    **Michael N. O'Connell, Jr.**
                                                        U.S. Department of Justice-DC-
                                                        Commercial Lit Branch
                                                        1100 L Street, N.W.
                                                        8th Floor
                                                        Washington, DC 20530
                                                        202-353-1618
                                                        Fax: 202-514-8624
                                                        *TERMINATED: 06/05/2007*
                                                        *LEAD ATTORNEY*

                                                        **Terry Fox**
                                                        U.S. Attorney's Office-Denver
                                                        1225 Seventeenth Street
                                                        #700
                                                        Denver, CO 80202
                                                        303-454-0100
                                                        Fax: 303-454-0404
                                                        Email: terry.fox@usdoj.gov
                                                        *ATTORNEY TO BE NOTICED*

## Defendant

Exhibit L

**Orders on Motions**
4:08-cv-40083-JLT Brown v. Sabol
HABEAS

**United States District Court**

**District of Massachusetts**

**Notice of Electronic Filing**

The following transaction was entered on 5/9/2008 at 9:43 AM EDT and filed on 5/8/2008
**Case Name:**      Brown v. Sabol
**Case Number:**     4:08-cv-40083
**Filer:**
**Document Number:** 3

**Docket Text:**
**Judge Joseph L. Tauro: MEMORANDUM AND ORDER entered granting [2] Motion for Leave to Proceed in forma pauperis. SERVICE ORDER entered: The Clerk of this Court shall serve a copy of the petition upon (i) Carolyn Sabol, Warden, FMC Devens, P.O. Box 879, Ayer, Massachusetts 01432; AND (ii) the Office of the United States Attorney; and the Respondent shall, within 20 days of receipt of this Order, file an answer (or other proper responsive pleading) to the petition. (PSSA, 1)[remark: petition mailed].**


**4:08-cv-40083 Notice has been electronically mailed to:**

**4:08-cv-40083 Notice will not be electronically mailed to:**

Brian L Brown
05937-010
DEVENS
FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 879
AYER, MA 01432

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=5/9/2008] [FileNumber=2363582-0]
[df60a60943a5791d6f36931faee15d8d270a75ae9f7895ba2e6e88135b8b599cb7dd

# *CERTIFICATE OF SERVICE*

I, _Brian L. Brown_ , hereby certify that I have served a true correct copy of the following:

Appendix of Exibits For
Plaintiff's Request to Deny.

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, _Houston v. Lack_ 101 L. Ed. 2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in sealed, postage prepaid envelope addressed to:

Mr. Jeffery Talor
US. Attorney
DC. Circut
555 Fourths St. NW
Washington Dc 20530

and deposited same in the United States Postal Mail at the United States Penitentiary,
on this:_____10th_____ day of:_____June_____2008

Brian L. Brown, #05937-010
FMC DEVENS
FEDERAL MEDICAL CENTER
P.O. BOX 879
AYER, MA 01432