UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRIAN L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-0501 (RJL) |
| | ) | |
| FEDERAL BUREAU OF PRISONS *et al.*,) | | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the court on two motions. The defendants have filed a motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint, or in the alternative for summary judgment, arguing that this Court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief may be granted. The plaintiff has filed a motion for leave to amend his complaint for the second time. Because it is clear that the complaint, even if the proposed amendment were allowed, does not state a claim upon which relief may be granted, the Court, on its authority under 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A, will dismiss the complaint for failure to state a claim upon which relief may be granted and will deny the motion for leave to amend as futile.

## BACKGROUND

Brown, who is incarcerated in a federal prison,[1] filed a complaint under the Privacy Act, 5 U.S.C. § 552a. The complaint alleges that the defendants deliberately and willfully failed to

---

[1] Brown is serving two life sentences, after having been convicted by a jury of kidnapping and aggravated sexual abuse of a child, a ten-year-old daughter of friends. *United States v. Brown*, 330 F.3d 1073, 1076 (8th Cir. 2003).

maintain accurate records and reports about gangs and gang members, a failure that caused Brown to be housed with inmates from whom he should have been kept separate, jeopardizing his safety and resulting in serious physical injury from attacks. *See* Compl. at 5; *see also, generally*, Mot. for Leave to Amend., Ex. A, Proposed Second Amended Complaint ("PSAC").[2] The complaint specifically alleges that Brown has been assaulted and injured on more than one occasion, has been placed multiple times in administrative segregation for his own protection (sometimes at his own request), and has been transferred multiple times to different federal prisons in order to afford him a measure of protection. Compl. at 5-2 – 5-15; *see also, generally*, PSAC. The complaint also alleges that because of failure to maintain accurate records on the inmates, the transfers and cell assignments have not and do not afford Brown sufficient safety. *See* Compl. ¶¶ 17, 18. In addition, the complaint alleges that some prison officials intentionally place Brown in jeopardy out of retaliation for him alleging that they failed to protect him. *Id.* ¶ 25. Although the complaint names several individuals, including unnamed and unknown individuals, it makes clear that the suit is against the agency only and intends no individual capacity suit. *Id.* at 4; Am. Compl. at 3-4. The complaint seeks a declaration that the defendants violated the plaintiff's rights under the Privacy Act, monetary damages, including punitive damages, if allowed. Compl. at 5-18.

The defendants filed a dispositive motion on July 17, 2008. After filing four successive motions for extensions, Brown was last ordered to respond on or before February 20, 2009, or

---

[2] The first amendment to his complaint, allowed as of right, did not alter or otherwise affect the facts alleged in support of his cause of action. Rather, it altered some of the information relating to named individuals, but again stated that the suit was for agency action, and did not present a suit against persons in their individual ("independent") capacity. Am. Comp. at 3-4.

risk his complaint being dismissed.  However, Brown has not responded to the pending motion to

dismiss or sought a further extension of time in which to do so.  Instead, on February 11, 2009,

Brown moved to amend his complaint a second time, seeking to substitute, "without [a] change

of facts or the desired relief," a claim under the Administrative Procedures Act ("APA"), 5

U.S.C. §§ 701 – 706, for his claim under the Privacy Act.  PSAC at 6; *see also id.* at 1.  The

defendants oppose Brown's motion for leave to amend, arguing that the proposed amendment

should be denied as futile because it still fails to state a claim upon which relief may be granted.

*See* Defs.' Mem. in Opp'n to Pl.'s Mot. for Leave to File at 3-4, ¶ 14.  Brown has not responded

to the defendants' opposition in the time allowed by local civil rule.  *See* LCvR 7(d).

## DISCUSSION

*The Privacy Act Claim*

The Privacy Act governs the manner in which federal agencies maintain records that

pertain to individuals.  5 U.S.C. § 552a(a).  The Act also, however, permits some systems of

records to be exempt from its provisions.  5 U.S.C. § 552a(j)(2).  It is well established that the

Inmate Central Records System maintained by the Bureau of Prisons ("BOP") is exempt from the

amendment requirements and the civil remedies provisions of the Privacy Act.  *Lynn v. Lappin*,

593 F. Supp. 2d 104, 104 (D.D.C. 2009); *Jackson v. Bureau of Prisons*, 538 F. Supp. 2d 194, 199

(D.D.C. 2008); *Brown v. Bureau of Prisons*, 498 F. Supp. 2d 298, 304 (D.D.C. 2007).  Therefore,

an individual cannot sue the BOP for damages under the Privacy Act for information not

maintained or incorrectly maintained in the BOP's Inmate Central Records System.[3]  For this

---

[3] A Privacy Act claim may be brought only against agencies, not against individuals.
*Ramirez v. Dep't of Justice*, - - F. Supp. 2d - - , 2009 WL 222973, *3 (D.D.C. Jan. 30, 2009).  In
any case, it is clear from the complaint and its amendment that the plaintiff did not intend to

reason, the complaint does not state a claim upon which relief may be granted, and the Court must dismiss any claims asserted under the Privacy Act.

*The Proposed APA Claim*

After a plaintiff has amended the complaint once as of right, subsequent amendments are permitted only by leave of court or with written consent of the adverse parties. Fed. R. Civ. P. 15(a). Leave to amend should be freely granted when justice so requires. *Id.* However, a court may deny a motion to amend a complaint if the amendment would be futile, that is, if the proposed claim would not survive a motion to dismiss. *Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Here, even if the proposed amendment were allowed, the complaint could not survive a motion to dismiss.

Suit under the APA is not available to the plaintiff for the matters presented in the complaint. First, the APA is not available to address the alleged inadequate and inaccurate record keeping, as the law does not require the BOP to maintain accurate records. Second, even if the complaint were liberally construed as a challenge to the BOP's decisions of where to house the plaintiff, the plaintiff cannot sue under the APA. The provisions of 5 U.S.C. §§ 701 – 706 do not apply to any determination, decision or order made under 18 U.S.C. §§ 3621 – 3626. The plaintiff's place of imprisonment, and his transfers to other federal facilities, are governed by 18 U.S.C. § 3621(b), which is specifically exempt from challenge under the APA. *See* 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter

---

make individual capacity claims. *See* Compl. at 4; Am. Compl. at 3-4.

[which includes 18 U.S.C. §§ 3621 – 3626."]).  Therefore, because it would be futile to allow the proposed amendment, the Court will deny the plaintiff's motion for leave to amend.

**CONCLUSION**

Because neither the complaint nor the proposed amendment states a claim upon which relief may be granted, the Court will dismiss the complaint.  A separate order accompanies this Memorandum Opinion.

Date:

RICHARD J. LEON
United States District Judge